# Case Information

| | | | |
|---|---|---|---|
| **Local Case Number:** 2025-018115-CA-01 | **State Case Number:** | 132025CA01811501GE01 | **Case Style:** ALBERT T OWENS vs ARIEL ROJAS |
| **Filing Date:** 09/16/2025 | **Judicial Section:** | CA08 - Downtown Miami - Judge Watson, Robert | **Case Status:** OPEN |
| **Case Type:** Other Civil Complaint | **Consolidated Case No.:** | | |

# Related Cases

No data available

# Hearing Details

No data available

# Parties

| Party Description | Party Name | Attorney Information | Other Attorney(s) |
|---|---|---|---|
| Plaintiff | OWENS, ALBERT T | | |
| Defendant | ROJAS, ARIEL | | |

# Dockets

| DIN | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 19 | 11/25/2025 | | Motion: | Event | PLAINTIFF MOTION FOR ENTRY OF DEFAULT |
| 18 | 11/20/2025 | | Notice of Appearance | Event | |
| 17 | 11/15/2025 | | Order Setting CM Deadline | Event | |
| 16 | 11/13/2025 | | Letter of Correspondence | Event | CLERK |
| 15 | 10/31/2025 | | Service Returned | Event | |
| 14 | 10/10/2025 | | Notice: | Event | NOTICE OF INQUIRY |
| 13 | 09/30/2025 | | Motion: | Event | MOTION FOR ISSUANCE OF SUMMONS |
| 12 | 09/29/2025 | | Letter of Correspondence | Event | clerk |
| 11 | 09/17/2025 | | Receipt: | Event | Receipt#:2830009 Amt Paid:$10.00 Comment: Allocation Code Quantity Unit Amount 3139-Summons Issue Fee 1 $10.00 $10.00 Tender Type:Indigent Tender Amt:$10.00 Receipt Date:09/17/2025 Register#:283 Cashier:SFlower |
| 10 | 09/17/2025 | | Receipt: | Event | Receipt#:2830008 Amt Paid:($411.00) Comment: Allocation Code Quantity Unit Amount 3100-Circuit Filing Fee 1 ($401.00) ($401.00) 3139-Summons Issue Fee 1 ($10.00) ($10.00) Tender Type:Indigent Tender Amt:($411.00) Receipt Date:09/17/2025 Register#:283 Cashier:SFlower |
| 9 | 09/17/2025 | | Receipt: | Event | Receipt#:2830005 Amt Paid:$411.00 Comment: Allocation Code Quantity Unit Amount 3100-Circuit Filing Fee 1 $401.00 $401.00 3139-Summons Issue Fee 1 $10.00 $10.00 Tender Type:Indigent Tender Amt:$411.00 Receipt Date:09/17/2025 Register#:283 Cashier:SFlower |
| 7 | 09/16/2025 | | Receipt: | Event | Receipt#:2650022 Amt Paid:$401.00 Comment: Allocation Code Quantity Unit Amount 3100-Circuit Filing Fee 1 $401.00 $401.00 Tender Type:Indigent Tender Amt:$401.00 Receipt Date:09/16/2025 Register#:265 Cashier:SFlower |
| | 09/16/2025 | | 20 Day Summons Issued | Service | |

| DIN | Date | Docket Entry | Event Type | Comments |
|---|---|---|---|---|
| 6 | 09/16/2025 | 20 Day Summons Issued | Event | |
| 5 | 09/16/2025 | Certificate of Indigency / Insolvency | Event | |
| 4 | 09/16/2025 | Affidavit of Indigency | Event | |
| 3 | 09/15/2025 | Filed at Dade County Courthouse | Event | |
| 2 | 09/15/2025 | Complaint | Event | |
| 1 | 09/15/2025 | Civil Cover Sheet - Claim Amount | Event | |

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFI

☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER: 5 0 1 8 1 1 5 CA 0 1 |
|---|---|---|
| ☑ CIVIL | | |
| ☐ DISTRICTS | **CIVIL COVER SHEET** | |
| ☐ FAMILY | | JUDGE CA 08 |
| ☐ OTHER | | |

| PLAINTIFF | VS. DEFENDANT | CLOCK IN |
|---|---|---|
| Albert T. Owens, Jr. | Ariel Rojas | CIRCUIT/ MIAMI 25 SEP 15 FILED |

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001 - $50,000
- ☐ $50,001 - $75,000
- ☐ $75,001 - $100,000
- ☑ over $100,000.00

**TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**
- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence - other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic Tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☑ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability - commercial
  - ☐ Premises liability - residential
- ☐ Products liability
- ☐ Real property/Mortgage foreclosure
  - ☐ Commercial foreclosure
  - ☐ Homestead residential foreclosure
  - ☐ Non-homestead residential foreclosure
  - ☐ Other real property actions
- ☐ Professional malpractice
  - ☐ Malpractice - business
  - ☐ Malpractice - medical
  - ☐ Malpractice - other professional

☐ Other
- ☐ Antitrust/Trade regulation
- ☐ Business transactions
- ☐ Constitution challenge-statute or ordinance
- ☐ Constitution challenge-proposed amendment
- ☐ Corporate trust
- ☐ Discrimination-employment or other
- ☐ Insurance claims
- ☐ Intellectual property
- ☐ Libel/Slander
- ☐ Shareholder derivative action
- ☐ Securities litigation
- ☐ Trade secrets
- ☐ Trust litigation

**COUNTY CIVIL**
- ☐ Civil
- ☐ Real property/Mortgage foreclosure
- ☐ Replevins
- ☐ Evictions
  - ☐ Residential Evictions
  - ☐ Non-residential Evictions
- ☐ Other civil (non-monetary)

Clerk's web address: www.miamidadeclerk.gov

# IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ALBERT T. OWENS
    Plaintiff,

PROVIDED TO APALACHEE
CORRECTIONAL INSTITUTION
ON _____
FOR MAILING

v.

Case No: 2 5 0 1 8 1 1 5 CA 01

ARIEL ROJAS, Lieutenant.,
in his individual and official capacity.
    Defendant.

## COMPLAINT

1. This is a Civil Action authorized by 42 U.S.C §1983 to redress the deprivation, under color of state law, of rights secured by the Constitution and the laws of the United States and the State of Florida. This Court has jurisdiction under section 26.012(2)(a), Fla. Statutes. Plaintiff seeks declaratory relief.

2. The Eleventh Judicial Circuit Court is an appropriate venue under section 47.011, Fla. Statutes because it is where the events giving rise to this claim occurred.

## PLAINTIFF

3. Plaintiff Albert T. Owens, Jr., is and was at all times mentioned in this complaint a pretrial detainee of Miami-Dade County in the custody of the Miami-Dade Department of Corrections and Rehabilitation's and/or a prisoner of the State of Florida in the custody of the Florida Department of Corrections. He is currently confined in Apalachee Correction Institution's East Unit in Sneads, Florida.

## DEFENDANT

4. Defendant  A. Rojas #6809 is and was a police officer for the City of Miami Police Department who, at all times mentioned in this complaint held the rank of Lieutenant.

5. Defendant  A. Rojas #6809 is sued in his individual and official capacity. At all times mentioned in this complaint the Defendant acted under the color of State Law.

## STATEMENT OF FACTS

6. On December 26, 1998, at 11:32 am., Owens invoked his Miranda Rights when approached by City of Miami Robbery Detective C. Cason #0904 in relation to Miami-Dade County Circuit Court case no. F98-43547 at the Miami-Dade Police Department. (Ex. A)

7. Owens was subsequently booked into the Miami-Dade County Jail under jail ID No. 98-106249 in connection with case no.'s F98-43178, F98-43179, F98-43181 and F98-43547.

8. On December 28th ,1998, during a pretrial bond hearing in the Miami-Dade County Circuit Court, Owens requested and was appointed counsel from the Public Defenders Office, in connection with case no. F98-43181, by signing a "Notice of Defendant's Invocation of the Right to Counsel"

9. A copy of the notice was forwarded to the Office of the State Attorney, placing it's agents on notice of Owens' desire not to be approached by police without his attorney present, and his intent to seek damages for any violation(s) of his Constitutional and/or Statutory Rights.(Ex. B)

10. On Dec. 29th , 1998, at 12:50 pm, however, Miami-Dade police Sgt. F. Fabian, Det. G. Nelson and Det. Shapiro agreed to request Owens from the custody of the Miami-Dade County jail, under the false pretenses of

2

taking Owens on an excursion for investigative purposes, without notifying his attorney.(Ex. C)

11. That same day at 1315 hrs, Fabian, Nelson and Shapiro seized Owens from the custody of the Miami-Dade County Jail to turn him over to the City of Miami Police's Homicide Sgt. E. Cooper, Det. Carter, Det. A. Arostegui, and Rojas at the City of Miami's Police Dept. for questioning, all without notifying Owens attorney.

12. At the time, Fabian, Nelson and Shapiro seized Owens from the custody of the Miami-Dade County Jail. Owens denied having any acute medical complaints.(Ex. C)

13. At 1625 hrs, Fabian, Nelson and Shapiro turned Owens over to Carter, Arostegui, Cooper and Rojas at the City of Miami Police Dept., against Miami-Dade County Policy.(Ex. C)

14. Owens never initiated communication with Fabian, Nelson or Shapiro and never consented to meet with Carter, Arostegui, Cooper or Rojas.

15. At 2045 hrs, Carter arrested Owens for First Degree Murder.(Ex. D)

16. At 2133 hrs,Carter, Arostegui and Cooper turned Owens over to Rojas without any lawful authority to do so.

17. Rojas, who is a white/Hispanic male, handcuffed Owens behind his back, placed Owens in the back of his patrol car, drives Owens behind a building, takes Owens out of his patrol car, leaving Owens handcuffed behind his back and forces Owens down on his knees.

18. Rojas unzips his pants, pulls out his erect penis and forces it into Owens mouth. Owens attempts to remove Rojas's penis from his mouth using his tongue.

3

19. Rojas became enraged, using his police issue flashlight to violently beat Owens over his head, re-injuring Owens pre existing gunshot wound, as he forces his erect penis into Owens mouth and down his throat.

20. Owens is in excruciating pain, bleeding from his re-injured gunshot wound about his head and experiencing vertigo, stemming from being violently beaten with Rojas' police issue flashlight.

21. Rojas is penetrating Owens' mouth and throat with his penis, moaning and using profanity towards Owens; who vomits when Rojas ejaculates down Owens throat.

22. Owens' head was in excruciating pain from being violently beaten on his preexisting gunshot wound, that was not bleeding prior to Owens being seized from the Miami-Dade County Jail and beaten by Rojas with his police issue flashlight.

23. At 2245 hrs, without providing Owens access to any medical treatment, Rojas returns Owens to the Miami-Dade County Jail where Owens was re-booked under jail no. 98-106985, until jail officers discovered that Owens was not a new pre trial detainee, but rather being improperly returned by the wrong officer.

24. Jail officials questioned Rojas as to how did he acquire Owens' custody from Fabian, Nelson and Shapiro, and as to how Owens re-injure his head.

25. Rojas informed jail officials that he acquired custody of Owens from Carter, Arostegui and Cooper at the City of Miami Police Dept., and claimed falsely that he was unaware as to how Owens sustained head injuries.

4

26. Jail officials informed Rojas that he would have to transport Owens to Jackson Memorial Hospital's ward "D" for medical treatment before Owens could be placed back into county custody.

27. While driving Owens to the hospital, Rojas stated to Owens "If you tell anyone about what happened tonight, we'll come back to get you and we'll blow your fucking brains out."

28. As a result of Rojas' threat to cause Owens death. Owens informed jail officials that nothing happened to him, and for years was ashamed, embarrassed and afraid to tell anyone that Rojas raped and beat him over the head with a police issued flashlight.

29. In June 2002, however, Owens informed his then trial counsel Joseph Chambrot that on Dec. 29, 1998, after Fabian, Nelson and Shapiro seized custody of him from the Miami-Dade County Jail turning him over to Carter, Arostegui and Cooper who turned him over to City of Miami officer "Officer Gonzalez" to be raped and beaten.

30. Owens referred to Rojas as City of Miami officer Gonzalez, as Rojas had identified himself to Owens on December 29,1998.

31. Chambrot advised Owens that there was no City of Miami Officer named Gonzalez involved with his arrest on Dec. 29, 1998.

32. After being raped and beaten by Rojas in 1998, Owens deteriorated mentally with an inability to suppress the rape and physical abuse from his mind.

33. Owens developed suicidal thoughts and began to self mutilate in attempts to commit suicide as a result of being raped and physically abused by Rojas.

34. In 2005, while in the custody of the Miami-Dade Dept. of Corrections on loan from the Florida Dept. of Corrections Owens experienced a flashback

5

of him being raped and beaten by Rojas, set his cell on fire, severely self-mutilated his left arm with a razorblade, and then swallowed the razor blade he used to self-mutilate in his attempt to commit suicide.

35. Owens felt that he was losing his identity. His thoughts began to race, and he could not concentrate due to constantly enduring flashbacks of being raped and physically abused by Rojas.

36. As a result, jail officials transported Owens to Jackson Memorial Hospital for medical treatment. The medical staff referred Owens to mental health staff for a psychiatric evaluation.

37. Psychiatry  at Jackson Memorial Hospital diagnosed Owens as suffering from a Bi-polar disorder, mood swings and extreme anxiety,  prescribing Owens 1000 mg of Depakote for psychiatric care.

38. Throughout Owens imprisonment in the Florida Dept. of Corrections he has continued having flashbacks of being raped and physically abused by Rojas, who he knew as City of Miami officer Gonzalez; continued to deteriorate mentally, and repeatedly attempted to commit suicide.

39. Mental Health Professionals for Florida Dept. of Corrections continued Owens prescribed psychotropic medication, prescribing Owens additional psychotropic medications at different periods of time throughout his imprisonment.

40. On Dec. 11, 2023, Owens flashbacks of being raped and physically abused by Rojas increased, after he was violently sexually assaulted by a prison official on Dec. 1, 2023.

41. On January 18, 2024 MaLesa Dukes, Mental Health Professional in Suwanee Correctional Institution Annex evaluated Owens in connection with the  Dec. 1, 2023, sexual assault by prison officials.

42. Owens informed Duke that his being sexually assaulted by the prison official on December 1, 2023,is causing him to have more flashbacks of being raped by the police in 1998.

43. Owens informed Duke that the flashbacks of the 1998 rape is causing him to experience an increase in anxiety, suicidal thoughts,and difficulty sleeping. Owens requested to restart his psychotropic medications.

44. On January 19, 2024, Duke referred Owens to the psychiatrist for an evaluation,documenting that Owens displayed behaviors of concern,where he alleged PREA at previous camp;reported flashbacks, difficulty sleeping, anxiety and requested to restart medication.[Ex.E]

45. On January 29, 2024, Rebecca Bertone, PMHNP, Psychiatric Clinician evaluated Owens, who reported that being sexually assaulted by the correctional officer on December 1,2023, is causing him to have more flashbacks of being raped by the police in 1998.

46. Bertone advised Owens that his psychosis, including his Moods Swings, Anxiety, Bipoler Disorder and Anger is a direct result of his being violently sexually assaulted by the police in 1998.

47. Bertone prescribed Owens "OLANZAPINE" (ZYPREXA) 2.5 mg to be administered once daily for psychiatric treatment, stemming from Owens being sexually assaulted and beaten by Rojas in 1998.

48. Owens was without the mental capacity to make the causal relationship between his psychosis, and his being raped by Rojas in 1998, without the expertise of Berton in January 2024.

49. On March 8, 2024, with the assistance of a prison law clerk, Owens was searching through volumes of legal documents in connection with Miami-Dade County Circuit Court case NO. F98-43488.

50. Discovered with these legal documents was a two-page document entitled "Inmate On Location Form" (Ex. C)

51. Owens had never before seen the "Inmate On Location Form", doesn't know how, when or who provided him with the document and could not comprehend the document when it was presented him by the law clerk.

52. However, the law clerk explained to Owens that the document conclusively shows that on December 29,1998, at 12:50 pm. Nelson and Shapiro requested him from the custody of the Miami-Dade Department of Corrections, with the authorization of Fabian.(Ex.C)

53. The law clerk explained to Owens that the document conclusively shows that on December 29,1998, at 1350 hours, Nelson and Shapiro seized him from the custody of the Miami-Dade Department of Corrections, with the authority of Fabian, and he denied having any acute medical complaints. (Ex.C)

54. The law clerk explained to Owens that the document conclusively shows that on December 29, 1998, at 2245 hours, City of Miami officer Saunders returned him to the custody of the Miami-Dade Department of Corrections with "HEAD INJURIES"(Ex.C)

55. The law clerk explained to Owens that the document contained a notation that states, "Contacted MDPD Robbery Sergeant and informed him that inmate was turned over to other agency which is against policy. Spoke to Sgt..."(Ex.C)

56. The law clerk's interpretation of the "INMATE ON LOCATION FORM" revealed to Owens for the first time that it was City of Miami officer Saunders-not Gonzalez- who raped and physically abused him on December 29, 1998.

8

57. Owens was without the mental capacity to have discovered and interpreted the document, which revealed that Saunders intentionally misidentified himself to Owens on December 29, 1998, by using the false name Gonzalez to conceal his identity.

58. However, it was subsequently determined by the City of Miami police Department that in 1998, the name Saunders belonged to a female City of Miami police officer.

59. On March 5,2025, the Miami-Dade County State Attorney's Office provide Owens a copy of Carter's Supplemental Police Report; which was never provided to Owens during the pendence of his criminal case.

60. The supplemental police report revealed to Owens for the first time that on December 29, 1998 at 2133 hours he was turned over to City of Miami police officer Ramos to be taken back to the Dade County Jail.(Ex.F page 22)

61. However, it was subsequently determined by the City of Miami police Department that it did not employ a police officer in December 1998, by the last name of Ramos that was of male gender and capable of sexually battering Owens.

62. Thus, from April 9, 2025 through April 18, 2025, with the assistance of a prison law clerk, Owens concluded another search and review of numerous notes and documents in connection with criminal case no.F98-43488, discovering for the first time an ink stained document bearing the name "A. Rojas #6089 as being the person that transported Owens on December 29, 1998 at 2133 hours.(Ex.G)

63. Owens then contacted the City of Miami Department of Human Resources inquiring as to whether on December 29, 1998, was an police officer name A. Rojas #6089 employed with their  police department.

64. On May 6, 2025, Owens received documents from the City of Miami's Division of Human Resources confirming that A. Rojas #6089 was employed with the City of Miami police Department in 1998.(Ex.H)

65. Upon information and belief, Rojas misidentified himself to Owens as "Gonzales", to jail officials as "Saunders" and to Carter as "Ramos" to avoid litigation.

66. At no time after raping and physically abusing Owens on December 29, 1998, did Rojas initiate any reports reporting his actions to his supervisors or the appropriate authorities using his real name.

67. Upon information and belief, Rojas intentional misidentifying of himself to Owens as "Gonzalez", to jail officials as "Saunders" and to Carter as "Ramos" on December 29, 1998, tolled the statute of limitations period for this action until March 8, 2024, which is when Owens learned that the misrepresentation occurred. See, Section 95.051 (1)(b), Fla. Stat.

68. As a result, Owens timely files his claim prior to March 8th 2028. (ex. I)

## **LEGAL CLAIMS**

69. Plaintiff realleges and incorporate by references paragraphs 1-68.

70. Defendant Rojas seizure of Owens without probable cause and for unlawful purposes, violated Owens rights, constituted unreasonable seizure,false imprisonment and a denial of due process under the Fourth and Fourteenth Amendment, and Article I, Section 9,12 and 17 of the Florida Constitution and caused Owens physical injury,pain,suffering, emotional distress and permanent mental anguish, in violation of 42 U.S.C §1983

71. Defendant Rojas intentionally sexually assaulted Owens for malicious and sadistic purposes without any penological justification, violated Owens

rights, constituted cruel and unusual punishment under the Fourth and Fourteenth Amendments, and Article I, Section 17 of the Florida Constitution, and caused Owens physical injury, pain, suffering, emotional distress, and permanent mental anguish, in violation of 42 U.S.C. § 1983.

72. Defendant Rojas intentionally used excessive and unnecessary force against Owens for malicious and sadistic purposes without any penological justification, violated Owens rights, constituted cruel and unusual punishment under the Fourth and Fourteenth Amendments, and Article I, Section 17 of the Florida Constitution, and caused Owens physical injury, pain, suffering, emotional distress, and permanent mental anguish, in violation of 42 U.S.C. § 1983.

73. The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has and will continue to be irreparably injured by the conduct of Rojas unless this court grants the relief which plaintiff seeks.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully request that this court enter judgment granting Plaintiff :

74. A declaration that the acts and omissions described herein violated plaintiffs rights under the Constitution and laws of the United States and the State of Florida.

75. Compensatory damages in the amount of $600,000,000.00 against the defendant in his individual and official capacity.

76. Punitive damages in the amount of $150,000,000.00 against defendant in his individual capacity.

77. A jury trial on all issues that should be tried by a jury.

78. Plaintiff's cost in this suit.

79. Any additional relief this court deems just, proper and equitable.

Respectfully Submitted

Albert T. Owens
Apalachee Corrections Inst. (east)
35 Apalachee Drive
Sneads, Fl 32460

## **VERIFICATION**

I have read the foregoing document and hereby verify that the matters alleged therein are true except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746

Executed in Sneads, Florida on this 22 day of August, 2025.

Albert T. Owens, Jr. #193166

12

# EXHIBIT A

DEPARTMENT OF POLICE
CITY OF MIAMI, FLORIDA

C.I.S.

## CONSTITUTIONAL RIGHTS WARNING: INTERROGATION

BEFORE YOU ARE ASKED ANY QUESTIONS, YOU MUST UNDERSTAND YOUR RIGHTS.

(1) You have the right to remain silent. You need not talk to me or answer any questions if you do not wish to do so.

(2) Should you talk to me, anything which you say can and will be introduced into evidence in Court against you.

(3) If you want an Attorney to represent you at this time or any time during questioning, you are entitled to such counsel.

(4) If you cannot afford an Attorney and so desire, one will be provided without charge.

I HAVE READ THE ABOVE STATEMENT OF MY RIGHTS AND AM FULLY AWARE OF THE SAID RIGHTS.

I AM WILLING TO ANSWER ANY QUESTIONS ASKED OF ME.

I DO NOT DESIRE THE PRESENCE OF AN ATTORNEY AT THIS TIME.

THIS STATEMENT IS SIGNED OF MY OWN FREE WILL WITHOUT ANY THREATS OR PROMISES HAVING BEEN MADE TO ME.

_____
Signature of Subject

_____
Date - Time

_____
Witness

_____
Witness

*I don't feel well and really don't have anything to say without a lawyer.* 11:22 AM 12/26/98

# EXHIBIT B

Inquiries write to: Richard E. Gerstein Justice Building  1351 N.W. 12th Street, Miami Florida 33125  Attn: AOC Indigency Examiner Unit

THE ☐ CIRCUIT ☐ COUNTY COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR DADE COUNTY, FLORIDA
CRIMINAL ☐ TRAFFIC ☐ DOMESTIC VIOLENCE ☐ OTHER

| COURTROOM: 6-3 | NOTICE OF ARRAIGNMENT AND HEARING TO DETERMINE ELIGIBILITY FOR PUBLIC DEFENDER OR CONFLICT ATTORNEY | CASE NUMBER |
|---|---|---|
| DATE: FRIDAY   JAN. 15, 1999 | STATE OF FLORIDA vs | GILL FREEMAN |
| TIME: 8:45 A.M. | ALBERT T OWENS | |
| LOCATION: 1351 NW 12TH STREET. MIAMI | DEFENDANT | DIVISION/JUDGE |

F I L E D
DEC 28 1998
CLERK

**NOTICE OF $40 PUBLIC DEFENDER APPLICATION FEE / APPLICATION FOR PUBLIC DEFENDER PURSUANT TO FS ss 27.52 AND 938.29**

CLOCK IN
DEC 28 1998
CLERK

I have hired a private attorney. His/her name is _____

Receiving public assistance or Medicaid? ☐ Yes ☐ No. If yes, my identification number is _____

IF THE DEFENDANT IS A MINOR OR IS FINANCIALLY DEPENDENT FOR TAX PURPOSES, THE FOLLOWING MUST INCLUDE DATA OF A PARENT OR LEGAL GUARDIAN

**EMPLOYMENT**
Self employed
Employed
Unemployed

**INCOME**
From Job (after taxes)   $_____ /week
From investments   $_____ /week
From unemployment   $_____ /week
Other   $_____ /week

**DEPENDENTS**
Self
Spouse
Number of other dependents
Court ordered child support/alimony $_____ /Month

**D. ASSETS**
In the bank   $_____
Investments   $_____
Home value   $_____
Motor vehicle value   $_____
   Year
   Make
Other   $_____

**E. EXPENSES & OBLIGATIONS**
Food, clothing, shelter   $_____ /Month
Other debts or financial responsibilities from illness or family misfortune   $_____ /Month

_____, agree to report any change in my financial situation to the Court or to the Indigency Examiner.
I understand that the Judge will use the information in this application in deciding whether to appoint the Public Defender or Conflict Attorney to represent me in this case. If the Public Defender or Conflict Attorney is appointed and if I am found guilty, I understand a lien may be imposed against me for costs and the reasonable value of services rendered by the Public Defender or Conflict Attorney on my behalf.
By signing this application I authorize court representatives to investigate my income and assets. If the Court determines at any point that I can afford, without substantial hardship, to hire a private attorney, I understand that the Public Defender will be discharged, and I will be responsible for the reasonable value of costs and services provided to me.
Under penalty of perjury, I declare that I have read this application, that I understand its terms, and that the facts herein stated are true.

Defendant's Signature: Albert Owens

Defendant's Address: 6519 N.W. 14 CT

Defendant's SS#: _____   Defendant's Date of Birth: 8/28/76

Parent / Legal Guardian Signature _____
Parent / Legal Guardian Address _____
Parent / Legal Guardian SS# _____   Parent / Legal Guardian Date of Birth _____

Sworn to (or affirmed) and signed before me on _____, 199 8

Deputy Clerk _____

In accordance with the American with Disabilities Act of 1990, persons needing a special accomodation to participate in this proceeding should contact the Court ADA COORDINATOR no later than 7 days prior to the proceeding at (305) 375-2006 or (305) 375-2007 (TTD).

**ORDER DETERMINING DEFENDANT'S RIGHT TO COURT APPOINTED COUNSEL AND FOR PAYMENT OF THE APPLICATION FEE**
After considering the foregoing application and other relevant information before the Court, the defendant is adjudged:

✓ INDIGENT AND THE COURT HEREBY APPOINTS THE PUBLIC DEFENDER OR CONFLICT ATTORNEY AS COUNSEL

_____ NOT INDIGENT

DONE AND ORDERED THIS ___28___ day of ___Dec___ ,199__

FURTHER the $40 application fee is hereby
TO BE PAID IN FULL AT THE TIME THE FINANCIAL AFFIDAVIT IS FILED OR WITHIN 7 DAYS
(IF NOT PAID WITHIN 7 DAYS) TO BE ASSESSED AT SENTENCING OR AT THE FINAL DISPOSITION

F I L E D
DEC 28 1998
CLERK

Circuit / County Court Judge

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT OF
FLORIDA, IN AND FOR DADE COUNTY

CRIMINAL DIVISION
CASE NO: F9804318*A*
JAIL NO: 98-106249
JUDGE:   GILL S. FREEMAN
ARRAIGN: 01/15/99   4E

THE STATE OF FLORIDA,
                    Plaintiff,

vs.                                        NOTICE OF DEFENDANT'S INVOCATION
                                               OF THE RIGHT TO COUNSEL

OWENS, ALBERT
                    Defendant.
_____/

I, ALBERT OWENS, hereby invoke and exercise my right to
counsel, pursuant to the Fifth, Six, and Fourteenth Amendments to the United
States Constitution, and Article I, Sections 9, 12, and 16, of the Florida
Constitution and the case law thereunder.  I desire to have my attorney, the
Public Defender, present before and during any questioning of, interviewing
of, and/or conversation with me by any police official and/or agents thereof,
any prosecutor and/or agents thereof, any judicial officer and/or agents
thereof.  I hereby announce that I desire my attorney to be present before
anybody talks to me about any matters relating to this case or any criminal
charges pending or contemplated.  This notice is not intended to be, and in
fact is not, an admission of guilt or criminal liability and should not be
interpreted to give rise to any inference of guilt.  After being fully
advised of my constitutional and statutory rights by my attorney, I am
signing this notice upon his advice.

     Furthermore, I hereby state that at no time in the future do I or will
I waive (i.e., give up) my right to have my attorney present at all times
prior to anyone trying to secure from me a waiver of any of my constitutional
and statutory rights.  the state, and its agents, are hereby placed on notice
that this invocation supersedes any prior waivers of the foregoing rights to
counsel that I might have given.
     I do not wish to be contacted by the media without prior notification
to and approval by my attorney.

     Notice is hereby given by me and my undersigned attorney that should any
governmental official, and/or agent thereof, fail to respect and honor this
notice and invocation of rights, the undersigned will litigate and seek
sanctions and damages for said violation of constitutional and statutory
rights.

     Furthermore, I hereby authorize the Public Defender's Office to file a
written pleas of not guilty on my behalf pursuant to Florida Rule of Criminal
Procedure 3.170(a).  I waive my right to be present at any pre-trial
conference pursuant to Florida Rule of Criminal Procedure 3.180(3).

                    I HEREBY CERTIFY that a true and correct copy of the
foregoing was served upon the Office of the State Attorney, 1351 N.W. 12th
Street, Miami, Florida this December 28, 1998.

                                   _____
                                   Defendant

# EXHIBIT C

## REHABILITATION DEPARTMENT

### INMATE "ON LOCATION" FORM

1. **INMATE TAKEN ON LOCATION:**

Inmate Name (print/type): Owens, Albert

Race: B   Sex M   DOB: 08/28/76   Jail #: 98-106,249

Facility: PTDC   Cell Location: 2A3

Physical Appearance: Out OK   In: _____

2. **LAW ENFORCEMENT OFFICIAL REQUESTING INMATE**

Date of Request: 12-29-98   Time of Request: 12:50

Name of Officer #1: C. NELSON   Badge #: 838

Agency: METRO DADE   Unit: ROBBER

Date of Request: _____   Time of Request: _____

Name of Officer #2: S. SHAPIRO   Badge #: 7309

Agency: Metro Dade   Unit: Robby

Date of Request _____   Time of Request _____

Name of Officer #3: _____   Badge #: _____

Agency: _____   Unit: _____

3. **VERIFICATION OF APPROVAL TO TAKE INMATE ON LOCATION:**

A. Supervisor of Officer Requesting Inmate Contacted?

No: _____   Reason: SGT F. FABIAN
LOCATION

Yes: ✓   Time Contacted: _____   Contact Telephone #: 471-2142

Supervisor's Name: STUDWELL   Rank: 307

B. Supervisor of Charging Agency contacted (if not same as #A.)?

No: _____   Reason: _____

Yes: _____   Time Contacted: _____   Contact Telephone #: _____

Supervisor's Name: _____   Rank: _____

Attachments
for
Jimenez

TGK SHIFT CMDR

DATE

WED 17:12 FAX 470 7

5/08/02   PRISONER'S SIGNATURE

REASON FOR RELEASE

_____ Investigation          _____ Interview          _____ To Participate in
                                                              Line-up as
                                                              "Subject"

_____ To Participate in
      Line-up as
      "Filler"

WAS CORRECTIONAL HEALTH SERVICES (CHS) CONTACTED?

No: _____   Reason: _____

Yes: ✓   Time Contacted: 1315   Person Contact _____   Disapproval _____

CHS Recommendation: Approval: _____   Medical _____

DATE AND TIME INMATE LEFT FACILITY:

Date: _____                      Time: _____

Inmate's Condition Upon Release: _____

Shift Commander's Signature: _____

Badge #: 307

DATE AND TIME RETURNED TO FACILITY:          2245 (City of MIAMI)
Date: 12/29/98   Time: _____ (City of Miami)
Name of Returning Officer: SAUNDERS (City of Miami)
Badge #: _____   Inmate Positively Identified? Yes _____ No _____
Inmate's Condition Upon Return: HEAD INJURIES
Shift Commander's Signature: _____
Remarks: CHARCASO MDPD NURSERY SERGEANT AND
INFORMED HIM THAT INMATE WAS TURNED OVER TO
OTHER AGENCY WHICH IS AGAINST POLICY SPOKE TO SGT PG.

Original: Place with Jail Card
Copy:    1. Place in "On Location" folder at Shift Commander's Desk
         2. Corrections & Rehabilitation Internal Affairs Section Commander
         3. Copy of completed form to Facility Supervisor's Office.

Effective 08/94 (All previous forms are not to be used).

# EXHIBIT D

**COMPLAINT/ARREST AFFIDAVIT**

☑ Felony  ☐ Misdemeanor  ☐ Traffic
☐ Juvenile  ☐ Warrant

Jail No. 249

Police Case No.

98106783   339 1237 X

Agency Code: 01

Municipal P.B. Def. ID No.

MDPD Records and ID No.

Court Case No.

**DEFENDANT'S NAME**
Last: OWENS   First: Albert   Middle:
DOB mo/day/yr: 08/28/76   Sex: M   Race: B   Ethnic:   Height: 5'11   Weight: 170   Hair: BR   Eyes: BR
Alias:

LOCAL ADDRESS: Street 6915 NW 14 CT   City   State   Zip   Phone

PERMANENT ADDRESS: Street   City   State   Zip   Phone
Address Source: ☑ Verbal  ☐ Voter's I.D.  ☐ Driver's License  ☐ Other

BUSINESS ADDRESS: Street   City   State   Zip
Occupation:   Place of Birth: Miami FL

DRIVER'S LICENSE NO.   State   Social Security No.   Scars, Tattoos, Unique Physical Features

Arrest Date mo/day/yr: 12/29/98   Arrest Time: 2045 ☐ A.M. ☑ P.M.   Arrest Location (include name of business): 400 NW 2 AV   GRID
Citizenship: US
Resid: ☑ City ☐ Dade
Type: ☐ Florida ☐ Out of State

Weapon Seized? Type ☐ Yes
Def. has Concealed Weapons Permit. PERMIT # W-
For Robbery, Burglary, F/A Viol: Suspected history of drug involvement?  ☐ Yes ☐ No ☐ Unk.
No. Cases Cleared   Influence of Drugs ☐ Yes ☑ No ☐ Unk.   Influence of Alcoh. ☐ Yes ☐ No ☑ Unk.

**CO-DEFENDANTS**
Last: Smith   First: Carl   Middle:   DOB mo/day/yr: / /
☐ In Custody ☐ Felony ☐ Juvenile
☐ At Large ☐ Misdemeanor

Last   First   Middle   DOB mo/day/yr: / /
☐ In Custody ☐ Felony ☐ Juvenile
☐ At Large ☐ Misdemeanor

DRUG ACTIVITY: N. N/A  S. Sell  B. Buy  T. Traffic  R. Smuggle  D. Deliver  E. Use  K. Dispense/Distribute  Z. Other  M. Manufacture/Produce/Cultivate
DRUG TYPE: N. N/A  A. Amphetamine  B. Barbiturate  C. Cocaine  E. Heroin  H. Hallucinogen  M. Marijuana  O. Opium/Derv.  P. Paraphernalia/Equipment  S. Synthetic  U. Unknown  Z. Other

GNAL: ☐ 100  ☐ 150  ☐ 200  ☐ 250  ☐ 300  ☐ 400

| CHARGES | Activity | Type | Counts | STATUTE | D.V. | AC | CAPIAS | BWC | VWD | PWD | CITE | VIOLATION OF SECT. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| First Degree Murder | E | E | 1 | 782.04 | | | | | | | | 37.1 |
| Use F/A Commission felony | E | E | 1 | 790.07 | | | | | | | | |

OF THE CODE OF Miami

The undersigned certifies and swears that he has just and reasonable grounds to believe, and does believe that the above named Defendant
on the 08 day of Dec, 19 98, At 0800 ☑ A.M. ☐ P.M. (Time) Brooker St & Oak Av (Location, include name of business)

committed the following violation of law; Narrative; (Be specific)   The defendant picked up the Co-defendant and they Rode around in a ford Taurus. The co-defendant got out of the car to go to a store at Douglas & Frow Av in Coconut Grove. The co-def came back with the victim. The victim climbed into the rear seat of the car. The defendant drove the car while the co-defendant arranged to sell cocaine to the victim. The victim saw the defendant with a gun in his lap and attempted to leave the car. The co-defendant grabbed the victim

PAGE 1 OF 2

☐ Hold for Other Agency

HOLD FOR BOND HEARING. DO NOT BOND OUT (Officer Must Appear at Bond Hearing).

I understand that should I willfully fail to appear before the court as required by this notice to appear in court, I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore, I agree that notice concerning the time, date, and place of all court hearings should be sent to the above address. I agree that it is my responsibility to notify Clerk of the Court (Juveniles notify Family Division Juvenile Section) anytime that my address changes.

You need not appear in court, but must comply with the instructions on the reverse side hereof.

Verified by _____ Agency

I Swear that the above Statement is correct and true to the best of my knowledge and belief.

Officer's Signature: Det Catherine Centa
Officer's Name (Print): Det Catherine Centa

Sworn to and subscribed before me, the undersigned authority, this 25th day of Dec., 19 98
Deputy of the Court or Notary Public: Sgt. L.S. Cooper 1191

Signature of Defendant / Juvenile and Parent or Guardian

**COMPLAINT/ARREST AFFIDAVIT**
**CONTINUATION**

249

| | Felony | ☐ Misdemeanor | ☐ Traffic | Jail No. 98106 985 | Police Case No. 3391237X |
| Number | ☐ Juvenile | ☐ Warrant | | MDPD Records and ID No. | Court Case No. F9149188 |

| Agency Code 01 | Municipal P.D. Def. ID No. | DOB mo/day/yr 08/28/76 |

| NDANT'S NAME | Last OWENS | First Albert | Middle | STATUTE | ☐ AC ☐ CAPIAS ☐ BW ☐ FW ☐ PW ☐ Cit # | VIOLATION OF SECT. |
| ADDITIONAL CHARGES | | Activity | Type | Counts | | | |

OF THE CODE OF

to keep him from leaving the car. The victim struggled
with the co defendant and reached forward toward the defendant.
The defendant grabbed his gun and shot the victim multiple
times. The co defendant got out of the front passenger
seat and pulled the victim out of the car, throwing
him on a trash pile.
The defendant and co defendant fled together in the car.

PAGE 2 OF 2

HOLD FOR BOND HEARING. DO NOT
BOND OUT (Officer Must Appear at Bond
Hearing)

I understand that should I willfully fail to appear before the court as required
by this notice to appear that I may be held in contempt of court and a warrant
for my arrest shall be issued. Furthermore, I agree that notice containing
the time, date, and place of all court hearings should be sent to the above
address. I agree that it is my responsibility to notify Clerk of the Court
(Juveniles notify Family Division Juvenile Section) anytime that my address
changes.

You need not appear in court, but must comply with the instructions the
reverse side hereof.

lor Other Agency _____ Verified by _____

ear that the above Statement is correct and true to the best of my
edge and belief.

Sworn to and subscribed before me, the undersigned
authority, this _____ 98

Deputy of the Court or Notary Public

's Name (Print)
s Signature

# EXHIBIT E

**231-SUWANNEE C.I. ANNEX**
5965 US Hwy 90
Live Oak, FL 32060
Main: 3869636358 Fax: 3869636337

2/21/2024

Chron Rec Health Care;
Date of Service: 1/18/2024

**ALBERT   OWENS**
DC#: 193166
Race/Sex: Black or African American / Male
DOB: Aug 28, 1976
Facility: 231-SUWANNEE C.I. ANNEX

Assign MH Provider(s)**Psychiatric Provider** na
**Case Manager** Dukes; MHP; Centurion, MaLesa
**MH Nurse** :

DC4-701 Chronological Record of Health Care (Revised 8/1/17)
This form is not to be amended, revised, or altered without
Administration.

approval of the Office of Health Services

**Disclaimer: All EMR timestamps are Eastern Time Zone**

Signed By: McClain, MH Clerk, Centurion, Latasha at 1/18/2024 9:28:39 AM

**231-SUWANNEE C.I. ANNEX**
5965 US Hwy 90
Live Oak, FL 32060
Main: 3869636358 Fax: 3869636337

2/21/2024

: Staff Req/Ref Received- Pt seen
Date of Service: 1/19/2024

**ALBERT   OWENS**
DC#: 193166
Race/Sex: Black or African American / Male
DOB: Aug 28, 1976
Facility: 231-SUWANNEE C.I. ANNEX
Staff Referral/Request

FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF HEALTH SERVICES
**STAFF REQUEST/REFERRAL**

**SECTION II**

**Select Addressed Referral Order:** Staff Request/Referral 01/17/2024 ID: 4882251-2
Inmate was seen on   01/18/2024   (Date) regarding the above referral.

DC4-529 Staff Referral/Request (Effective 12/12)
This form is not to be amended, revised, or altered without approval of the Office of Health Services
Administration.

**Disclaimer: All EMR timestamps are Eastern Time Zone**
Inmate's history includes following factors/events of concern:
Inmate currently displays following behaviors of concern:
Other:

Signed By: Dukes, MHP, Centurion, MaLesa at 1/19/2024 1:44:22 PM

1 of 1

**231-SUWANNEE C.I. ANNEX**
5965 US Hwy 90
Live Oak, FL 32060

2/21/2024

Order Form

## TEST FORM

| | | | |
|---|---|---|---|
| **Authorizing Provider:** | MaLesa Dukes, MHP, Centurion | **Service Provider:** | FDC |
| **Auth Provider NPI:** | | | |
| **Signing Provider:** | MaLesa Dukes, MHP, Centurion | | |
| **Phone:** | | **Phone:** | |
| **Fax:** | | **Fax:** | |

| | | | | | |
|---|---|---|---|---|---|
| **Patient Name:** | ALBERT OWENS | **DOB:** | Aug 28, 1976 | **Age:** | 47 |
| **Home Phone:** | | **Sex:** | Male | **SSN:** | ~~████████~~ |
| **Work Phone:** | | **Cell Phone:** | | **Patient ID:** | 216724 |
| **Resp. Provider:** | | | | | |

| | | |
|---|---|---|
| **Primary Ins:** | **Secondary Ins:** | |
| **Group:** | **Group:** | |
| **Policy:** | **Policy:** | |
| **Insured ID:** | **Insured ID:** | |

**Code**
NURREQREF
Order Number:        4902534-1
Authorization #:
Start Date:              01/19/2024
Electronically signed by: MaLesa Dukes, MHP, Centurion
Instructions:            Referral to Mental Health

**Description**
Staff Request/Referral

**Diagnoses**

Quantity: 1
Priority: N
End Date:
Signed on: 1/19/2024 1:43:25 PM

**231-SUWANNEE C.I. ANNEX**
5965 US Hwy 90
Live Oak, FL 32060
Main: 3869636358 Fax: 3869636337

2/21/2024

Staff Referral/Requests:Mental Health
Date of Service: 1/19/2024

**ALBERT   OWENS**
DC#: 193166
Race/Sex: Black or African American / Male
DOB: Aug 28, 1976
Facility: 231-SUWANNEE C.I. ANNEX
Staff Referral/Request

**Orders added during this encounter:**
Staff Request/Referral; Start Date: 01/19/2024

FLORIDA DEPARTMENT OF CORRECTIONS    OFFICE OF HEALTH SERVICES
**STAFF REQUEST/REFERRAL**

Directions: Sender (referring/requesting staff) completes section I and signs.    Addressee (responding staff) completes section II and signs.

**SECTION I**
**Addressee's Area/Service:** Mental Health

231-SUWANNEE C.I. ANNEX Correctional Institution.

**Mental Health Referral**
**Clinical Date and Time:** 01/19/2024 1:41 PM
**TO: Addressee's Name** R. Bertone
**Senders Name:** MaLesa Dukes, MHP, Centurion **Sender's Area/Service** Mental Health
Inmate Housing:
DC
**Request/Referral Type:** Routine: respond within seven 7 days
**Reason for Request/Referral**
**Inmate currently displays following behaviors of concern:** Yes
Pt alleges PREA at previous camp; reports flashbacks, difficulty sleeping, anxiety and requesting to restart medication.

DC4-529 Staff Referral/Request (Effective 12/12)
This form is not to be amended, revised, or altered without approval of the Office of Health Services Administration.

**Disclaimer: All EMR timestamps are Eastern Time Zone**

Signed By: Dukes, MHP, Centurion, MaLesa at 1/19/2024 1:43:41 PM

1 of 1

**231-SUWANNEE C.I. ANNEX**
5965 US Hwy 90
Live Oak, FL 32060

2/21/2024

Order Form

## TEST FORM

| | | | |
|---|---|---|---|
| **Authorizing Provider:** | MaLesa Dukes, MHP, Centurion | **Service Provider:** | FDC |
| **Auth Provider NPI** | | | |
| **Signing Provider:** | MaLesa Dukes, MHP, Centurion | | |
| **Phone:** | | **Phone:** | |
| **Fax:** | | **Fax:** | |

| | | | | |
|---|---|---|---|---|
| **Patient Name:** | ALBERT OWENS | **DOB:** | Aug 28, 1976 | **Age:** 47 |
| **Home Phone:** | | **Sex:** | Male | **SSN:** |
| **Work Phone:** | | **Cell Phone:** | | **Patient ID:** 216724 |
| **Resp. Provider:** | | | | |

| | | |
|---|---|---|
| **Primary Ins:** | **Secondary Ins:** | |
| **Group:** | **Group:** | |
| **Policy:** | **Policy:** | |
| **Insured ID:** | **Insured ID:** | |

| | | |
|---|---|---|
| **Code** | **Description** | **Diagnoses** |
| MHIRO | Orientation to MH | |
| **Order Number:** | 4902131-1 | **Quantity:** 1 |
| **Authorization #:** | | **Priority:** N |
| **Start Date:** | 01/18/2024 | **End Date:** 01/18/2024 |
| **Electronically signed by:** MaLesa Dukes, MHP, Centurion | | **Signed on:** 1/19/2024 1:09:42 PM |
| **Instructions:** | | |

1 of 1

**231-SUWANNEE C.I. ANNEX**
5965 US Hwy 90
Live Oak, FL 32060

2/21/2024

Order Form

## TEST FORM

| | | | |
|---|---|---|---|
| **Authorizing Provider:** | MaLesa Dukes, MHP, Centurion | **Service Provider:** | FDC |
| **Auth Provider NPI:** | | | |
| **Signing Provider:** | MaLesa Dukes, MHP, Centurion | | |
| **Phone:** | | **Phone:** | |
| **Fax:** | | **Fax:** | |

| | | | | | |
|---|---|---|---|---|---|
| **Patient Name:** | ALBERT OWENS | **DOB:** | Aug 28, 1976 | **Age:** | 47 |
| **Home Phone:** | | **Sex:** | Male | **SSN:** | |
| **Work Phone:** | | **Cell Phone:** | | **Patient ID:** | 216724 |
| **Resp. Provider:** | | | | | |

| | | |
|---|---|---|
| **Primary Ins:** | **Secondary Ins:** | |
| **Group:** | **Group:** | |
| **Policy:** | **Policy:** | |
| **Insured ID:** | **Insured ID:** | |

**Code**
MHBSR
**Order Number:** 4902131-2
**Authorization #:**
**Start Date:** 01/18/2024
**Electronically signed by:** MaLesa Dukes, MHP, Centurion
**Instructions:**

**Description**
Initial Confinement Interview

**Diagnoses**

**Quantity:** 1
**Priority:** N
**End Date:** 01/18/2024
**Signed on:** 1/19/2024 1:09:42 PM

1 of 1

**231-SUWANNEE C.I. ANNEX**
5965 US Hwy 90
Live Oak, FL 32060

2/21/2024

Order Form

## TEST FORM

| | | | |
|---|---|---|---|
| **Authorizing Provider:** | MaLesa Dukes, MHP, Centurion | **Service Provider:** | FDC |
| **Auth Provider NPI** | | | |
| **Signing Provider:** | MaLesa Dukes, MHP, Centurion | | |
| **Phone:** | | **Phone:** | |
| **Fax:** | | **Fax:** | |

| | | | | |
|---|---|---|---|---|
| **Patient Name:** | ALBERT  OWENS | **DOB:** | Aug 28, 1976 | **Age:** 47 |
| **Home Phone:** | | **Sex:** | Male | **SSN:** ~~████████~~ |
| **Work Phone:** | | **Cell Phone:** | | **Patient ID:** 216724 |
| **Resp. Provider:** | | | | |

| | |
|---|---|
| **Primary Ins:** | **Secondary Ins:** |
| **Group:** | **Group:** |
| **Policy:** | **Policy:** |
| **Insured ID:** | **Insured ID:** |

**Code**
MHPRE
**Order Number:** 4902131-3
**Authorization #:**
**Start Date:** 01/18/2024
**Electronically signed by:** MaLesa Dukes, MHP, Centurion
**Instructions:**

**Description**
PREA Interview

**Diagnoses**

**Quantity:** 1
**Priority:** N
**End Date:** 01/18/2024
**Signed on:** 1/19/2024 1:09:42 PM

1 of 1

**231-SUWANNEE C.I. ANNEX**
5965 US Hwy 90
Live Oak, FL 32060

2/21/2024

Order Form

## TEST FORM

| | | | |
|---|---|---|---|
| **Authorizing Provider:** | MaLesa Dukes, MHP, Centurion | **Service Provider:** | FDC |
| **Auth Provider NPI:** | | | |
| **Signing Provider:** | MaLesa Dukes, MHP, Centurion | | |
| **Phone:** | | **Phone:** | |
| **Fax:** | | **Fax:** | |

| | | | | |
|---|---|---|---|---|
| **Patient Name:** | ALBERT  OWENS | **DOB:** | Aug 28, 1976 | **Age:** 47 |
| **Home Phone:** | | **Sex:** | Male | **SSN:** |
| **Work Phone:** | | **Cell Phone:** | | **Patient ID:** 216724 |
| **Resp. Provider:** | | | | |

| | |
|---|---|
| **Primary Ins:** | **Secondary Ins:** |
| **Group:** | **Group:** |
| **Policy:** | **Policy:** |
| **Insured ID:** | **Insured ID:** |

**Code**
MHIIS
**Order Number:** 4902131-4
**Authorization #:**
**Start Date:** 01/18/2024
**Electronically signed by:** MaLesa Dukes, MHP, Centurion
**Instructions:**

**Description**
Interview Staff Request

**Diagnoses**

**Quantity:** 1
**Priority:** N
**End Date:** 01/18/2024
**Signed on:** 1/19/2024 1:09:42 PM

1 of 1

**231-SUWANNEE C.I. ANNEX**
5965 US Hwy 90
Live Oak, FL 32060

2/21/2024

Order Form

## TEST FORM

| | | | |
|---|---|---|---|
| **Authorizing Provider:** | Gerald Hoyt, MHP, Centurion | **Service Provider:** | FDC |
| **Auth Provider NPI:** | | | |
| **Signing Provider:** | MaLesa Dukes, MHP, Centurion | | |
| **Phone:** | | **Phone:** | |
| **Fax:** | | **Fax:** | |

| | | | | | |
|---|---|---|---|---|---|
| **Patient Name:** | ALBERT OWENS | **DOB:** | Aug 28, 1976 | **Age:** | 47 |
| **Home Phone:** | | **Sex:** | Male | **SSN:** | |
| **Work Phone:** | | **Cell Phone:** | | **Patient ID:** | 216724 |
| **Resp. Provider:** | | | | | |

| | | |
|---|---|---|
| **Primary Ins:** | **Secondary Ins:** | |
| **Group:** | **Group:** | |
| **Policy:** | **Policy:** | |
| **Insured ID:** | **Insured ID:** | |

**Code**
MHF30

**Order Number:** 4902131-5
**Authorization #:**
**Start Date:** 02/16/2024
**Electronically signed by:** MaLesa Dukes, MHP, Centurion
**Instructions:**

**Description**
30(28) day S3s F/U confinement

**Diagnoses**

**Quantity:** 1
**Priority:** N
**End Date:** 02/16/2024
**Signed on:** 1/19/2024 1:31:03 PM

1 of 1

**231-SUWANNEE C.I. ANNEX**
5965 US Hwy 90
Live Oak, FL 32060

2/21/2024

Order Form

## TEST FORM

| | | | |
|---|---|---|---|
| **Authorizing Provider:** | Gerald Hoyt, MHP, Centurion | **Service Provider:** | FDC |
| **Auth Provider NPI:** | | | |
| **Signing Provider:** | MaLesa Dukes, MHP, Centurion | | |
| **Phone:** | | **Phone:** | |
| **Fax:** | | **Fax:** | |

| | | | | | |
|---|---|---|---|---|---|
| **Patient Name:** | ALBERT OWENS | **DOB:** | Aug 28, 1976 | **Age:** | 47 |
| **Home Phone:** | | **Sex:** | Male | **SSN:** | ████████ |
| **Work Phone:** | | **Cell Phone:** | | **Patient ID:** | 216724 |
| **Resp. Provider:** | | | | | |

| | |
|---|---|
| **Primary Ins:** | **Secondary Ins:** |
| **Group:** | **Group:** |
| **Policy:** | **Policy:** |
| **Insured ID:** | **Insured ID:** |

**Code**
MHT30
**Order Number:** 4902131-6
**Authorization #:**
**Start Date:** 02/16/2024
**Electronically signed by:** MaLesa Dukes, MHP, Centurion
**Instructions:**

**Description**
Psychotherapy @ 30 days

**Diagnoses**

**Quantity:** 1
**Priority:** N
**End Date:** 02/16/2024
**Signed on:** 1/19/2024 1:31:03 PM

1 of 1

**231-SUWANNEE C.I. ANNEX**
5965 US Hwy 90
Live Oak, FL 32060

2/21/2024

Order Form

## TEST FORM

| | | | |
|---|---|---|---|
| **Authorizing Provider:** | Gerald Hoyt, MHP, Centurion | **Service Provider:** | FDC |
| **Auth Provider NPI:** | | | |
| **Signing Provider:** | MaLesa Dukes, MHP, Centurion | | |
| **Phone:** | | **Phone:** | |
| **Fax:** | | **Fax:** | |

| | | | | | |
|---|---|---|---|---|---|
| **Patient Name:** | ALBERT OWENS | **DOB:** | Aug 28, 1976 | **Age:** | 47 |
| **Home Phone:** | | **Sex:** | Male | **SSN:** | |
| **Work Phone:** | | **Cell Phone:** | | **Patient ID:** | 216724 |
| **Resp. Provider:** | | | | | |

| | | |
|---|---|---|
| **Primary Ins:** | **Secondary Ins:** | |
| **Group:** | **Group:** | |
| **Policy:** | **Policy:** | |
| **Insured ID:** | **Insured ID:** | |

**Code**
MHC30
**Order Number:** 4902131-7
**Authorization #:**
**Start Date:** 02/16/2024
**Electronically signed by:** MaLesa Dukes, MHP, Centurion
**Instructions:**

**Description**
Case Management @ 30 days

**Diagnoses**

**Quantity:** 1
**Priority:** N
**End Date:** 02/16/2024
**Signed on:** 1/19/2024 1:31:03 PM

1 of 1

**231-SUWANNEE C.I. ANNEX**
5965 US Hwy 90
Live Oak, FL 32060

2/21/2024

Order Form

## TEST FORM

| | | | |
|---|---|---|---|
| **Authorizing Provider:** | Rebecca Bertone, PMHNP, Psychiatric Clinician, Centurion | **Service Provider:** | FDC |
| **Auth Provider NPI:** | 1467060434 | | |
| **Signing Provider:** | Juanita Williams, RN, Registered Nurse, Centurion | | |
| **Phone:** | | **Phone:** | |
| **Fax:** | | **Fax:** | |

| | | | | | |
|---|---|---|---|---|---|
| **Patient Name:** | ALBERT OWENS | **DOB:** | Aug 28, 1976 | **Age:** | 47 |
| **Home Phone:** | | **Sex:** | Male | **SSN:** | ~~████~~ |
| **Work Phone:** | | **Cell Phone:** | | **Patient ID:** | 216724 |
| **Resp. Provider:** | | | | | |

| | | |
|---|---|---|
| **Primary Ins:** | | **Secondary Ins:** |
| **Group:** | | **Group:** |
| **Policy:** | | **Policy:** |
| **Insured ID:** | | **Insured ID:** |

**Code**
MHPE
**Order Number:**
**Authorization #:**
**Start Date:**
**Electronically signed by:** Juanita Williams, RN, Registered Nurse, Centurion
**Instructions:**

**Description**
Psychiatric Evaluation perm. inst.
4926576-1

01/29/2024

REFERRAL>DUKES

**Diagnoses**
BIPOLAR DISORDER, UNSPECIFIED (ICD-F31.9)
**Quantity:** 1
**Priority:** N
**End Date:** 01/29/2024
**Signed on:** 1/23/2024 3:25:53 PM

**231-SUWANNEE C.I. ANNEX**
**5965 US Hwy 90**
**Live Oak, FL 32060**

2/21/2024

Order Form

| TEST FORM | |
|---|---|
| **Authorizing Provider:** Rebecca Bertone, PMHNP, Psychiatric Clinician, Centurion | **Service Provider:** Bioreference |
| **Auth Provider NPI:** 1467060434 | |
| **Signing Provider:** Rebecca Bertone, PMHNP, Psychiatric Clinician, Centurion | |
| **Phone:** | **Phone:** |
| **Fax:** | **Fax:** |

| Patient Name: | ALBERT  OWENS | DOB: | Aug 28, 1976 | Age: | 47 |
|---|---|---|---|---|---|
| Home Phone: | | Sex: | Male | SSN: | |
| Work Phone: | | Cell Phone: | | Patient ID: | 216724 |
| Resp. Provider: | | | | | |

| Primary Ins: | Secondary Ins: |
|---|---|
| Group: | Group: |
| Policy: | Policy: |
| Insured ID: | Insured ID: |

**Code**          **Description**                **Diagnoses**
0095-0            Fasting Glucose
**Order Number:**      4965029-3                **Quantity:** 1
**Authorization #:**                          **Priority:** N
**Start Date:**        01/31/2024              **End Date:** 01/31/2024
**Electronically signed by:** Rebecca Bertone, PMHNP,   **Signed on:** 1/29/2024 1:05:53 PM
Psychiatric Clinician, Centurion
**Instructions:**

1 of 1

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**231-SUWANNEE C.I. ANNEX**
5965 US Hwy 90
Live Oak, FL 32060

2/21/2024

Order Form

| TEST FORM | |
|---|---|
| **Authorizing Provider:** Rebecca Bertone, PMHNP, Psychiatric Clinician, Centurion | **Service Provider:** Bioreference |
| **Auth Provider NPI:** 1467060434 | |
| **Signing Provider:** Rebecca Bertone, PMHNP, Psychiatric Clinician, Centurion | |
| **Phone:** | **Phone:** |
| **Fax:** | **Fax:** |

| | | | | | |
|---|---|---|---|---|---|
| **Patient Name:** | ALBERT  OWENS | **DOB:** | Aug 28, 1976 | **Age:** | 47 |
| **Home Phone:** | | **Sex:** | Male | **SSN:** | ~~██████~~ |
| **Work Phone:** | | **Cell Phone:** | | **Patient ID:** | 216724 |
| **Resp. Provider:** | | | | | |

| **Primary Ins:** | **Secondary Ins:** |
|---|---|
| **Group:** | **Group:** |
| **Policy:** | **Policy:** |
| **Insured ID:** | **Insured ID:** |

**Code**
0009-1
**Order Number:**
**Authorization #:**
**Start Date:**
**Electronically signed by:** Rebecca Bertone, PMHNP, Psychiatric Clinician, Centurion
**Instructions:**

**Description**
Lipid Screen (Basic Lipid Profile)
4965029-4

01/31/2024

**Diagnoses**

**Quantity:** 1
**Priority:** N
**End Date:** 01/31/2024
**Signed on:** 1/29/2024 1:05:53 PM

**231-SUWANNEE C.I. ANNEX**
**5965 US Hwy 90**
**Live Oak, FL 32060**

2/21/2024

Order Form

## TEST FORM

| | | | |
|---|---|---|---|
| **Authorizing Provider:** | Rebecca Bertone, PMHNP, Psychiatric Clinician, Centurion | **Service Provider:** | FDC |
| **Auth Provider NPI:** | 1467060434 | | |
| **Signing Provider:** | Rebecca Bertone, PMHNP, Psychiatric Clinician, Centurion | | |
| **Phone:** | | **Phone:** | |
| **Fax:** | | **Fax:** | |

| | | | | | |
|---|---|---|---|---|---|
| **Patient Name:** | ALBERT  OWENS | **DOB:** | Aug 28, 1976 | **Age:** | 47 |
| **Home Phone:** | | **Sex:** | Male | **SSN:** | ~~███████~~ |
| **Work Phone:** | | **Cell Phone:** | | **Patient ID:** | 216724 |
| **Resp. Provider:** | | | | | |

| | | |
|---|---|---|
| **Primary Ins:** | **Secondary Ins:** | |
| **Group:** | **Group:** | |
| **Policy:** | **Policy:** | |
| **Insured ID:** | **Insured ID:** | |

**Code**   **Description**   **Diagnoses**

MHP14   Psychiatric F/U @ 14 days
**Order Number:**   4965029-1   **Quantity:** 1
**Authorization #:**   **Priority:** N
**Start Date:**   02/13/2024   **End Date:**
**Electronically signed by:** Rebecca Bertone, PMHNP,   **Signed on:** 1/29/2024 1:05:45 PM
Psychiatric Clinician, Centurion
**Instructions:**

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCES

## PATIENT INFORMATION

**Name:**       ALBERT OWENS

**Preferred:**

**Address:**    5965 US Hwy 90
264993776

**City, State:**    Live Oak, FL 32060

**Alt Address:**

**Alt City, State:** ,

**Phone:**              **Type:**

**Phone:**              **Type:**

**Phone:**              **Type:**

**Contact By:**

**Patient ID#:**    216724          **Sex:**   M

**Date of Birth:**  8/28/1976 12:00:00 AM     **SSN:**

**Marital Status:**

**Referring Physician:**

**Primary Physician:**

**Preferred Language:**

**Ethnicity:**

**Race:**                     Black or African American

**Email:**

## Problems:
Bipolar disorder, unspecified (IDC-741661) (IDC10-268323)
Narcissistic personality disorder (IDC-739705) (IDC10-334598)
Allergic rhinitis (IDC-731165) (IDC10-264627)
MH Problem: Mood Swings (IDC-734712) (IDC10-61159)
Seizure disorder (IDC-726812) (IDC10-404731)
Photophobia (IDC-739064) (IDC10-410983)
Vision changes (IDC-736226) (IDC10-410473)
General health examination (IDC-744146) (IDC10-303367)
Myopia - OU (IDC-736643) (IDC10-334501)
Acute cough (IDC10-3010699)
Foot joint pain, right (IDC-735508) (IDC10-353339)

## Medication List:
LEVETIRACETAM 500 MG ORAL TABS (LEVETIRACETAM) Take one tablet by mouth daily. I
Last Refill: #30 x 11, 01/19/2024, Beverley Bodley, APRN, Medical Provider, Centurion,
LEVETIRACETAM 1000 MG ORAL TABS (LEVETIRACETAM) Take one tablet by mouth at bedt
Last Refill: #30 x 11, 01/19/2024, Beverley Bodley, APRN, Medical Provider, Centurion,
OLANZAPINE 2.5 MG ORAL TABS (OLANZAPINE) 1 QPM (DOT)
Last Refill: #90[TABS] x 0, 01/29/2024, Rebecca Bertone, PMHNP, Psychiatric Clinician,
Centurion,

## Immunizations:
DTAP, Series 1, 06/15/2020
INFLUENZA, Series 1, 01/16/2014
INFLUENZA, Series 1, 10/24/2014
INFLUENZA, Series 1, 12/13/2019
INFLUENZA, Series 1, 09/23/2020
INFLUENZA, Series 2, 01/02/2017
PNEUMOCOCCAL PPSV23, Series 1, 07/30/2007
PNEUMOCOCCAL PPSV23, Series 1, 04/15/2014
PNEUMOCOCCAL PPSV23, Series 2, 04/15/2019
TD, Series 1, 03/31/2003
TD, Series 2, 09/19/2008

**Allergies and Adverse Reactions:**
NO KNOWN DRUG ALLLERGIES ( Critical)

**231-SUWANNEE C.I. ANNEX**
5965 US Hwy 90
Live Oak, FL 32060

2/21/2024

Order Form

## TEST FORM

| Authorizing Provider: | Rebecca Bertone, PMHNP, Psychiatric Clinician, Centurion | Service Provider: | Bioreference |
|---|---|---|---|
| Auth Provider NPI: | 1467060434 | | |
| Signing Provider: | Rebecca Bertone, PMHNP, Psychiatric Clinician, Centurion | | |
| Phone: | | Phone: | |
| Fax: | | Fax: | |

| Patient Name: | ALBERT OWENS | DOB: | Aug 28, 1976 | Age: | 47 |
|---|---|---|---|---|---|
| Home Phone: | | Sex: | Male | SSN: | ~~████████~~ |
| Work Phone: | | Cell Phone: | | Patient ID: | 216724 |
| Resp. Provider: | | | | | |

| Primary Ins: | | Secondary Ins: | |
|---|---|---|---|
| Group: | | Group: | |
| Policy: | | Policy: | |
| Insured ID: | | Insured ID: | |

| Code | Description | Diagnoses |
|---|---|---|
| 0095-0 | Fasting Glucose | |
| Order Number: | 4990427-1 | Quantity: 1 |
| Authorization #: | | Priority: N |
| Start Date: | 02/06/2024 | End Date: 02/06/2024 |

**Electronically signed by:** Rebecca Bertone, PMHNP, Psychiatric Clinician, Centurion

Signed on: 2/1/2024 7:38:07 AM

**Instructions:**

NOT AN OFFICIAL COPY - NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**231-SUWANNEE C.I. ANNEX**
**5965 US Hwy 90**
Live Oak, FL 32060

2/21/2024

Order Form

## TEST FORM

| | | | |
|---|---|---|---|
| **Authorizing Provider:** | Rebecca Bertone, PMHNP, Psychiatric Clinician, Centurion | **Service Provider:** | Bioreference |
| **Auth Provider NPI:** | 1467060434 | | |
| **Signing Provider:** | Rebecca Bertone, PMHNP, Psychiatric Clinician, Centurion | | |
| **Phone:** | | **Phone:** | |
| **Fax:** | | **Fax:** | |

| | | | | | |
|---|---|---|---|---|---|
| **Patient Name:** | ALBERT  OWENS | **DOB:** | Aug 28, 1976 | **Age:** | 47 |
| **Home Phone:** | | **Sex:** | Male | **SSN:** | |
| **Work Phone:** | | **Cell Phone:** | | **Patient ID:** | 216724 |
| **Resp. Provider:** | | | | | |

| | | |
|---|---|---|
| **Primary Ins:** | | **Secondary Ins:** |
| **Group:** | | **Group:** |
| **Policy:** | | **Policy:** |
| **Insured ID:** | | **Insured ID:** |

**Code**
0009-1
**Order Number:**
**Authorization #:**
**Start Date:**
**Electronically signed by:** Rebecca Bertone, PMHNP, Psychiatric Clinician, Centurion
**Instructions:**

**Description**
Lipid Screen (Basic Lipid Profile)
4990427-2

02/06/2024

**Diagnoses**

**Quantity:** 1
**Priority:** N
**End Date:** 02/06/2024
**Signed on:** 2/1/2024 7:38:07 AM

1 of 1

**231-SUWANNEE C.I. ANNEX**
5965 US Hwy 90
Live Oak, FL 32060
Fasting
Main: 3869636358 Fax: 3869636337

2/21/2024

Lipid Screen (B

Date of Service: 2/1/2024

**ALBERT OWENS**
DC#: 193166
Race/Sex: Black or African American / Male
DOB: Aug 28, 1976
Facility: 231-SUWANNEE C.I. ANNEX
Patient: ALBERT  OWENS
ID: BIOR 193166
Note: All result statuses are Final unless otherwise noted.
Patient Note: PATIENT FASTING
Tests: (1) Lipid Screen (Basic Lipid Panel) (AMA) (0009-1)
! LIPID PANEL               TNP
TEST NOT PERFORMED; SST TUBE NOT RECEIVED.
Tests: (2) Glucose, Fasting (0095-0)
  GLUCOSE, FASTING      87 mg/dL                    70-99
*1
A lavender cap specimen tube was received with no test ordered.
Test code
0053 CBC with differential was presumptively performed due to the
limited
stability of the specimen.  If you want to receive these results,
please
contact 1-800-229-5227 Option #1 to have the test added.
Note: An exclamation mark (!) indicates a result that was not
dispersed into the flowsheet.
Document Creation Date: 02/01/2024 6:39 AM

_____

(1) Order result status: Final
Collection or observation date-time: 02/01/2024 06:27
Requested date-time: 01/31/2024 05:00
Receipt date-time: 02/01/2024 04:25
Reported date-time: 02/01/2024 06:26
Referring Physician:
Ordering Physician: REBECCA BERTONE (rbertone)
Specimen Source:
Source: BIOR
Filler Order Number: 942411454
Lab site: Florida Clinical Laboratory
(2) Order result status: Final
Collection or observation date-time: 02/01/2024 06:27
Requested date-time: 01/31/2024 05:00
Receipt date-time: 02/01/2024 04:25
Reported date-time: 02/01/2024 06:26
Referring Physician:
Ordering Physician: REBECCA BERTONE (rbertone)
Specimen Source:
Source: BIOR
Filler Order Number: 942411454
Lab site: Florida Clinical Laboratory

1 of 2

**231-SUWANNEE C.I. ANNEX**
5965 US Hwy 90
Live Oak, FL 32060
Fasting
Main: 3869636358 Fax: 3869636337

2/21/2024

Lipid Screen (B

Date of Service: 2/1/2024

**ALBERT OWENS**
DC#: 193166
Race/Sex: Black or African American / Male
DOB: Aug 28, 1976
Facility: 231-SUWANNEE C.I. ANNEX
Producer ID *1:FL1
------------------
The following results were not dispersed to the flowsheet:
  LIPID PANEL, TNP, (F)


Signed By: Bertone, PMHNP, Psychiatric Clinician, Centurion, Rebecca at 2/1/2024 7:39:09 AM

2 of 2

# EXHIBIT F



# STATE ATTORNEY

ELEVENTH JUDICIAL CIRCUIT OF FLORIDA
E. R. GRAHAM BUILDING
1350 N.W. 12TH AVENUE
MIAMI, FLORIDA 33136-2111

TELEPHONE (305) 547-0100

**KATHERINE FERNANDEZ RUNDLE**
STATE ATTORNEY

February 11, 2019

Albert Owens DC # 193166
Walton Correctional Institution
691 Institution Road
De Funiak Springs Fl 32433

Re: State of Florida v. Albert Owens
Court Case Numbers: F98-43488, F98-43178A and F98-43179

Dear Mr. Owens,

I am in receipt of your request dated January 19, 2019. Pursuant to your public records request, this letter is to inform you that Florida Statute 119.07(1) (a) mandates a charge of $0.15 per page for the duplication of documents from public records. The case files you requested consists (5) boxes averaging 6000 to 10000 pages. The cost for duplication is from $900.00 to $1500.00.

Our office charges $20.00 per hour for research and reproduction time (redacting). It will take me about 40 hours to research, prepare, copy and redact the above-mentioned file. Therefore, the charge for this is **$800.00**. This fee is charged in advance to any work being done. Please make payment to: **State Attorney's Office, 11th Circuit.**

If you have any questions, please do not hesitate to contact me at 305-638-6769.

Sincerely,

KATHERINE FERNANDEZ RUNDLE
State Attorney

By: _____

Lancelot Mckenzie
Records Specialist

0692 - F:\Letters\Cost Letter For State Of Florida Vs Albert Owens.Docx\LM



# STATE ATTORNEY

ELEVENTH JUDICIAL CIRCUIT OF FLORIDA
E. R. GRAHAM BUILDING
1350 N.W. 12TH AVENUE
MIAMI, FLORIDA  33136-2111

TELEPHONE (305) 547-0100

KATHERINE FERNANDEZ RUNDLE
STATE ATTORNEY

February 11, 2019

**Via United States Postal Service**
Albert Owens DC # 193166
Walton Correctional Institution
691 Institution Road
De Funiak Springs Fl 32433

Re: Response to public records request reference State of Florida v. Albert Owens
Court Case Number: F98-43488, F98-43178A and F98-43179

Dear Mr. Owens:

       This is a response to your public records request to inform you that you are **not** entitled to a free/reduced copy of this office's felony file from the above referenced case or any other file from this office even if you claim to be an indigent defendant.  See Roesch v. State 633 So. 2d 1 (Fla. 1993). You can contact the Miami-Dade clerk's office for a copy of their file. Their contact info is:

       **Clerk of the Circuit and County Courts**
       **Eleventh Judicial Circuit of Florida**
       **1351 N.W. 12th Street, Suite 9000**
       **Miami, FL 33125**

       Whichever course of action you wish to pursue, you or your representative may write to me at the address listed above.

       Please feel free to contact me if you have any questions or if I may be of further assistance in this matter.  I can be reached at (305) 638-6769.

       Sincerely,

       KATHERINE FERNANDEZ RUNDLE
       State Attorney

       By: _____
       Lancelot Mckenzie
       Records Specialist
       Felony Records Center

MIAMI POLICE DEPARTMENT - MIAMI, FLORIDA

| 5A. ORIG. OF-FENالسBURG/ACCIDENT | | 4. UCR CLASSIFICATION | 10. LOCATION/ORG. INCIDENT | 11. AREA | 1. CASE NUMBER |
| First Degree Murder | | | Brooker Street & Oak Avenue | | 3391237-X |
| 4B. OFFENSE CHANGED TO | 4C. UCR CLASS. CHANGED TO | | 61. RECOVERY/INFO. ADDRESS | 11A. AREA | 24. ALSO SEE CASE NO. |

| 14. VICTIMS NAME (FIRM NAME IF BUSINESS) | | 9. DATE ORIG. INCIDENT / TIME | 3. DATE THIS REPORT / TIME |
| Peter Lenahan | | 12/5/98    0800 HRS | 12/30/98    0751 HRS |
| 31. OFFENDER | SEX-RACE-AGE | HGT. / WGT. | 70. WILL VIC. PROS? | INCARCERATED / WHERE |
| | M-B-22 | 5'11 / 170 | YES ☒ NO ☐ | YES ☒ NO ☐   DCJ |
| Albert Owens | | | | 71. CHARGES FILED / DATE |
| 131. STOLEN PROPERTY RECOVERED/ | LICENSE OR SERIAL NO. | VALUE | 41. RECEIPT. NO. | YES ☐ NO ☐ |

| 133. IF BOX ON THIS LINE IS CHECKED, AN ITEMIZED ACCOUNT MUST BE LISTED AT BEGINNING OF NARRATIVE WITH OFFENSE NO'S. | | | MULTIPLE CASES CLEARED: YES ☐ NO ☐ |
| RECOVERY: FULL ☐   PART. ☐   VALUE CHANGE: YES ☐ NO ☐ | ADDITIONAL LOSS: YES ☐ NO ☐ | | 47. WHERE IMPOUNDED |
| 34. METHOD OF THEFT | | 56A. KEY IN IGNITION | 32A. MILEAGE REC. |
| | | YES ☐ NO ☐ | |
| 35. MESSAGE NUMBER | 36. LATENTS OBTAINED / CR. SCENE SEARCH / BY WHOM | PERS. PROP. IN CAR | 48. PROP. RECPT. # |
| | YES ☐ NO ☐   YES ☐ NO ☐ | YES ☐ NO ☐ | 47A. CLAIM CK. # |

FIRST SUPPLEMENTARY REPORT     3391237-X     PIN # 0891

**CLASSIFICATION:**     Remains the same.

**STATUS:**     CBA

**VICTIM:**     W/M Peter Lenahan, DOB: 4-13-61, ADD: 2314 Le Jeune Road, Coral Gables, FL, PH: 445-4512.   The victim has a criminal history of theft.   The victim died from multiple gunshot wounds.

**OFFENDER:**     B/M Albert Owens, DOB: 8-28-76, ADD: 6915 NW 14 Court, Miami, FL.   He was arrested for First Degree Murder and Possession of a Firearm in a Commission of a Felony.   He has a criminal past for Auto Theft, Resisting Arrest Without Violence, Burglary, Robbery,

| CASE CLEARED | BY ADULT ☐ | UNDER 18 ☐ | | 19. SUPERVISOR APPROVING | | | 29. REVIEW OFFICER | NCIC |
| YES ☐ NO ☐ | ARREST ☒  ECA ☐ | UNFOUNDED ☐ | | | | | | YES ☐ NO ☐ |
| 73. FURTHER POLICE ACTION REQUIRED | CASE REASSIGNED: | 23. MESSAGE | | | MONTH  NUMBER | AUTHORITY | WANTED CARDS ☐ | INFO. CARD ☐ |
| | YES ☐ NO ☐ | ISSUED ☐   CANCELED ☐ | TO WHOM | | | | PREPARED ☐ | CANCELED ☐ |
| YES ☐ NO ☐ | 25. EMP. NO. | 26. UNIT | | | | DATE | REQUEST TICKLER BE RESET FOR: | |
| 20. REPORTING OFFICER | 0891 | 35 | | | | | PERSON REPORTING (SIG.) | |
| Det. C. Carter | | | | | | | | |

RECORDS COPY     FORM POLICE NO. 3 REV.

ONTINUATION SHEET

Violation of Probation, Larceny, Criminal Mischief, Possession of Cocaine, Attempted Murder and Possession of a Firearm in Commission of a Felony.

**WEAPON:**

.9 mm - not recovered

**VEHICLE:**

1996 white four door Honda Accord, Florida tag WXB04F, VIN #1HGCD5638TA227629. The car was stolen from 820 NW 83 Terrace, Miami, Dade, C/N 0596465-V during the night of December 4, 1998 or early morning of December 5. The car was reported missing around 0700 hours on the morning of December 5, 1998. The car was found on December 5, 1998, at NW 21 Avenue and 93 Street at 1049 hours. The vehicle had been set on fire.

**M.O.:**

Drug buy

**WITNESSES:**

**M.P.D. Homicide Unit - 579-6530**
1. Det. C. Carter, #0891 - Lead Investigator.
2. Det. A. Arostegui, #0203 - Assisted with the investigation.
3. Sgt. E. Cooper, #1191 - Supervised the investigation.
4. Det. C. Gonzalez, #2392 - Responded to the scene.
5. Det. O. Aguero, #0029 - Responded to the scene.
6. Det. G. Law, #3911 - Responded to the scene.

**M.P.D. Uniformed Patrol - 643-7160**
1. Ofc. L. Ferro, #1949 - Wrote the initial police report.
2. Ofc. J. Alvarez, #0131 - Secured the scene.
3. Ofc. A. Vega, #7241 - Secured the scene.
4. Ofc. L. Lenard, #3991 - Provided tip about Carl Smith.
5. Ofc. J. Jans, #3388 - Transported Carl Smith to homicide office.
6. Ofc. A. Williams, #7644 - Brought Alvin Dixon to the homicide office.

**M.P.D. Identification Unit - 579-6606**
1. I.D. Tech. P. Hamilton-Miller, #5709 - Lead ID Technician.
2. I.D. Tech. G. Odom, #5532 - Assisted on the scene.
3. I.D. Tech. L. Elmhorst, #1684 - Assisted on the scene.

| PAGE NO. | 20. REPORTING OFFICER | 14. NAME OF VICTIM/ARRESTEE 31 | 1. CASE/ARREST NO. |
|---|---|---|---|
| 2 | Det. C. Carter | Peter Lenahan  /  Albert Owens | 3391237-X |

**Coral Gables Police Department - 442-1600**
1. Ofc. R. Wheeler, #6802 - Responded to the scene.

**Miami-Dade Medical Examiner's Office - 545-2400**
1. Dr. Joann Habermann, Associate Medical Examiner - Responded to the scene and performed the autopsy on the victim.

**Miami-Dade Police Department**
1. Det. George Nelson, #30-888, 471-2227 - Robbery detective.
2. Det. F. Van Loan, #30-3092, 994-1012 - Miami-Dade Argon Squad.
3. Det. F. Chacon, #1005, 835-4048 - Worked the shooting where Albert Owens was shot in the head.

**Miami-Dade Firearms Lab - 471-3029**
1. Robert Hart, Firearms Examiner - Analyzed the projectiles from the scene.

**Civilian Witnesses**
1. B/F Gladys Wilson, DOB: 11-3-46, ADD: 3821 Oak Avenue, Miami, FL 33133, PH: 444-4706. Heard gunshots and saw the B/M passenger pull the victim out of the rear seat of a white car. Gave a taped sworn statement to Det. Carter on 12-5-98.

2. B/F Mary Jones, DOB: 4-13-39, ADD: 3849 Oak Avenue, Miami, FL 33133, PH: 445-0849. Was talking to Gladys Wilson on the phone when the shooting occurred. Gave a taped sworn statement to Det. Carter on 12-5-98.

3. W/F Jane Maxwell, ADD: 9537 NW 26 Place, Sunrise, Florida, PH: 954-746-7897, Gardner's Market, ADD: 7301 SW 57 Avenue, PH: 667-9953. Victim's supervisor at Gardner's Market.

4. W/M Michael Lenahan, ADD: 4138 Preston Place, South Port, North Carolina, PH: 910-253-4403, victim's father.

5. W/M Jarden Arshad, DOB: 12-20-79, ADD: 2314 LeJeune Road, Coral Gables, Florida, PH: 445-0512. Lived with the victim.

6. W/F Nazarina Boylan, ADD: 2314 Le Jeune Road, Coral Gables, Florida, PH; 445-0512, rented a room to the victim.

7. B/M Carl Smith, DOB: 11-13-68, ADD: 3034 Elizabeth St., Coconut Grove, FL 33133, PH: 441-8086, witnessed the shooting. Gave a taped sworn statement to Det. Carter on 12-8-98.

| PAGE NO.<br>3 | 20. REPORTING OFFICER<br>Det. C. Carter | 14. NAME OF VICTIM/ARRESTEE 31<br>Peter Lenahan / Albert Owens | 1. CASE/ARREST NO.<br>3391237-X |
|---|---|---|---|

8. B/M Alvin Dixon, DOB: 4-17-55, ADD: 3409 Day Avenue, Coconut Grove, FL 33133.   Spoke to Carl Smith before and after the shooting.   Gave a taped sworn statement to Det. Carter on 12-20-98.

EVIDENCE:

1. Initial Police Report, written by Ofc. Ferro.
2. Homicide Supplementary Report, written by Det. Carter.
3. Crime Scene Report, written by ID Tech. Miller.
4. Photographs of the scene, taken by ID Tech. Miller.
5. Lab reports
6. Medical Examiner's Report, written by Dr. Habermann.
7. 9 mm casing, collected on the scene by ID Tech. Miller.
8. GSR Kit used on the victim by ID Tech. Miller.
9. Projectiles removed from the victim by the Medical Examiner.
10. Victim's black leather wallet.
11. Eleven dollars and 45 cents found on the victim at the scene collected by Det. Carter.
12. Fifty dollar bill found inside the victim's apartment, collected by Det. Carter.
13. Two pipes with suspected cocaine residue, collected by Det. Carter from the victim's apartment.
14. A taped sworn statement taken from Gladys Wilson by Det. Carter on 12-5-98.
15. A taped sworn statement taken from Mary Jones by Det. Carter on 12-5-98.
16. A Miranda Waiver Form signed by Carl Smith on 12-8-98.
17. A taped sworn statement taken from Carl Smith by Det. Carter on 12-8-98.
18. A consent to search, signed by Carl Smith on 12-8-98.
19. A photo lineup of Carl Smith signed by Alvin Dixon on 12-20-98.
20. A photo lineup of Carl Smith signed by Albert Owens on 12-29-98.
21. A Miranda Wavier Form signed by Albert Owens on 12-29-98.
22. A taped sworn statement taken from Albert Owens by Det. Carter on 12-29-98.
23. Seventeen photos of the black male inmate assigned to the Dade County Jail cell PT4A4.
24. A photograph of Albert Owens signed by Carl Smith on 12-29-98.
25. Miami-Dade Police Report of a stolen white Honda, MDPD case #0596465V.   Car was reported stolen 12-5-98.
26. Miami-Dade Fire Investigation Report of white Honda set on fire 12-5-98.
27. A taped sworn statement taken from Alvin Dixon by Det. Carter on 12-20-98.
28. Two 9mm casing, collected from the stolen burnt Honda by ID Tech. Miller.

| PAGE NO. | 20. REPORTING OFFICER | 14. NAME OF VICTIM/ARESTEE 31 | 1. CASE/ARREST NO. |
|---|---|---|---|
| 4 | Det. C. Carter. | Peter Lenahan  /  Albert Owens | 3391237-X |

CONTINUATION SHEET

## SCENE:

The victim was found laying on the east side of Brooker Street in a trash pile next to a palm tree. The victim was on Brooker Street between Oak Avenue and Frow Avenue. The victim was lying on his right side with his feet pointed north and his head pointed east. The victim was wearing a yellow tee shirt, beige shorts and Nike tennis shoes. There was a black wallet in the victim's right, rear pants pocket. A 9mm casing was found on the ground next to the victim. The victim had been shot multiple times while inside a white four door vehicle that fled the scene.

## NARRATIVE:

On Saturday, December 5, 1998, at 0820 hours, I was called in from home reference a white male shot.

At 0900 hours, I arrived on the scene. Det. Confesor Gonzalez met me on the scene and advised me that ████ had placed the 911 call on behalf ████ who saw the victim being dumped from a white car. Coral Gables Police Officer Wheeler, #6802, was the first officer on the scene. He wrote an incident report, case #98-23296. Patrol units had the scene roped off from Oak Avenue to Frow Avenue on Brooker Street.

ID Technicians Miller, Elmhorst and Odom were on the scene prior to my arrival.

I spoke to B/F Chaness Pinder, DOB: 3-10-80, who lives at 108 Oak Avenue in Coral Gables, Florida, on the scene. She advised me that she heard gunshots and saw a small white car go east on Oak Avenue. She did not know who was in the car.

At 0910 hours, I requested the Medical Examiner to respond to the scene.

| 14. NAME OF VICTIM/ARRESTEE | 1. CASE/ARREST NO. |
|---|---|
| Peter Lenahan / Albert Owens | 3/391237-X |

| 20. REPORTING OFFICER | PAGE NO. |
|---|---|
| Det. C. Carter | 5 |

CONTINUATION SHEET

ID Tech. Miller used a gunshot residue kit on the victim at the scene.

At 0950 hours, Dr. Haberman arrived on the scene. Dr. Haberman found a dime in the victim's right front pants pocket and eleven dollars and thirty five cents in the victim's left front pants pocket. The victim's right leg had a layer of dirt on it that appeared out of place from the scene. The victim had a Florida driver's license in his wallet identifying him a Peter Lenahan.

At 1105 hours, I spoke with Gladys Wilson at the homicide office. Gladys Wilson stated that she woke up around 0545 hours this morning. She was on the phone talking to her neighbor Mary Jones when she heard gunshots. She looked out and saw a white four door car on Brooker Street. The car was facing Dixie Highway. She saw a black male get out of the passenger seat of the white car. The black male pulled the white male out of the back seat of the car and threw him on the trash pile. The black male jumped back into the front passenger seat and the car fled. She did not know where the car went after dumping the body. There was a second black male in the driver's seat of the white car who did not get out. She observed the incident through her bedroom window.

At 1118 hours, I took a taped sworn statement from Gladys Wilson. The statement was consistent with her preinterview. See the statement for further information.

At 1124 hours, the statement was concluded.

At 1128 hours, I interviewed Mary Jones in the homicide office. Mary Jones stated that she was upstairs in her bedroom talking to Gladys Wilson on the phone when she heard four gunshots. She saw a car on Brooker Street pointed towards US1. The car was a four door white car. She saw the rear door of the white car open and she saw the victim dumped beside

| PAGE NO. 6 | 20. REPORTING OFFICER Det. C. Carter | 14. NAME OF VICTIM/ARRESTEE 31 Peter Lenahan / Albert Owens | 1. CASE/ARREST NO. 3391237-X |

CONTINUATION SHEET

the road.  She is not sure if anyone got out of the car.  She is not sure how many people were inside the car.  She is sure that the other people inside were black males.  The white car left really fast down Oak Avenue towards Douglas Road.

At 1140 hours, I took a taped sworn statement from Mary Jones.  Her statement was consistent with her preinterview.  See the statement for further information.

At 1145 hours, the statement was concluded.

At 1225 hours, I spoke with the victim's supervisor, Jane Maxwell at the Gardner's Market in South Miami.  She advised me that the victim did not have a car.  The victim used to live in a drug halfway house located at 162 NE 49 Street in Miami.  The victim now lives at 2314 Le Jeune Road.  The victim came by yesterday around 1300 hours to pick up his pay check.  His pay check was for $336.40.  the victim was supposed to be leaving for New York on Sunday, December 6, 1998.  The victim needed money to pay his fines in New York.  She also advised that the victim's mother was Christine Lenahan and she lived in Southport, North Carolina.

At 1300 hours, I went by 2314 Le Jeune Road.  There was no one home.

At 1530 hours, I went to the Concept House located at 162 NE 49 Street.  I was advised that the victim had graduated from the program and moved out in October 1998.

Sgt. Cooper spoke with the victim's parents in North Carolina and advised their son had been shot and killed.

| PAGE NO. | 20. REPORTING OFFICER | 14. NAME OF VICTIM/ARESTEE.31 | 1. CASE/ARREST NO. |
|---|---|---|---|
| 7 | Det. C. Carter | Peter Lenahan  /  Albert Owens | 339'1237-X |

CONTINUATION SHEET

At 1700 hours, I spoke with Jarden Arshad at 2314 Le Jeune Road. He stated that the victim rented a room from his mother. He worked and came home. The victim did not socialize. The victim took the bus to work. He last saw the victim around 0300 hours this morning. The victim owed his mother around $300 in rent. Jarden Arshad gave me consent to search the victim's room. The room consisted of a cot, a dresser, a desk and a night stand. There were twelve empty cans of Budweiser beer around the room. There were dirty clothes on the floor and in the closet. The cot was not made. A dirty sheet was balled up on top of the cot. I found one $50 bill on the desk in the room. A glass pipe with suspect cocaine residue was rolled up in the sheet. A corncob pipe with suspect cocaine residue was inside the dresser. A note written by the victim's landlady was slid under the door in the victim's room. The note told the victim he would have to move because he was not paying the rent. I took the landlady's note, the $50 bill, the two pipes and some papers from the victim's room.

On Sunday, December 6, 1998, at 0820 hours, ID Tech. Miller took photographs of the two suspect crack pipes in the homicide office.

At 0930 hours, I put the suspect crack pipes and the victim's money in the property unit, Receipt #F10370.

At 0955 hours, I attended the autopsy at the Medical Examiner's Office. Dr. Haberman performed the autopsy on the victim, ME C/N 98-2869. The victim had nine gunshot wounds; four GSW to his left front, three GSW to his left arm and two GSW to the back. Only three projectiles were recovered inside the victim. The projectiles traveled inside the victim from left to right, indicating that the victim was shot by the driver of the car.

At 1100 hours, I returned to the scene to do an area canvas, with negative results.

| PAGE NO. | 20. REPORTING OFFICER | 14. NAME OF VICTIM/ARRESTEE 31 | 1. CASE/ARREST NO. |
|---|---|---|---|
| 8 | Det. Q. Carter | Peter Lenahan / Albert Owens | 3391237-X |

CONTINUATION SHEET

At 1850 hours, I spoke with Nazarina Boylan over the phone. She stated that the victim rented a room from her on October 16, 1998. The victim was very private. The victim told her he was from Boston. The victim was behind in his rent. The victim told her he had to go to New York so he could not pay his rent. She last saw the victim around 2030-2100 hours on Friday, December 4, 1998. The victim was supposed to pay $360 a month in rent. The victim owed $210 in back rent plus December's rent. She did not get references from the victim other then to verify that the victim worked at Gardner's Market.

On Monday, December 6, 1998, Ofc. Leonard advised that he had been hearing a rumor on the street that we should talk to a black male named Carl Smith, who lives in Coconut Grove about the homicide.

On Tuesday, December 8, 1998, at 1018 hours, I went to 3034 Elizabeth Street looking for Carl Smith. He was not home. I spoke to his grandmother, Rosa Mae Chandler and left a card for him to call me.

At 1635 hours, Carl Smith paged me to tell me he was home.

At 1650 hours, I went to 3034 Elizabeth Street with Ofc. Jans. Carl Smith agreed to come with me to the homicide office. Ofc. Jans transported him downtown for me. I stopped at McDonald's enroute and picked up some food for Mr. Smith.

At 1730 hours, I arrived at the homicide office. I gave Carl Smith a Big Mac, french fries and a Coke to eat.

At 1750 hours, Det. Arostegui and I began to interview Carl Smith in the homicide office. I told Carl Smith that we wanted to talk to him about the homicide that had happened on Brooker Street. Carl Smith stated that he was walking down from the Avenue towards Brooker Street when he heard gunshots. He came around the corner and saw a white male lying on the ground. Carl Smith stated that he uses cocaine powder. He had not used any cocaine today. He had two beers two hours

| PAGE NO. 9 | 20. REPORTING OFFICER Det. C. Carter | 14. NAME OF VICTIM/ARRESTEE 31 Peter Lenahan / Albert Owens | 1. CASE/ARREST NO. 3391237-X |

CONTINUATION SHEET

ago but he said he was not under the influence of drugs or alcohol. He graduated from ██████. He did not graduate from college. He stated he can read and write in English. I had Carl Smith read the top line of a Miranda Waiver Form out loud to me to demonstrate that he can read. I read Carl Smith his Miranda Rights. He stated that he understood each right and initialed each right.

At 1800 hours, Carl Smith signed the Miranda Waiver Form. Carl Smith stated that he started using cocaine when he was 21 years old. He had used cocaine for the past eight years. At 0400 hours that Saturday morning he came out of his house and walked the streets getting high. He walked down Frow Avenue heading towards the park on Brooker Street. He heard gunshots, turned onto Brooker Street and saw the white male victim laying on the ground shot. He has never seen the white male victim before. He stated that the victim had never purchased dope from him. Carl Smith denied being in a car that night with anyone and he denied being involved in the shooting. He is sure that he has never sold to a white person. He does not sell to white people. He heard the gunshots about 50 yards before he got to Brooker Street. He heard about three gunshots. He just heard that the man was killed. "I don't know nothing about no murder. I was just walking high. I had done about $30 worth of cocaine that morning." He did not hear any tires screeching. "I just went around the corner and saw a white male laying there. I thought he was drunk." Carl Smith stated he would take a polygraph test.

At 1826 hours, Det. Arostegui showed Carl Smith a photograph of the victim. Carl Smith stated he did not recognize the victim. He stated he had two buddies that he smokes with, Jerry Humphrey, who works installing elevators and Bobby McKinnon, who lives on Oak Avenue, near the park. The only thing he has heard about the murder was, "Did you hear about the cracker found dead on the trash pile?" he said he did not see a white car pass by. He has not fired a gun recently. He has not been around anyone who has fired a gun since last New Years Eve. He studied computer engineering in college. Carl Smith stated he stopped when he heard the gunshots. He did not speed up the pace.

| PAGE NO. 10 | 20. REPORTING OFFICER Det. C. Carter | 14. NAME OF VICTIM/ARRESTEE 31 Peter Lenahan / Albert Owens | 1. CASE/ARREST NO. 3391237-X |

CONTINUATION SHEET

At 1837 hours, we took a break. Det. Arostegui took Carl Smith outside to smoke a cigarette.

At 1850 hours, Det. Arostegui came back upstairs with Carl Smith. Det. Arostegui advised me that Carl Smith had admitted being in the car when the victim was shot. We resumed our interview. Carl Smith told us that he met another black male whom he called "Dog" riding around in a white car that looked like our unmarked police cars (Ford Taurus). They met up on Plaza Street and Frow Avenue. Carl had met the other black male in jail. They talked and he got into the front passenger seat. They rode around together. The driver stopped to talk to the victim on Frow Avenue and Douglas Road, the victim wanted to buy some cocaine. The driver told the victim to get into the back seat. The victim pulled out a wad of money and told the driver that he had $300 to spend. The driver pulled out a gun that he had in his waist. Carl Smith stated that he jumped out of the car car when he saw the gun. The driver shot the victim in the back seat of the car. The driver pushed the victim out of the car. The driver fled in the car towards US1. The driver, who he knows as Dog, is about 5'11", medium complexion, short hair with the same style beard and mustache that Carl has. Carl also stated Dog had started the car with a screwdriver. The car had a Florida tag on it. Carl believes the car was an American car.

I told Carl Smith that witnesses had seen him open the rear door and pull the victim out of the car. Carl Smith admitted that he had opened the rear door of the car. After the driver shot the victim the driver told him to open the rear door. The driver pushed the victim out. "I helped him so the victim would not hit the ground so hard." Carl Smith stated adamantly that he did not get back into the car with the driver after the shooting. He adamantly denied taking any of the victim's money.

At 1930 hours, I took Carl Smith to the photo room in an attempt to identify Dog.

At 2005 hours, I took Carl Smith to the restroom.

| PAGE NO. | 20. REPORTING OFFICER | 14. NAME OF VICTIM/ARRESTEE 31 | 1. CASE/ARREST NO. |
|----------|----------------------|-------------------------------|--------------------|
| 11 | Det. C. Carter | Peter Lenahan / Albert Owens | 3391237-X |

CONTINUATION SHEET

At 2010 hours, Carl Smith stated that he did not take any money from the victim. He laid the victim on the ground and fled on Frow Avenue home. The victim pulled out a stack of twenty dollar bills, he did not count it. Dog pulled out the gun. Carl said he got out of the car. Dog told him to open the back door and he did. He laid the victim on the ground and fled. Dog pulled out the gun with his right hand and turned towards the victim. The victim was sitting directly behind Carl in the rear seat of the car.

At 2025 hours, I took a taped sworn statement from Carl Smith. See the statement for further information.

At 2045 hours, the statement was concluded.

At 2143 hours, Carl Smith signed a Consent to Search after agreeing to give me the clothes he had worn the morning of the shooting. I read the form out loud to him prior to him signing the form.

At 2200 hours, I took Carl Smith home. He gave me the pants and the shirt he was wearing when the homicide occurred.

On Wednesday, December 9, 1998, at 1050 hours, I turned the clothing Carl Smith had given me over to ID Tech. Miller.

At 1310 hours, I met with Dr. Haberman at the Medical Examiner's Office. She advised me that the victim had a total of 17 wounds on him, nine gunshot wound total. The preponderance of the gunshots went from front to back and from left to right. The victim had two shots to the back that went straight. The back shots were consistent with the victim being shot while he was faced down with someone over him. If the victim was shot inside a car, the driver had to be the shooter.

| PAGE NO. | 20. REPORTING OFFICER | 14. NAME OF VICTIM/ARRESTEE 31 | 1. CASE#/ARREST NO. |
|---|---|---|---|
| 12 | Det. C. Carter | Peter Lenahan / Albert Owens | 3391237-X |

CONTINUATION SHEET

On Sunday, December 13, 1998, at 1055 hours, I went to 3849 Oak Avenue and showed Mary Jones a photo lineup of Carl Smith. She could not identify him.

At 1300 hours, Sgt. Cooper and I went to 3034 Elizabeth Street and met with Carl Smith. I arranged to pick him up on Monday, December 14, 1998, at 0900 hours.

On Monday, December 14, 1998, at 0810 hours, I went to 3821 Oak Avenue to show Gladys Wilson a photo lineup of Carl Smith. She could not identify him.

At 0900 hours, I picked up Carl Smith and took him to the homicide office.

At 0928 hours, Sgt. Cooper and I interviewed Carl Smith in the homicide office. Carl Smith denied getting back into the car after he removed the victim. He stated he knows the shooter from jail only. He was in the same cell as the shooter the second to the last time he was at the Dade County Jail. Sgt. Cooper asked him, "How are we going to get around the fact that witnesses saw you get back into the car?" Carl Smith responded, "I ran all the way home. I was scared. I did not get back into the car." Carl stated he did not get home after the shooting until almost 10:00 A.M.

At 1030 hours, I took Carl Smith home.

I went to the Dade County Jail. Carl Smith was arrested on 9-11-98 under jail number 98-76039. According to jail records, he was arrested under the name Paul Smith and placed into cell PT2CA on 9-11-98. Then he was taken to cell C11 where he stayed until 9-14-98. Cell C11 is in the clinic at the jail. On 9-14-98 until 9-19-98, he was placed in cell PT4A4 at the Dade County Jail. On 9-19-98 he was transferred to the stockade to cell TTAT, where he stayed until 9-23-98. On 9-23-98

| PAGE NO. 13 | 20. REPORTING OFFICER Det. C. Carter | 14. NAME OF VICTIM/ARRESTEE 31 Peter Lenahan / Albert Owens | 1. CASE/ARREST NO. 3391237-X |

CONTINUATION SHEET

until he was released on 10-2-98 he was in cell TTA5. The jail told me they could not provide me with a list of the inmates assigned to a particular cell on a given day. They could tell me if an inmate was assigned to a cell if I gave them the inmates name.

On Tuesday, December 15, 1998, I spoke to Carl Smith on the phone. He advised me that he had met the shooter at the Dade County Jail where he was in a regular cell for a few days. The first cell he was initially placed in is a temporary holding cell. The second cell was in the clinic. The only regular cell he was placed in was PT4A4 at the Dade County Jail.

At 1515 hours, Det. Chacon, #1005, from Miami-Dade Police Department called me in the homicide office. He stated that he was working a shooting where the victim was shot in the head. The victim survived. The victim advised him that the person who shot him in the head was involved in my murder in the Grove. The victim was a black male named Alvin Jones. He was shot on December 12, 1998 at Tiny's Bar on NW 22 Avenue and 91 Street, MDPD case #609728-V. The victim advised Det. Chacon that B/M Tharas Moore was trying to kill him because he took about fifteen thousand dollars worth of jewelry from Moore. Moore obtained the jewelry during a robbery that he committed.

On Wednesday, December 16, 1998, I obtained a photograph of Tharas Moore from Miami-Dade Police Department.

On Thursday, December 17, 1998, at 1750 hours, I showed a photo lineup of Tharas Moore to Carl Smith. He did not identify him. I pointed out Moore specifically and he stated he was definitely not the shooter.

On Sunday, December 20, 1998, at 1715 hours, Ofc. A. Williams, #7644, paged me and advised that he had a subject at the station with information about the murder. B/M Alvin Dixon, DOB: 4-17-55, was picked up for retail theft on 12-20-98, City of Miami case number 354-1629-X.

| PAGE NO. | 20. REPORTING OFFICER | 14. NAME OF VICTIM/ARRESTEE 31 | 1. CASE/ARREST NO. |
|---|---|---|---|
| 14 | Det. C. Carter | Peter Lenahan / Albert Owens | 3391237-X |

CONTINUATION SHEET

At 1800 hours, I interviewed Alvin Dixon in the homicide office.  Alvin Dixon stated that he has known Carl's mom and Carl for years.  Alvin Dixon stated that on the morning of the homicide Carl Smith approached him and told him that he had a gun to sell.  Carl never showed him the gun but wanted to know if he knew anyone who would buy it.  Later on he saw Carl driving a white car with another black male in the front passenger seat and a white guy in the back seat.  They were by Oak Avenue and Plaza Street, inside the car when he saw them.  Later on he was riding his bike through the townhouses off Douglas Road coming from Fina Gas Station when he heard gunshots.  A few minutes later he saw Carl Smith running through the townhouses.  Carl offered him five dollars to give him a ride home.  He rode Carl to Verrick Park on his handle bars.  Carl Smith told him, "I think I just killed that cracker."  He told Carl Smith he would not take him any further on his bicycle.  Carl Smith had a wad of money and offered him another $10 to take him all the way home, but Dixon refused.  Dixon stated he never saw Carl Smith with a gun.  He stated Carl Smith was wearing a white tee shirt and short pants that morning.  Dixon stated that he has seen the victim in the Grove before buying dope.

At 1936 hours, I showed Dixon a photo lineup of Carl Smith.  He identified Carl Smith with no problems.  Dixon described the black male that he saw with Carl Smith inside a white car as a dark skinned, 6' tall with de la soles, who hangs out on Hibiscus and Grand Avenue.  Dixon stated that the other black male sells dope for thug life.

At 1955 hours, I took a taped sworn statement from Alvin Dixon.  See the statement for further information.

At 2018 hours, the statement was concluded.  I took Alvin Dixon to the restroom.

At 2025 hours, I took Dixon to the photo room .  He did not locate the black male he saw with Carl Smith.

| PAGE NO. | 20. REPORTING OFFICER | 14. NAME OF VICTIM/ARRESTEE 31 | 1. CASE/ARREST NO. |
|---|---|---|---|
| 15 | Det. C. Carter | Peter Lenahan /  Albert Owens | 339123?-X |

CONTINUATION SHEET

At 2200 hours, I turned Alvin Dixon back over to Ofc. Williams.

On Monday, December 28, 1998, at 1345 hours, I called Dept. of Correction Internal Affairs Unit and spoke to Sgt. Williams. She advised me that I could obtain a list of which inmates were assigned to a cell on a given day at her office. However, the list was on microfilm and they did not have a printer so I would have to hand copy the entire list.

At 1430 hours, I went to 7855 NW 12 Street, #114, to the Department of Corrections Internal Affairs Unit to get the information.

On September 14, 1998, the following black male inmates were assigned to cell PT4A4 at the Dade County Jail.

- B/M Bailey, Willie, DOB: 7-26-66, Jail #97-0072290, CIN #0291494
- B/M Chandler, Jeffrey, DOB: 12-23-58, Jail # 97-0073651, CIN #0398820
- B/M Emilien, Conel, DOB: 7-18-75, Jail #98-0059953, CIN #0484996
- B/M Essix, John, DOB: 8-3-58, Jail #97-0007883, CIN #0208252
- B/M Fryer, Lawerne, DOB: 11-22-63, Jail #98-0039883, CIN #0291435
- B/M Jackson, Robert, DOB: 11-21-66, Jail #98-0045498, CIN #0345015
- B/M Justi, Orlando, DOB: 2-11-60, Jail #98-0021265, CIN #0462828
- B/M Mckenzie, Robert, DOB: 5-30-79, Jail #98-7000001, CIN #0644462
- B/M Miller, Darryl, DOB: 8-8-60, Jail #97-0101643, CIN #0229209
- B/M Owens, Albert, DOB: 8-28-76, Jail #98-0040660, CIN #0516580
- B/M Page, Ghana, DOB: 10-16-78, Jail #98-0009150, CIN #0578721
- B/M Reid, Dennis, DOB: 4-23-67, Jail #98-0063022, CIN #0360228

| PAGE NO. 16 | 20. REPORTING OFFICER Det. C. Carter | 14. NAME OF VICTIM/ARRESTEE Peter Lenahan / Albert Owens | 1. CASE/ARREST NO. 3391237-X |

CONTINUATION SHEET

B/M Smith, Brian, DOB: 7-20-68, Jail #97-0073599, CIN #0459219

B/M Taylor, William, DOB: 12-22-67, Jail #97-0082058, CIN #0377954

B/M Thomas, Henry, DOB: 3-19-60, Jail #98-0065391, CIN #0237894

B/M Walker, Cornelius, DOB: 9-20-70, Jail #98-0053217, CIN #0507515

Carl Smith was not listed as being in that cell on 9-14-98.   On 9-15-98, Carl Smith was placed in cell PT4A4 under the name Paul Smith, DOB: 11-13-69, Jail #98-0076039, CIN #0464743.

The same black males that were in the cell on 9-14-98 were still in the cell on 9-15-98.   On 9-16-98 the same black male inmates were in cell PT4A4.   On 9-17-98, B/M Anthony Jones, DOB: 4-10-76, Jail #98-0077282, CIN #0492283 was added to the cell.   All the other black males listed were still there.   On 9-18-98 B/M Lonnie Ross, DOB: 12-4-68, Jail #98-0076893, CIN #0385098 was added to the cell.   Anthony Jones was taken out of the cell.   All the other black males listed were still there.   On 9-19-98, Carl Smith was taken out of the cell.

At 1530 hours, I went to Miami-Dade headquarters and ordered the photographs of all the black males in cell PT4A4 from 9-14-98 through 9-19-98.

On Tuesday, December 29, 1998, at 1140 hours, I went to 3034 Elizabeth Street to contact Carl Smith.   I showed him the photographs and he picked out the photograph of Albert Owens.   Carl Smith identified Albert Owens as the shooter.

At 1255 hours, I ascertained that Albert Owens had been arrested by Miami-Dade Police for Attempted Murder and Robbery on December 26, 1998.   The robbery detective handling the case was Det. George Nelson.   I paged him and spoke to him on the phone.   Det. Nelson was taking Albert Owens out of jail when I spoke to him.   He agreed to bring him to my office for an interview, if Albert Owens consented to speak to me.

| PAGE NO.<br>17 | 20. REPORTING OFFICER<br>Det. C. Carter | 14. NAME OF VICTIM/ARRESTEE 31<br>Peter Lenahan / Albert Owens | 1. CASE/ARREST NO.<br>3391237-X |

CONTINUATION SHEET

At 1625 hours, Det. George Nelson brought Albert Owens to the homicide office. Owens had a welt on his head. Det. Nelson advised me that Owens had been shot in the head a few weeks ago at Tiny's Bar. When he arrived at the office, Det. Nelson advised me that he had made Albert Owens on a Robbery that occurred on December 4, 1998.

At 1640 hours, I took Albert Owens to the restroom.

At 1648 hours, Sgt. Cooper and I began to interview Albert Owens. Albert Owens stated that he dropped out of school in eleventh grade. He has a sister Etika Jones who lives at 6519 NW 14 Court. He can read and write. His only language is English. I showed Albert Owens a Miranda Waiver Form. I had him read the top line of the form out loud to demonstrate that he can read. I read him his Miranda Wavier Rights. He told me he understood each right and initialed each right as I read them to him.

At 1653 hours, he signed the Miranda Waiver Form. I asked Albert Owens about his gunshot wound to the head. He stated that his friend gave the hospital his name as Alvin Jones after he had been shot. He did not tell Det. Chacon his real name. He told Det. Chacon that he overheard a conversation that the person he believes shot him in the head, Tharas Moore, also shot the white guy in the Grove. He did not actually see who shot him in the head but Tharas Moore was after him for some jewelry he had taken from Moore.

At 1702 hours, Sgt. Cooper and I stopped the interview.

At 1717 hours, Det. Arostegui and I resumed the interview. Albert Owens stated that he heard Tharas Moore shoot the guy in the Grove. I told Albert Owens that he has been identified as being involved in the shooting in the Grove by the other black

| PAGE NO. 18 | 20. REPORTING OFFICER Det. C. Carter | 14. NAME OF VICTIM/ARRESTEE 31 Peter Lenahan / Albert Owens | 1. CASE/ARREST NO. 3391237-X |

HEET

guy that was in the car with him. I asked Owens who he came to see in the Grove. He went to the Grove to see his cousin, Maria. Maria is a black female who lives off of Grand Avenue. Maria's phone number is 444-3648. She lives in the yellow and green apartments off Grand Avenue. "I was in the Grove to see my cousin. I don't know the guy. I ran into the guy I was in a jail cell with. We sat and snorted."

Owens advised that he was in a four door white Taurus. He stated the car was a rented car that his girlfriend Dee Dee had rented. He stated the car was not stolen. He denied that he was selling drugs. "I had coke on me. We sat and talked. It started raining. He asked me to take him to the store. I took him to the store." He came back with a white guy who got into the back seat. They were talking about a drug transaction. The other guy had crack. The white guy showed him money. The other black guy told the white guy, "I got to take you to Le Jeune." The black guy asked the white guy how much money he had. The black guy told Owens to pull over, so he did. The black guy struggled in the back seat with the white guy. Owens said he told them not to do this in the car. The black guy got out of the passenger seat, opened the back door and shot the white guy. The black guy snatched the white guy from the car and threw him on the trash pile. The black guy got back in the car and told Owens to take him around the corner and let him out. He let the other black guy out of the car. He drove the car back to North Miami and had it detailed. His girlfriend turned the car back into the rental company. He was not sure if his girlfriend rented the car from Dollar, Enterprise or Budget. "I don't know the other guy's name. I just know him from the jail cell." Owens stated it was the first time he had seen the other black guy since jail. Owens got the impression that the other black guy knew the white guy.

Owens stated that his girlfriend's name is Deondra Rivera, 576-3775 ext. 116. She works at the Budget Inn Motel on Biscayne Blvd. and 35 Street. Owens stated that the shooting did not happen inside the car. He said the other black male got out on the passenger side and opened the door to shoot the white guy. Then he pulled the white guy out and put him on the trash. The other black guy was wearing black slacks and a long sleeve shirt. Owens stated he took the car to NW 95

| PAGE NO. 19 | 20. REPORTING OFFICER Det. G. Carter | 14. NAME OF VICTIM/ARRESTEE 31 Peter Lenahan / Albert Owens | 1. CASE/ARREST NO. 3391237-X |

Street and 22 Avenue to get the car cleaned. His girlfriend Dee Dee asked him why he got the car cleaned. He told her because it was dirty. He took the car back on Monday or Tuesday.

Owens stated, "I'm snorting coke with the guy." He said to take him to the store. They went to the store on Douglas Road. The other black guy told him he was going to holler at the white guy. The white guy got into the back seat. The white guy spoke to the other black male. He told him, "You know what I want." The white guy showed him money. The other black guy pulled out some crack and told him, "All I got is this." The white guy wanted more. The black guy told Owens to take him to Le Jeune. The black guy fought with the white guy. The white guy was trying to get out of the car. The black guy grabbed him and told him he could not leave. The black guy opened the passenger door and took the victim out. Owens stated he drove across Douglas Road a few blocks and let the other black male out. Owens stated he told him, "You done shot the fucking man." Owens said he has not seen or spoken to him since then.

At 1752 hours, I showed Albert Owens a photo lineup of Carl Smith. He identified Carl Smith with no problem. Det. Arostegui explained to Albert Owens that we knew the victim had been shot inside the car by the person who was driving the car. Owens stated, "I was the driver. It was my gun but I did not shoot him." I asked Owens what happened to the gun. Owens stated that he bailed out of a black Honda Accord that was a stick shift in the area of NW 14 Avenue and 65 Street and left the chrome 9mm under the seat. He lost the gun a week or two after the homicide occurred. Owens stated, "I had the gun on my lap. I was driving. I think the white guy got nervous when he saw the gun." The white guy wanted to leave. The other black guy reached and got my gun. He shot the man inside the car. The other black guy pulled the white guy out of the car. Owens stated that he purchased the gun off the street for sixty dollars in Liberty City. Owens stated he took the car to get it detailed right after the shooting.

| PAGE NO.<br>20 | 20. REPORTING OFFICER<br>Det. C. Carter | 14. NAME OF VICTIM/ARRESTEE 51<br>Peter Lenahan / Albert Owens | 1. CASE/ARREST NO.<br>3391237-X |

CONTINUATION SHEET

Det. Arostegui had asked a patrol unit to pick up Albert Owens' girlfriend. They went to the hotel but did not locate her. Det. Arostegui asked Albert Owens to verify his girlfriend's phone number. Owens stated her number was 576-3775 ext. 116. Det. Arostegui told him room 116 was under the name Lorraine Wilson. Owens stated that was just a name she used. He described his girlfriend as 28 years of age, tall with long straight hair. Owens told me that he was wearing a white tee shirt, black pants and black and white tennis shoes on the night of the shooting. I told Albert Owens that the person who was driving the car had to be the person who shot the white guy. The victim was shot inside the car and the bullets traveled from left to right in the body.

At 1815 hours, Albert Owens stated, "I was in the car with a gun in my lap. The white guy saw the gun and got nervous. The white guy reached for the gun. I shot him before he could get my gun. I did not take any of the white guy's money. The other black guy took it. I dropped the other black guy off a few blocks past Douglas. Det. Arostegui asked Albert Owens how he could contact his girlfriend. Owens told him to call his sister Etika Jones, 696-4548 or at 693-0469. Albert Owens asked me if the other black guy was in jail.

At 1833 hours, Albert Owens told me that he believes the other black guy should be charged because the white guy never would have got into the car if it wasn't for him. "The other black guy was trying to rob him. Not me."

At 1840 hours, we took a break.

At 1848 hours, Det. Arostegui gave Albert Owens some water.

At 1920 hours, Det. Arostegui advised me that Owens' girlfriend was enroute to the homicide office.

| 20. REPORTING OFFICER | 14. NAME OF VICTIM/ARESTEE 31 | 1. CASE/ARREST NO. |
|---|---|---|
| Det. C. Carter | Peter Lenahan / Albert Owens | 3391237-X |

PAGE NO.
21

CONTINUATION SHEET

At 1947 hours, Det. Arostegui and I interviewed Deondra Reeves in the homicide office.  Deondra Reeves told us that she does not have a license to rent a car.  She did not have a Ford Taurus.  She knows nothing about a car.

At 1956 hours, Det. Arostegui and I took Deondra Reeves into the interview room to talk to Albert Owens.  Deondra Reeves told him to tell me about the car.  Albert Owens stated the car was stolen.  He did not remember where he got the car from but he took the car to NW 23 Avenue and 92 Street on a dirt road and set it on fire.  The car was a white Honda Accord.  He used a screw driver to start the car.  He believes he stole the car from in front of a house in the area of NW 12 Avenue and 83 Street.  Albert Owens told me that he believes the victim had about one hundred and fifty dollars.  Albert Owens agreed to give me a taped sworn statement.

At 2015 hours, Det. Arostegui and I took a taped sworn statement from Albert Owens.  See the statement for further information.

At 2042 hours, the statement was concluded.

At 2045 hours, I played back the tape for Albert Owens.

At 2100 hours, Deondra Reeves and Erika Jones joined Albert Owens in the interview room.  Albert Owens was arrested for First Degree Murder and Use of a Firearm in Commission of a Felony.

At 2133 hours, Ofc. Ramos transported Albert Owens back to the Dade County Jail.

| PAGE NO. | 20. REPORTING OFFICER | 14. NAME OF VICTIM/ARRESTEE 31 | 1. CASE/ARREST NO. |
|----------|----------------------|-------------------------------|--------------------|
| 22 | Det. C. Carter | Peter Lenahan  /  Albert Owens | 3391237-X |

CONTINUATION SHEET

On Wednesday, December 30, 1998, Miami-Dade Records advised me that they had a white Honda Accord that was reported stolen from 820 NW 83 Terrace on 12-5-98. The owner, Ruth Davis, last saw her car before she went to bed on Friday, 12-4-98. When she woke up the car was missing. The car was reported stolen under MDPD 0596465-V. The car was found burning when the Miami-Dade Fire Department responded to an alley near NW 21 Avenue and 93 Street to put the fire out. The car was found on 12-5-98 at 1049 hours. I found the car at Copart, a salvage yard located at 12850 NW 27 Avenue and had it towed to the City of Miami Auto Pound for processing. The entire interior of the car was burned.

On Monday, January 4, 1999, at 1300 hours, I spoke with Firearms Examiner Robert Hart. He advised me that the 9mm that the Miami-Dade Police Department found when they arrested Albert Owens on 12-26-98 was not the gun he used to kill Peter Lenahan.

On Wednesday, January 6, 1999, ID Tech. Miller processed the burned Honda in the pound. She found two additional 9 mm casings inside the car that resembled the casing found on the scene.

On Sunday, January 10, 1999, at 1115 hours, Ofc. A. Williams and I picked up Carl Smith from 3034 Elizabeth Street and took him to the homicide office.

At 1130 hours, Sgt. Cooper and I interviewed Carl Smith. Carl Smith stated that he did not get back into the car after the shooting. "After he shot the man I caught the victim from falling. I lowered him to the ground and I ran home." He stated he did not stop to talk to anyone. He doesn't remember seeing anyone when he ran home. He said he did not tell anyone I just shot a cracker. "Only a fool would say something like that, I don't have the heart to kill anyone." Carl stated that he did not own a gun and he never tried to sell a gun and "if I did, I would not talk about it." Carl stated he did not get on a bicycle with anyone that morning. Carl Smith stated he did know a young black male with de la soles called Sam. He said he was a "jit"

no more than eighteen. Carl stated he had not spoken to Sam that morning. Carl denied riding in a car with Sam or anyone other than Albert Owens that morning. Carl Smith stated that he knows Dixon but he did not see him that morning.

At 1220 hours, I took Carl Smith back home.

This case is Cleared with the arrest of Albert Owens for First Degree Murder and Possession of a Firearm in a Commission of a Felony.

| PAGE NO. | 20. REPORTING OFFICER | 14. NAME OF VICTIM/ARRESTEE 31 | 1. CASE/ARREST NO. |
|---|---|---|---|
| 24 | Det. C. Carter | Peter Lenahan / Albert Owens | 3391237-X |

133

# Exhibit G



City of Miami Police Department
Records Custodian
400 NW 2nd Ave
Miami, Florida 33128

# Exhibit H

City of Miami

DEPARTMENT OF HUMAN RESOURCES
P.O. Box 330708
Miami, FL 33233-0708



PRSRT 1ST CLASS 050125

PRESORTED
FIRST CLASS

ZIP 33331
02 4W
0000379559 APR 30 2025

US POSTAGE ᴾᵀᴴ PITNEY BOWES

$ 000.54⁵

3246034166 R003

Albert T. Owens, Jr. #193166
Apalachee Corr. Inst. East Unit
35 Apalachee Drive
Sneads, FL 32460




K-135S

## Ariel Rojas

**Terminate(Rojas, Ariel)**

Length of Service

This Service
- Years: 34
- Months: 9

Total Service
- Years: 34
- Months: 9

Date Start: 08-DEC-1980
Leaving Reason: Retirement

**Termination Dates**

CMIA Term: 26-SEP-2015
Projected:
CMIA System: 26-SEP-2015
Last Standard Process: 03-OCT-2015
Final Process: 21-NOV-2015

**Person Type and Assignment Status for Terminated Employee**

Type: Ex-employee
Status: Terminate Assignm

**Termination Accepted By**

Date:
Name:
Number:
[ JI.2 ]

Terminate        Reverse Termination

## Armando Rojas

**Terminate(Rojas, Armando)**

Length of Service

This Service
- Years: 28
- Months: 8

Total Service
- Years: 28
- Months: 8

Date Start: 23-JAN-1989
Leaving Reason: Retirement

**Termination Dates**

CMIA Term: 25-SEP-2017
Projected:
CMIA System: 25-SEP-2017
Last Standard Process: 30-SEP-2017
Final Process: 20-NOV-2017

**Person Type and Assignment Status for Terminated Employee**

Type: Ex-employee
Status: Terminate Assignm

**Termination Accepted By**

Date:
Name:
Number:
[ JI.2 ]

Terminate        Reverse Termination



| Effective Date: | 26-SEP-2015 | | |
|---|---|---|---|
| Employee Name: | Rojas, Ariel | Employee Number: | 6089 |
| Job: | 5012.Police Lt.Classified | Employee Group: | FOP (Police) Bargaining Unit |
| Department: | 19 - Police Department | | |
| Termination Reason: | Retirement | | |

PAF Committed -26-SEP-2015-Termination V5 for Rojas, Ariel (proposed by Noda, Ibis)

## Termination

| | |
|---|---|
| Termination Date | 26-SEP-2015 |
| Notification Date | 26-SEP-2015 |
| Reason | Retirement |
| Retirement Type | Normal Service Retirement - Forward/Drop |
| Retirement Date | 26-SEP-2015 |
| Comments | |

## Action History

| Num | Action Date | Action | Action Taken By | Action By | Details |
|---|---|---|---|---|---|
| 1 | 25-SEP-15 | SUBMIT | Noda, Ibis M | INODA | |
| 2 | 25-SEP-15 | APPROVED | Sanders-Bell, Qiana S | QSANDERS-BELL | |
| 3 | 25-SEP-15 | APPROVED | Gomez, Jorge H. | 2383 | |
| 4 | 28-SEP-15 | APPROVED | ER:Reviewer | TJOHNSON | |
| 5 | 28-SEP-15 | APPROVED | ER:Director-Designee | SMSOTO | Approved for HR Director - Stephanie Marie Soto |
| 6 | 26-SEP-15 | APPROVED | ER:City Manager-Designee | AKLOSE | |
| 7 | 29-SEP-15 | APPROVED | | CMIA_APPROVER | |



| | | | |
|---|---|---|---|
| Effective Date: | 25-SEP-2017 | | |
| Employee Name: | Rojas, Armando | Employee Number: | 6156 |
| Job: | 5012.Police Lt.Classified | Employee Group: | FOP (Police) Bargaining Unit |
| Department: | 19 - Police Department | | |
| Termination Reason: | Retirement | | |

PAF Committed -25-SEP-2017-Termination V5 for Rojas, Armando (proposed by Noda, Ibis)

## Termination

| | | |
|---|---|---|
| | Termination Date | 25-SEP-2017 |
| | Notification Date | 25-SEP-2017 |
| | Reason | Retirement |
| | Retirement Type | Normal Service Retirement - Forward/Drop |
| | Retirement Date | 25-SEP-2017 |
| | Comments | ▆▆▆▆▆ |

## Action History

| Num | Action Date | Action | Action Role | Action By | Details |
|---|---|---|---|---|---|
| 1 | 25-SEP-17 | SUBMIT | Noda, Ibis M | 28254 | |
| 2 | 25-SEP-17 | APPROVED | Sanders-Bell, Qiana S | QSANDERS-BELL | |
| 3 | 26-SEP-17 | APPROVED | Papier, Ronald L. | 5475 | |
| 4 | 26-SEP-17 | APPROVED | ER:Reviewer | WDOWNER | |
| 5 | 26-SEP-17 | APPROVED | ER:Director-Designee | DANDELGADO | Approved for HR Director - Daniel Delgado |
| 6 | 26-SEP-17 | APPROVED | ER:City Manager-Designee | AROBERTS | |
| 7 | 27-SEP-17 | APPROVED | | CMIA_APPROVER | |

Page 1 of 1

# EXHIBIT I

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 24-cv-24094-BLOOM

ALBERT T. OWENS, JR.,

      Plaintiff,

v.

OFFICER RAMOS,

      Defendant.

_____/

### <u>ORDER OF DISMISSAL</u>

    **THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On March 25, 2025, this Court granted Plaintiff leave to file a Second Amended Complaint replacing "Officer Saunders" with "Officer Ramos" as the Defendant who allegedly assaulted Plaintiff in 1998. ECF No. [67]. This Court then ordered the City of Miami to produce Officer Ramos's last known address to enable the United States Marshal to effect service on him. ECF No. [68]. The next day, the City of Miami responded that no police officer with the last name of "Ramos" was employed by the City of Miami in 1998. ECF No. [70]. For the following reasons, this case is **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 4(m) for failure to perfect service.

    Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-*

*Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quotation omitted). Even when the plaintiff cannot demonstrate good cause, "the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Id.* at 1282. Circumstances warranting an extension of time include when the statute of limitations would prevent refiling or when the defendant evades service. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 919 (11th Cir. 2020). "Only after considering whether any such factors exist[,] may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." *Lepone-Dempsey*, 476 F.3d at 1282. The running of the statute of limitations must be considered but does not require that a district court extend the time for service of process under Rule 4(m). *Id.*

When a prisoner-plaintiff is proceeding *in forma pauperis* ("IFP"), he may rely on the Court and the U.S. Marshal to effect proper service. *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990). Therefore, a plaintiff "has shown 'good cause' for purposes of a dismissal pursuant to Rule 4(m) when a United States Marshal has failed to properly serve process through no fault of the plaintiff." *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1287 (11th Cir. 2009). The plaintiff, however, must assist the Court in attempting to effect service. *See Fowler*, 899 F.2d at 1095. The plaintiff must provide enough information about the defendant's identity to enable the U.S. Marshal to locate and serve the defendant "with reasonable effort." *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010). When the plaintiff has not provided sufficient information to enable service, he has not shown "good cause" to extend the service deadline under Rule 4(m). *See Smith v. Belle*, 321 F. App'x 838, 845 (11th Cir. 2009) (holding that the district court correctly dismissed claims against defendant under Rule 4(m) where plaintiff failed to provide a current address for U.S. Marshal to serve defendant); *Brown v. Davis*, 656 F. App'x 920, 921 (11th Cir. 2016) (same).

Case No. 24-cv-24094-BLOOM

Here, Plaintiff has failed to provide sufficient information to enable the U.S. Marshal to locate and serve the potential Defendant with "reasonable effort," despite this Court's assistance. *Id.* Plaintiff filed a Complaint in state court on April 16, 2024, alleging, *inter alia*, that in 1998, he was sexually assaulted by a City of Miami police officer named Saunders. *See* Notice of Removal, ECF No. [1] ¶ 1; Am. Compl, ECF No. [1-1]. Plaintiff thereafter filed an Amended Complaint on July 22, 2024. On October 23, 2024, the municipal Defendants removed this case to federal court, ECF No. [1] ¶, and this Court screened the Amended Complaint under 28 U.S.C. § 1915A, finding that only the claims against "Officer Saunders" should proceed. ECF No. [35]. Plaintiff then asked for Court assistance in locating and serving "Officer Saunders." ECF No. [22]. On December 20, 2024, this Court ordered the City of Miami to provide the last known home address for "Officer Saunders" so the U.S. Marshal could effect service on him. ECF Nos. [40].

On January 21, 2025, the City of Miami responded that "Officer Saunders" could not be the officer who assaulted Plaintiff in 1998 because the only Saunders employed by the City of Miami as a police officer in 1998 was female. ECF No. [52] ¶ 7. On January 23, 2025, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to provide enough information to serve the Defendant. ECF No. [53]. Alternatively, it ordered Plaintiff to provide more information about Defendant's identity to enable the U.S. Marshal to effect service. *Id.* On January 31, 2025, Plaintiff responded that he believed Defendant's real name was in a supplemental police report from former City of Miami Homicide Detective C. Carter. ECF No. [55]. Plaintiff then obtained this supplemental report, and on March 6, 2025, he filed a Second Amended Complaint ("SAC"), naming "Officer Ramos," the officer whose name appears on page 22 of the supplemental report, as the Defendant. *See* ECF No. [65] at 61.

Based on the Plaintiff's assertion, this Court permitted Plaintiff's SAC to proceed. ECF No. [67]. It found that good cause existed for allowing Plaintiff to amend after the deadline because

- 3 -

he had been diligent in discovering Ramos's identity. *Id.* On the same day, it ordered the City of Miami to produce Ramos's last known home address, as it had done earlier for "Officer Saunders." ECF No. [68]. The City of Miami responded the next day that "based upon the information contained in its systems, the City of Miami did not employ a police officer in December 1998 by the last name of 'Ramos' that was of the male gender and capable of sexually battering Plaintiff in the manner described in his Complaint." ECF No. 70 ¶ 11.

Since the information Plaintiff has provided to date has not led to the discovery of Defendant's identity and whereabouts, he cannot be located and served by the U.S. Marshal with "reasonable effort." *Richardson*, 598 F.3d at 740. Thus, Plaintiff has not shown good cause to extend the service deadline under Rule 4(m). Plaintiff filed this case in April of 2024, and almost a year has elapsed without service on Defendant. This Court has given Plaintiff multiple extensions of time and ample assistance in discovering Defendant's identity. *See Giddens v. Brooks Cnty., Ga.*, No. 21-11755, 2022 WL 836273, at *6 (11th Cir. Mar. 21, 2022) ("The district court properly exercised discretion in finding no 'good cause' for an additional extension of time to serve [Defendant]. The district court had already granted Plaintiff a 45-day extension and advised Plaintiff that the [U.S. Marshal] could not execute service until Plaintiff provided a valid address for [Defendant].")." Thus, as over 90 days have elapsed since the Complaint was filed, this case must be dismissed without prejudice under Rule 4(m).

In addition, neither the statute of limitations nor any other considerations "warrant an extension of time based on the facts of the case." *Bilal*, 981 F.3d at 919 (quotation omitted). Plaintiff alleged that the statute of limitations was tolled until March 8, 2024, when he discovered that the officer who assaulted him used a false name. *See* Am. Compl., ECF No. [1-1] ¶¶ 64–65. This Court concluded on screening that it did not appear "beyond a doubt" that the statute of limitations was not tolled until that date. ECF No. [35] at 7–9. If Plaintiff is correct, then he has

Case No. 24-cv-24094-BLOOM

until March 8, 2028 to refile his claims. *See Ellison v. Lester*, 275 F. App'x 900, 901–02 (11th Cir. 2008) (holding that a four-year statute of limitations governs § 1983 claims arising in Florida). If Plaintiff is incorrect, then the statute of limitations has already expired. Either way, he will not be prejudiced by a dismissal due to the expiration of the statute of limitations. Moreover, no other considerations preclude dismissal. Defendant has not attempted to evade service, the City of Miami has promptly and diligently responded to this Court's requests for Defendant's address, and Plaintiff has been cautioned that the failure to perfect service could lead to dismissal. Given that dismissal is without prejudice, Plaintiff may simply refile his claims once he identifies the correct Defendant.

Accordingly, it is it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 4(m) for failure to perfect service.

2. The Clerk of Court is directed to **CLOSE** this case.

3. To the extent not otherwise disposed of, all deadlines are **TERMINATED,** and all pending motions are **DENIED AS MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 27, 2025.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Albert T. Owens, *PRO SE*
193166
Apalachee Correctional Institution East
Inmate Mail/Parcels

- 5 -

35 Apalachee Drive
Sneads, FL 32460

## LIST OF PREVIOUS LAWSUIT

1. Owens v. Harrell, case no.: 5:20-cv-148-RV-MJF / U.S. Dist. Court
2. Owens v. Fernandez, case no.: 5:20-cv-178-TKW-MJF / U.S. Dist. Court
3. Owens v. Pieper, case no.: 20-CA-164 / Walton County Court
4. Owens v. Can't Recall, case no.: 3:21-cv-1778-MCR-EMT / U.S. Dist. Court
5. Owens v. Leavins, case no.: 3:21-cv-4815-MCR-HTC / U.S. Dist. Court
6. Owens v. Dixon, case no.: 3:24-cv-60-MMH-MCR / U.S. Dist. Court
7. Owens v. F.D.O.C, case no.: 3:23-cv-01447-BJD-JBT / U.S. Dist. Court
8. Owens v. Basnaw, case no.: 2024-sc-000637 / Leon County Court
9. Owens v. Linblade, case no.: 2024-sc-000663 / Leon County Court
10. Owens v. Polk, case no.: 2024-sc-000662 / Leon County Court
11. Owens v. Nelson, case no.: 24-006833-CA-01 / Miami-Dade Circuit Court
12. Owens v. F.D.O.C, case no.: 2024-sc-000829 / Leon County Court
13. Owens v. Lane, case no.: 3:24-cv-00210-TJC-LLL / U.S. Dist. Court
14. Owens v. Torres, case no.: 2024-sc-136 / Suwannee County Court
15. Owens v. Torres, case no.: 2024-CA-161 / Suwannee County Court
16. Owens v. Torres, case no.: 1D 2024-2082 / First DCA
17. Owens v. Dixon, case no.: 2024-CA-001385 / Leon Circuit Court
18. Owens v. Miami-Dade Cnty, case no.: 24-cv-24094-BB / U.S. Dist. Court
19. Owens v. Dixon, case no.: 24-cv-441-TKW-MJAF / U.S. Dist. Court
20. Owens v. Dixon, case no.: 24-cv-00185-AW-HTC / U.S. Dist. Court
21. Owens v. Dixon, case no.: 2024-CA-1928 / Leon Circuit Court
22. Owens v. Dixon, case no.: 2024-CA-1608 / Leon Circuit Court
23. Owens v. Rojas, case no.: 1:25-cv-22255-LEIBOWITZ / U.S. Dist. Court
24. Owens v. Linblade, case no.: 1D 2025-D304 / First DCA
25.
26.

IBSR140 (74)

FLORIDA DEPARTMENT OF CORRECTIONS
TRUST FUND ACCOUNT STATEMENT
FOR: 02/01/2025 - 08/21/2025

08/21/25
14:04:29
PAGE  1

ACCT NAME: OWENS, ALBERT
BED: K11375
PO BOX:

ACCT#: 193166
TYPE: INMATE TRUST

BEGINNING BALANCE 02/01/25    $0.00

| POSTED DATE | NBR | TYPE | REFERENCE NUMBER | FAC | REMITTER/PAYEE | +/- | AMOUNT | BALANCE |
|---|---|---|---|---|---|---|---|---|
| 02/04/25 | 228 | MEDICAL CO-PAY | 02032511140RR | 000 | | - | $0.00 | $0.00 |
| 02/04/25 | 130 | LIEN CREATED | - 02/04/2025 | 02032511140RR | | - | $0.00 | $0.00 |
| 02/05/25 | 130 | LEGAL POSTAGE W | 2025012801 | 000 | | - | $0.00 | $0.00 |
| 02/05/25 | 130 | LIEN CREATED | - 02/05/2025 | 2025012801 | | - | $0.00 | $0.00 |
| 02/05/25 | 130 | LEGAL POSTAGE W | 2025012802 | 000 | | - | $0.00 | $0.00 |
| 02/05/25 | 130 | LIEN CREATED | - 02/05/2025 | 2025012802 | | - | $0.00 | $0.00 |
| 02/05/25 | 130 | LEGAL POSTAGE W | 2025013001 | 000 | | - | $0.00 | $0.00 |
| 02/05/25 | 130 | LIEN CREATED | - 02/05/2025 | 2025013001 | | - | $0.00 | $0.00 |
| 02/05/25 | 130 | LEGAL POSTAGE W | 2025013002 | 000 | | - | $0.00 | $0.00 |
| 02/05/25 | 130 | LIEN CREATED | - 02/05/2025 | 2025013002 | | - | $0.00 | $0.00 |
| 02/05/25 | 130 | LEGAL POSTAGE W | 2025013101 | 000 | | - | $0.00 | $0.00 |
| 02/05/25 | 130 | LIEN CREATED | - 02/05/2025 | 2025013101 | | - | $0.00 | $0.00 |
| 02/05/25 | 130 | LEGAL POSTAGE W | 2025013102 | 000 | | - | $0.00 | $0.00 |
| 02/05/25 | 130 | LIEN CREATED | - 02/05/2025 | 2025013102 | | - | $0.00 | $0.00 |
| 02/10/25 | 190 | LEGAL POSTAGE W | 2025020301 | 000 | | - | $0.00 | $0.00 |
| 02/10/25 | 190 | LIEN CREATED | - 02/10/2025 | 2025020301 | | - | $0.00 | $0.00 |
| 02/10/25 | 190 | LEGAL POSTAGE W | 2025020302 | 000 | | - | $0.00 | $0.00 |
| 02/10/25 | 190 | LIEN CREATED | - 02/10/2025 | 2025020302 | | - | $0.00 | $0.00 |
| 02/10/25 | 190 | LEGAL POSTAGE W | 2025020401 | 000 | | - | $0.00 | $0.00 |
| 02/10/25 | 190 | LIEN CREATED | - 02/10/2025 | 2025020401 | | - | $0.00 | $0.00 |
| 02/19/25 | 153 | LEGAL POSTAGE W | 2025021001 | 000 | | - | $0.00 | $0.00 |
| 02/19/25 | 153 | LIEN CREATED | - 02/19/2025 | 2025021001 | | - | $0.00 | $0.00 |
| 02/19/25 | 153 | LEGAL POSTAGE W | 2025021002 | 000 | | - | $0.00 | $0.00 |
| 02/19/25 | 153 | LIEN CREATED | - 02/19/2025 | 2025021002 | | - | $0.00 | $0.00 |
| 02/19/25 | 153 | LEGAL POSTAGE W | 2025021003 | 000 | | - | $0.00 | $0.00 |
| 02/19/25 | 153 | LIEN CREATED | - 02/19/2025 | 2025021003 | | - | $0.00 | $0.00 |
| 02/19/25 | 153 | LEGAL POSTAGE W | 2025021101 | 000 | | - | $0.00 | $0.00 |
| 02/19/25 | 153 | LIEN CREATED | - 02/19/2025 | 2025021101 | | - | $0.00 | $0.00 |
| 02/27/25 | 165 | LEGAL POSTAGE W | 2025022001 | 000 | | - | $0.00 | $0.00 |
| 02/27/25 | 165 | LIEN CREATED | - 02/27/2025 | 2025022001 | | - | $0.00 | $0.00 |
| 02/27/25 | 165 | LEGAL POSTAGE W | 2025022002 | 000 | | - | $0.00 | $0.00 |
| 02/27/25 | 165 | LIEN CREATED | - 02/27/2025 | 2025022002 | | - | $0.00 | $0.00 |
| 03/03/25 | 188 | LEGAL POSTAGE W | 2025022401 | 000 | | - | $0.00 | $0.00 |
| 03/03/25 | 188 | LIEN CREATED | - 03/03/2025 | 2025022401 | | - | $0.00 | $0.00 |
| 03/03/25 | 188 | LEGAL POSTAGE W | 2025022601 | 000 | | - | $0.00 | $0.00 |
| 03/03/25 | 188 | LIEN CREATED | - 03/03/2025 | 2025022601 | | - | $0.00 | $0.00 |
| 03/03/25 | 188 | LEGAL POSTAGE W | 2025022602 | 000 | | - | $0.00 | $0.00 |
| 03/03/25 | 188 | LIEN CREATED | - 03/03/2025 | 2025022602 | | - | $0.00 | $0.00 |
| 03/07/25 | 166 | MEDICAL CO-PAY | 0306250956RR | 000 | | - | $0.00 | $0.00 |
| 03/07/25 | 166 | LIEN CREATED | - 03/07/2025 | 0306250956RR | | - | $0.00 | $0.00 |

NOT AN OFFICIAL COPY PUBLIC ACCESS

```
IBSR140 (74)                                                      FLORIDA DEPARTMENT OF CORRECTIONS        08/21/25
                                                                     TRUST FUND ACCOUNT STATEMENT          14:04:29
ACCT NAME: OWENS, ALBERT                                          FOR: 02/01/2025 - 08/21/2025             PAGE   2
BED: K11375
PO BOX:
                                              ACCT#: 193166
                                              TYPE: INMATE TRUST
```

| POSTED DATE | NBR | TYPE | REFERENCE NUMBER | FAC | REMITTER/PAYEE | +/- | AMOUNT | BALANCE |
|---|---|---|---|---|---|---|---|---|
| 03/13/25 | 103 | LEGAL POSTAGE W | 2025030301 | 000 | | - | $0.00 | $0.00 |
| 03/13/25 | 103 | LIEN CREATED - | 03/13/2025 | 000 | | | $0.00 | $0.00 |
| 03/13/25 | 103 | LEGAL POSTAGE W | 2025030302 | 000 | | - | $0.00 | $0.00 |
| 03/13/25 | 103 | LIEN CREATED - | 03/13/2025 | 000 | | | $0.00 | $0.00 |
| 03/13/25 | 103 | LEGAL POSTAGE W | 2025030501 | 000 | | - | $0.00 | $0.00 |
| 03/13/25 | 103 | LIEN CREATED - | 03/13/2025 | 000 | | | $0.00 | $0.00 |
| 03/13/25 | 103 | LEGAL POSTAGE W | 2025030701 | 000 | | - | $0.00 | $0.00 |
| 03/13/25 | 103 | LIEN CREATED - | 03/13/2025 | 000 | | | $0.00 | $0.00 |
| 03/13/25 | 103 | LEGAL POSTAGE W | 2025030702 | 000 | | - | $0.00 | $0.00 |
| 03/13/25 | 103 | LIEN CREATED - | 03/13/2025 | 000 | | | $0.00 | $0.00 |
| 03/13/25 | 103 | LEGAL POSTAGE W | 2025030703 | 000 | | - | $0.00 | $0.00 |
| 03/17/25 | 197 | LIEN CREATED - | 03/13/2025 | 000 | | | $0.00 | $0.00 |
| 03/17/25 | 197 | LEGAL POSTAGE W | 2025031001 | 000 | | - | $0.00 | $0.00 |
| 03/17/25 | 197 | LIEN CREATED - | 03/17/2025 | 000 | | | $0.00 | $0.00 |
| 03/17/25 | 197 | LEGAL POSTAGE W | 2025031002 | 000 | | - | $0.00 | $0.00 |
| 03/17/25 | 197 | LIEN CREATED - | 03/17/2025 | 000 | | | $0.00 | $0.00 |
| 03/17/25 | 197 | LEGAL POSTAGE W | 2025031101 | 000 | | - | $0.00 | $0.00 |
| 03/17/25 | 197 | LIEN CREATED - | 03/17/2025 | 000 | | | $0.00 | $0.00 |
| 03/26/25 | 144 | LEGAL POSTAGE W | 2025031201 | 000 | | - | $0.00 | $0.00 |
| 03/26/25 | 144 | LIEN CREATED - | 03/17/2025 | 000 | | | $0.00 | $0.00 |
| 03/31/25 | 176 | LEGAL POSTAGE W | 2025031901 | 000 | | - | $0.00 | $0.00 |
| 03/31/25 | 176 | LIEN CREATED - | 03/26/2025 | 000 | | | $0.00 | $0.00 |
| 03/31/25 | 176 | LEGAL POSTAGE W | 2025032701 | 000 | | - | $0.00 | $0.00 |
| 03/31/25 | 176 | LIEN CREATED - | 03/31/2025 | 000 | | | $0.00 | $0.00 |
| 04/09/25 | 157 | LEGAL POSTAGE W | 2025032801 | 000 | | - | $0.00 | $0.00 |
| 04/09/25 | 157 | LIEN CREATED - | 03/31/2025 | 000 | | | $0.00 | $0.00 |
| 04/09/25 | 157 | LEGAL POSTAGE W | 2025033101 | 000 | | - | $0.00 | $0.00 |
| 04/09/25 | 157 | LIEN CREATED - | 04/09/2025 | 000 | | | $0.00 | $0.00 |
| 04/09/25 | 157 | LEGAL POSTAGE W | 2025033102 | 000 | | - | $0.00 | $0.00 |
| 04/09/25 | 157 | LIEN CREATED - | 04/09/2025 | 000 | | | $0.00 | $0.00 |
| 04/09/25 | 157 | LEGAL POSTAGE W | 2025040201 | 000 | | - | $0.00 | $0.00 |
| 04/09/25 | 157 | LIEN CREATED - | 04/09/2025 | 000 | | | $0.00 | $0.00 |
| 04/17/25 | 130 | LEGAL POSTAGE W | 2025040401 | 000 | | - | $0.00 | $0.00 |
| 04/17/25 | 130 | LIEN CREATED - | 04/09/2025 | 000 | | | $0.00 | $0.00 |
| 04/17/25 | 130 | LEGAL POSTAGE W | 2025040801 | 000 | | - | $0.00 | $0.00 |
| 04/17/25 | 130 | LIEN CREATED - | 04/17/2025 | 000 | | | $0.00 | $0.00 |
| 04/17/25 | 130 | LEGAL POSTAGE W | 2025040901 | 000 | | - | $0.00 | $0.00 |
| 04/21/25 | 199 | LIEN CREATED - | 04/17/2025 | 000 | | | $0.00 | $0.00 |
| 04/21/25 | 199 | LEGAL POSTAGE W | 2025041601 | 000 | | - | $0.00 | $0.00 |
| 04/21/25 | 199 | LIEN CREATED - | 04/21/2025 | 000 | | | $0.00 | $0.00 |
| 04/21/25 | 199 | LEGAL POSTAGE W | 2025041602 | 000 | | - | $0.00 | $0.00 |
| 04/21/25 | 199 | LIEN CREATED - | 04/21/2025 | 000 | | | $0.00 | $0.00 |
| 04/21/25 | 199 | LEGAL POSTAGE W | 2025041801 | 000 | | - | $0.00 | $0.00 |

IBSR140 (74)

ACCT NAME: OWENS, ALBERT
BED: K1137S
PO BOX:

ACCT#: 193166
TYPE: INMATE TRUST

FLORIDA DEPARTMENT OF CORRECTIONS
TRUST FUND ACCOUNT STATEMENT
FOR: 02/01/2025 - 08/21/2025

08/21/25
14:04:29
PAGE 3

| POSTED DATE | NBR | TYPE | REFERENCE NUMBER | FAC | REMITTER/PAYEE | +/- | AMOUNT | BALANCE |
|---|---|---|---|---|---|---|---|---|
| 05/02/25 | 121 | LEGAL POSTAGE W | 2025042101 | 000 | | - | $0.00 | $0.00 |
| 05/02/25 | 121 | LIEN CREATED - 05/02/2025 | 2025042101 | 000 | | - | $0.00 | $0.00 |
| 05/02/25 | 121 | LEGAL POSTAGE W | 2025042102 | 000 | | - | $0.00 | $0.00 |
| 05/02/25 | 121 | LIEN CREATED - 05/02/2025 | 2025042102 | 000 | | - | $0.00 | $0.00 |
| 05/02/25 | 121 | LEGAL POSTAGE W | 2025042103 | 000 | | - | $0.00 | $0.00 |
| 05/02/25 | 121 | LIEN CREATED - 05/02/2025 | 2025042103 | 000 | | - | $0.00 | $0.00 |
| 05/02/25 | 121 | LEGAL POSTAGE W | 2025042201 | 000 | | - | $0.00 | $0.00 |
| 05/02/25 | 121 | LIEN CREATED - 05/02/2025 | 2025042201 | 000 | | - | $0.00 | $0.00 |
| 05/02/25 | 121 | LEGAL POSTAGE W | 2025042202 | 000 | | - | $0.00 | $0.00 |
| 05/14/25 | 170 | LIEN CREATED - 05/02/2025 | 2025042202 | 000 | | - | $0.00 | $0.00 |
| 05/14/25 | 170 | LEGAL POSTAGE W | 2025050501 | 000 | | - | $0.00 | $0.00 |
| 05/14/25 | 170 | LIEN CREATED - 05/14/2025 | 2025050501 | 000 | | - | $0.00 | $0.00 |
| 05/22/25 | 164 | LEGAL POSTAGE W | 2025050801 | 000 | | - | $0.00 | $0.00 |
| 05/22/25 | 164 | LIEN CREATED - 05/14/2025 | 2025050801 | 000 | | - | $0.00 | $0.00 |
| 05/22/25 | 164 | LEGAL POSTAGE W | 2025051201 | 000 | | - | $0.00 | $0.00 |
| 05/22/25 | 164 | LIEN CREATED - 05/21/2025 | 2025051201 | 000 | | - | $0.00 | $0.00 |
| 05/28/25 | 143 | LEGAL POSTAGE W | 2025051301 | 000 | | - | $0.00 | $0.00 |
| 05/28/25 | 143 | LIEN CREATED - 05/22/2025 | 2025051301 | 000 | | - | $0.00 | $0.00 |
| 05/28/25 | 143 | LEGAL POSTAGE W | 2025051901 | 000 | | - | $0.00 | $0.00 |
| 05/28/25 | 143 | LIEN CREATED - 05/28/2025 | 2025051901 | 000 | | - | $0.00 | $0.00 |
| 05/28/25 | 143 | LEGAL POSTAGE W | 2025051902 | 000 | | - | $0.00 | $0.00 |
| 06/12/25 | 118 | LIEN CREATED - 05/28/2025 | 2025051902 | 000 | | - | $0.00 | $0.00 |
| 06/12/25 | 118 | LIEN CREATED - 05/28/2025 | 2025052101 | 000 | | - | $0.00 | $0.00 |
| 06/12/25 | 118 | LEGAL POSTAGE W | 2025052101 | 000 | | - | $0.00 | $0.00 |
| 06/12/25 | 118 | LIEN CREATED - 06/04/2025 | 2025060401 | 000 | | - | $0.00 | $0.00 |
| 06/12/25 | 118 | LEGAL POSTAGE W | 2025060401 | 000 | | - | $0.00 | $0.00 |
| 06/12/25 | 118 | LIEN CREATED - 06/12/2025 | 2025060402 | 000 | | - | $0.00 | $0.00 |
| 06/12/25 | 118 | LEGAL POSTAGE W | 2025060402 | 000 | | - | $0.00 | $0.00 |
| 06/12/25 | 118 | LIEN CREATED - 06/12/2025 | 2025060501 | 000 | | - | $0.00 | $0.00 |
| 06/25/25 | 136 | LEGAL POSTAGE W | 2025060502 | 000 | | - | $0.00 | $0.00 |
| 06/25/25 | 136 | LIEN CREATED - 06/12/2025 | 2025060502 | 000 | | - | $0.00 | $0.00 |
| 06/30/25 | 188 | LEGAL POSTAGE W | 2025061701 | 000 | | - | $0.00 | $0.00 |
| 06/30/25 | 188 | LIEN CREATED - 06/25/2025 | 2025061701 | 000 | | - | $0.00 | $0.00 |
| 07/10/25 | 148 | LEGAL POSTAGE W | 2025062301 | 000 | | - | $0.00 | $0.00 |
| 07/10/25 | 148 | LIEN CREATED - 06/30/2025 | 2025062301 | 000 | | - | $0.00 | $0.00 |
| 07/11/25 | 137 | LEGAL POSTAGE W | 2025070101 | 000 | | - | $0.00 | $0.00 |
| 07/11/25 | 137 | LIEN CREATED - 07/10/2025 | 2025070101 | 000 | | - | $0.00 | $0.00 |
| 07/11/25 | 137 | LEGAL POSTAGE W | 2025070702 | 000 | | - | $0.00 | $0.00 |
| 07/21/25 | 200 | LIEN CREATED - 07/11/2025 | 2025070702 | 000 | | - | $0.00 | $0.00 |
| 07/21/25 | 200 | LEGAL POSTAGE W | 2025071601 | 000 | | - | $0.00 | $0.00 |
| 07/28/25 | 177 | LIEN CREATED - 07/21/2025 | 2025071601 | 000 | | - | $0.00 | $0.00 |
| 07/28/25 | 177 | LEGAL POSTAGE W | 2025072101 | 000 | | - | $0.00 | $0.00 |
| | | LIEN CREATED - 07/28/2025 | 2025072101 | 000 | | - | $0.00 | $0.00 |

NOT AN OFFICIAL COPY - PUBLIC ACCESS

IBSR140 (74)

FLORIDA DEPARTMENT OF CORRECTIONS
TRUST FUND ACCOUNT STATEMENT
FOR: 02/01/2025 - 08/21/2025

08/21/25
14:04:29
PAGE    4

ACCT NAME: OWENS, ALBERT
BED: K1137S
PO BOX:

ACCT#: 193166
TYPE: INMATE TRUST

| POSTED DATE | NBR | TYPE | REFERENCE NUMBER | FAC | REMITTER/PAYEE | +/- | AMOUNT | BALANCE |
|---|---|---|---|---|---|---|---|---|
| 07/28/25 | 177 | LEGAL POSTAGE W | 2025072401 | 000 | | - | $0.00 | $0.00 |
| 07/28/25 | 177 | LIEN CREATED - | 07/28/2025 | 000 | | - | $0.00 | $0.00 |
| 07/28/25 | 177 | LEGAL POSTAGE W | 2025072402 | 000 | | - | $0.00 | $0.00 |
| 07/28/25 | 177 | LIEN CREATED - | 07/28/2025 | 000 | | - | $0.00 | $0.00 |
| 07/28/25 | 177 | LEGAL POSTAGE W | 2025072403 | 000 | | - | $0.00 | $0.00 |
| 07/28/25 | 177 | LIEN CREATED - | 07/28/2025 | 000 | | - | $0.00 | $0.00 |
| 07/28/25 | 177 | LEGAL POSTAGE W | 2025072501 | 000 | | - | $0.00 | $0.00 |
| 08/06/25 | 126 | LIEN CREATED - | 07/28/2025 | 000 | | - | $0.00 | $0.00 |
| 08/06/25 | 126 | LEGAL POSTAGE W | 2025072801 | 000 | | - | $0.00 | $0.00 |
| 08/06/25 | 126 | LIEN CREATED - | 08/06/2025 | 000 | | - | $0.00 | $0.00 |
| 08/16/25 | 191 | MEDICAL CO-PAY | 08152508200RR | 000 | | - | $0.00 | $0.00 |
| 08/16/25 | 191 | LIEN CREATED - | 08/16/2025 | 08152508200RR | | - | $0.00 | $0.00 |
| 08/20/25 | 127 | LEGAL POSTAGE W | 2025081201 | 000 | | - | $0.00 | $0.00 |
| 08/20/25 | 127 | LIEN CREATED - | 08/20/2025 | 2025081201 | | - | $0.00 | $0.00 |
| 08/20/25 | 127 | LEGAL POSTAGE W | 2025081501 | 000 | | - | $0.00 | $0.00 |
| 08/20/25 | 127 | LIEN CREATED - | 08/20/2025 | 2025081501 | | - | $0.00 | $0.00 |

| HOLD DATE | TYPE OF HOLD | HOLD FACL | AMOUNT OF HOLD |
|---|---|---|---|
| 08/15/25 | MEDICAL BILLS | 102 | $7.50 |

| LIEN DATE | TYPE OF LIEN | LIEN FACL | AMOUNT OF LIEN | AMOUNT STILL OWED |
|---|---|---|---|---|
| SUMMARY | STATE PRISON LITIGATION | | $1,020.00 | $1,020.00 |
| SUMMARY | FEDERAL PRISON LITIGATION | | $350.00 | $250.00 |
| SUMMARY | MEDICAL CO-PAYMENT | | $70.00 | $65.00 |
| SUMMARY | LEGAL COPIES | | $208.35 | $208.35 |
| SUMMARY | MEDICAL BILLS | | $16.65 | $16.65 |
| SUMMARY | LEGAL POSTAGE | | $313.41 | $313.41 |
| SUMMARY | PROCESSING FEE | | $0.46 | $0.39 |
| 02/04/25 | MEDICAL CO-PAYMENT | | $5.00 | $5.00 |
| 02/05/25 | LEGAL POSTAGE | | $0.69 | $0.69 |
| 02/05/25 | LEGAL POSTAGE | | $0.69 | $0.69 |
| 02/05/25 | LEGAL POSTAGE | | $0.69 | $0.69 |
| 02/05/25 | LEGAL POSTAGE | | $0.69 | $0.69 |
| 02/05/25 | LEGAL POSTAGE | | $1.25 | $1.25 |
| 02/05/25 | LEGAL POSTAGE | | $1.25 | $1.25 |

ENDING BALANCE 08/21/25          $0.00

ISBR140 (74)

```
ACCT NAME: OWENS, ALBERT                    ACCT#: 193166
BED: K1137S                                 TYPE: INMATE TRUST
PO BOX:
```

FLORIDA DEPARTMENT OF CORRECTIONS
TRUST FUND ACCOUNT STATEMENT
FOR: 02/01/2025 - 08/21/2025

| LIEN DATE | TYPE OF LIEN | LIEN FACL | AMOUNT OF LIEN | AMOUNT STILL OWED |
|---|---|---|---|---|
| 02/05/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 02/05/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 02/10/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 02/10/25 | LEGAL POSTAGE | 000 | $0.97 | $0.97 |
| 02/10/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 02/19/25 | LEGAL POSTAGE | 000 | $0.97 | $0.97 |
| 02/19/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 02/19/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 02/19/25 | LEGAL POSTAGE | 000 | $0.97 | $0.97 |
| 02/27/25 | LEGAL POSTAGE | 000 | $0.97 | $0.97 |
| 02/27/25 | LEGAL POSTAGE | 000 | $0.97 | $0.97 |
| 03/03/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 03/03/25 | LEGAL POSTAGE | 000 | $0.97 | $0.97 |
| 03/03/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 03/03/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 03/07/25 | MEDICAL CO-PAYMENT | 000 | $5.00 | $5.00 |
| 03/13/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 03/13/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 03/13/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 03/13/25 | LEGAL POSTAGE | 000 | $4.61 | $4.61 |
| 03/13/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 03/13/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 03/13/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 03/13/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 03/17/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 03/17/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 03/17/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 03/17/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 03/17/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 03/26/25 | LEGAL POSTAGE | 000 | $4.31 | $4.31 |
| 03/31/25 | LEGAL POSTAGE | 000 | $0.97 | $0.97 |
| 03/31/25 | LEGAL POSTAGE | 000 | $0.97 | $0.97 |
| 04/04/25 | STATE PRISON LITIGATION | 102 | $445.00 | $445.00 |
| 04/04/25 | LEGAL POSTAGE | 000 | $1.25 | $1.25 |
| 04/09/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 04/09/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 04/09/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 04/09/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 04/17/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 04/17/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 04/21/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 04/21/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 04/21/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 04/21/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |

IBSR140 (74)

FLORIDA DEPARTMENT OF CORRECTIONS
TRUST FUND ACCOUNT STATEMENT
FOR: 02/01/2025 - 08/21/2025

ACCT NAME: OWENS, ALBERT
BED: K1137S
PO BOX:

ACCT#: 193166
TYPE: INMATE TRUST

| LIEN DATE | TYPE OF LIEN | LIEN FACT | AMOUNT OF LIEN | AMOUNT STILL OWED |
|---|---|---|---|---|
| 05/02/25 | LEGAL POSTAGE | 000 | $2.04 | $2.04 |
| 05/02/25 | LEGAL POSTAGE | 000 | $1.25 | $1.25 |
| 05/02/25 | LEGAL POSTAGE | 000 | $4.91 | $4.91 |
| 05/02/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 05/02/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 05/14/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 05/14/25 | LEGAL POSTAGE | 000 | $8.85 | $8.85 |
| 05/22/25 | LEGAL POSTAGE | 000 | $1.77 | $1.77 |
| 05/22/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 05/28/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 05/28/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 05/28/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 06/12/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 06/12/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 06/12/25 | LEGAL POSTAGE | 000 | $1.25 | $1.25 |
| 06/12/25 | LEGAL POSTAGE | 000 | $1.25 | $1.25 |
| 06/25/25 | LEGAL POSTAGE | 000 | $1.25 | $1.25 |
| 06/30/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 07/10/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 07/11/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 07/11/25 | LEGAL POSTAGE | 000 | $0.69 | $0.69 |
| 07/21/25 | LEGAL POSTAGE | 000 | $0.74 | $0.74 |
| 07/28/25 | LEGAL POSTAGE | 000 | $0.74 | $0.74 |
| 07/28/25 | LEGAL POSTAGE | 000 | $1.03 | $1.03 |
| 07/28/25 | LEGAL POSTAGE | 000 | $0.74 | $0.74 |
| 07/28/25 | LEGAL POSTAGE | 000 | $0.74 | $0.74 |
| 07/28/25 | LEGAL POSTAGE | 000 | $1.03 | $1.03 |
| 08/06/25 | LEGAL POSTAGE | 000 | $2.72 | $2.72 |
| 08/16/25 | LEGAL POSTAGE | 000 | $2.72 | $2.72 |
| 08/20/25 | MEDICAL CO-PAYMENT | 000 | $5.00 | $5.00 |
| 08/20/25 | LEGAL POSTAGE | 000 | $0.74 | $0.74 |
| 08/20/25 | LEGAL POSTAGE | 000 | $0.74 | $0.74 |

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

THE CIRCUIT COURT OF THE ELEVENTH JUDICAL
CIRCUIT IN AND FOR DADE COUNTY, FLORIDA

ALBERT T. OWENS, JR.
_____

Plaintiff/Petitioner

vs

AHJEL ROJAS,
_____

Defendant/Respondent.

Case No. 2 5 0 1 8 1 1 5 CA 0 1

**AFFIDAVIT OF INDIGENCE PURSUANT TO SECTION 57.085, FLORIDA STATUES**

STATE OF FLORIDA, COUNTY OF Jackson

BEFORE ME the undersigned personally appeared, was duly sworn, and says:

1. My full name is Albert T. Owens, Jr.
   My address is 85 Apalachee Drive, Sneads, Fla. 32064
   My Department of Corrections inmate number is 193166
2. My present income is $ 0 and the nature of this income is 0

3. My total assets are valued at $ 0 , A complete list of my assets on the date of this affidavit are:
   (a) The amount of cash held by me and the balance of any checking, savings, money market, or trust accounts held by me is _____ $ 0
   (b) All tangible and Intangible property worth more than $100, Including, but not limited to, vehicles, stock, bonds, notes or negotiable securities, description of each is N/A $ 0
   All real property (description and location) is _____
4. The names and ages of my dependents for whom I pay child support are: NONE

5. The following is a complete list of debts owed by me and the name of and amount owed to each creditor:
   _____
   TOTAL DEBTS: $ 0
6. My monthly expenses are: NONE
7. I( )have/ ( )have not (mark one) been adjudicated indigent under s. 57.085, Florida Statues, certified indigent under s. 57.081, Florida Statues, or authorized to proceed as in indigent under 28 U.S.C s. 1915 by a federal court more than twice in the 3 years preceding the filing of this action. (If the affiant has been so adjudicated, affiant must seek leave of court to pursue a new suit).
8. I am presently unable to pay court costs and fees.
9. I have attached a photocopy of my prisoner's trust account record for the preceding 6 months or for the length of my incarceration, whichever period is shorter.

_____
Affiant

This Affidavit of Indigence was sworn to and subscribed before me on September 9th 20 25 by
Albert T. Owens Jr. who is personally known to me or who produced
Inmate ID as identification and who ( )did/ ( )did not take an oath.

(Seal)
My Commission Expires: 7/21/26

**SCARLET GIBSON**
Notary Public
State of Florida
Comm# HH294214
Expires 7/27/2026

_____
Notary Public

___ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL IN AND FOR MIAMI DADE COUNTY

___ IN THE COUNTY COURT OF THE ELEVENTH JUDICIAL IN AND FOR MIAMI DADE COUNTY

CASE NO: 2 5 0 1 8 1 1 5 CA 01

PLAINTIFF (s)

Albert T. Owens

DEFENDANT (S)

Ariel Rojas

---

STATE OF FLORIDA

COUNTY OF MIAMI – DADE

I, Juan Fernandez- Barquin Clerk of the Court and Comptroller Miami Dade County, Florida, certify that pursuant to F.S. 57.085, that the above named affiant has provided me with his/her personal affidavit and, if applicable, the certificate of a member of the Miami Dade BAR showing the applicant to be insolvent and unable to pay the charges, costs and fees otherwise payable by law to the sheriff and clerk of Miami Dade County.

In WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said court at Miami Dade County, Florida, this _____ day of _SEP 16 2025_____ 20___.

JUAN FERNANDEZ-BARQUIN
Clerk of the Court and Comptroller
Miami-Dade County

BY: _____
DEPUTY CLERK



## JUAN FERNANDEZ-BARQUIN
### CLERK OF THE COURT AND COMPTROLLER
### MIAMI-DADE COUNTY

Date: _____

**Civil Division**
Room 135
73 West Flagler Street
Miami, Florida 33130
(305) 349-7449

_____

_____

_____

RE: _____

**Dear MR(S).**

**OUR OFFICE WOULD LIKE TO PROVIDE YOU WITH PROMPT AND EFFICIENT SERVICE. HOWEVER, WE REGRET WE MUST RETURN YOUR DOCUMENT(S) FOR THE FOLLOWING REASON(S).**

[ ]     **ENCLOSED CHECK IS NOT SIGNED**
[ ]     **NO FILING FEE ENCLOSED**
[ ]     **COMPLAINT IS NOT SIGNED**
[ ]     **INCORRECT SUMMONS**
[ ]     **ADDITIONAL FILING FEE OF $ _____ IS REQUIRED**
        **PAYABLE TO: CLERK OF COURTS**
[ ]     **DOCUMENT MUST BE NOTARIZED**
[ ]     **NEED AN ORIGINAL COMPLAINT AND [      ] COPIES**
[ ]     **EACH PRE-TRIAL MUST BE FILLED OUT (FRONT AND BACK)**
[ ]     **RECORDING FEE NOT PAID**
[ ]     **OTHER:**
        _____

_____

_____

**YOU MAY MAKE THE NECESARRY CORRECTION(S) AND RE-SUBMIT YOUR DOCUMENT(S). TO ENSURE PROMPT HANDLING OF THIS MATTER, PLEASE MAIL THE DOCUMENTS TO THE ADDRESS SHOWN ABOVE AND TO THE <u>ATTENTION</u> OF THE UNDERSIGNED DEPUTY CLERK. THANK YOU.**

**JUAN FERNANDEZ-BARQUIN**
**CLERK OF THE COURT AND COMPTROLLER**
**MIAMI-DADE COUNTY**
**CIRCUIT AND COUNTY COURTS**

BY: _____
                **DEPUTY CLERK**

PROVIDED TO APALACHEE
CORRECTIONAL INSTITUTION
ON 11/18/25
FOR MAILING

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ALBERT T. OWENS, JR,
    Plaintiff

v.                  CASE NO.: 2025-018115-CA-01

ARIEL ROJAS
    Defendant.

## MOTION ISSUANCE OF SUMMONS

COMES NOW, Plaintiff Albert T. Owens, JR, pro se, and pursuant to Rule 1.070(j), Fla.R.Ci.P, moves for issuance of summons on Defendant Ariel Rojas. In support thereof Plaintiff states as follows:

1. On September 16, 2025, Plaintiff initiated this action by forwarding/filing his Complaint, Affidavit of Indigence and Three summons with this court naming Ariel Rojas as the Defendant.

2. That same day, the Clerk of Court determined that Plaintiff is insolvent and unable to pay the charges, costs and fees otherwise payable by law to the sheriff and clerk of Miami-Dade County.

3. Therefore, plaintiff moves this court to arrange for the Sheriff of Miami-Dade County to serve a copy of his Complaint and Summons upon the

Defendant Ariel Rojas.

WHEREFORE, plaintiff prays the Court grants this motion in the interest of justice.

Respectfully submitted,

/s/
Albert C. Owens, Jr. #198166
Apalachee C. I. East Unit
35 Apalachee Drive
Sneads, FL 32064

Date: September 24, 2025

PROVIDED TO APALACHEE
CORRECTIONAL INSTITUTION
ON 10/3 2025
FOR MAILING

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ALBERT T. OWENS, JR,
        Plaintiff,

v.                              CASE No. 2025-018115-CA-01

ARIEL ROJAS,
        Defendant

NOTICE OF INQUIRY

NOTICE IS HEREBY GIVEN that Plaintiff Albert T.
Owens, Jr., pro se, seeks information on whether service
of process has been affected on Defendant Ariel Rojas.

                    Respectfully submitted,

                    /s/
                    Albert T. Owens, Jr #193166
                    Apalachee Corr. Inst. East Unit
                    35 Apalachee Drive
                    Sneads, FL 32460

                    Dated on: 10/3/2025



# Miami-Dade Sheriff's Office

## Court Services Bureau

### Rosie Cordero-Stutz
*Sheriff*



| ALBERT T OWENS vs ARIEL ROJAS | Case Number<br>2025-018115-CA-01 |
|---|---|

## RETURN OF SERVICE

### SUMMONS - CIVIL

| 10/28/25  9:18 am | Served - Personally | | SERVED (SVRT) | ARIEL ROJAS |
|---|---|---|---|---|

10/22/2025   Came this day into hand of the Sheriff

10/28/2025   09:18 AM - SERVED THE SUMMONS UPON ARIEL ROJAS AT 9244 SW 212TH TER, MIAMI, FL 33189. SERVICE AFFECTED BY: CSS1 DAVID SCHILLE #8333, DEPUTY SHERIFF OF MIAMI-DADE COUNTY, FL.\N\N

DAVID SCHILLE, CSS1, #8333

FILED FOR RECORD
CIVIL DIVISION #96
2025 OCT 31  PM 1:16
CLERK
CIRCUIT & COUNTY COURTS
MIAMI-DADE COUNTY, FL

**ALBERT T OWENS**
**APALACHEE CORRECTIONAL I EAST UNIT**
**35 APALACHEE DR**
**SNEADS, FL 32460**

PROVIDED TO APALACHEE
CORRECTION INSTITUTION
ON 9/9/2025 FOR MAILING

THE CIRCUIT COURT OF THE ELEVENTH JUDICAL
CIRCUIT IN AND FOR DADE COUNTY, FLORIDA

ALBERT T. OWENS, JR.

Plaintiff/Petitioner

Case No. 25 01 8115 CA 01

vs

ARIEL ROJAS,

Defendant/Respondent

**AFFIDAVIT OF INDIGENCE PURSUANT TO SECTION 57.085, FLORIDA STATUES**

STATE OF FLORIDA, COUNTY OF Jackson

BEFORE ME the undersigned personally appeared, was duly sworn, and says:

1. My full name is Albert T Owens, Jr.
   My address is 85 Apalachee Drive, Sneads, Fla. 32064
   My Department of Corrections inmate number is 193166

2. My present income is $ ___0___ and the nature of this income is ___0___

3. My total assets are valued at $ ___0___. A complete list of my assets on the date of this affidavit are:
   (a) The amount of cash held by me and the balance of any checking, savings, money market, or trust accounts held by me is _____ $ ___0___
   (b) All tangible and intangible property worth more than $100, including, but not limited to, vehicles, stock, bonds, notes or negotiable securities, description of each is N/A $ ___0___

4. All real property (description and location) is _____

5. The names and ages of my dependents for whom I pay child support are: NONE

6. The following is a complete list of debts owed by me and the name of and amount owed to each creditor: TOTAL DEBTS: $ ___0___

7. My monthly expenses are: NONE

8. I have/ ( ) have not (mark one) been adjudicated indigent under s. 57.085, Florida Statues, certified indigent under s. 57.081, Florida Statues, or authorized to proceed as in indigent under 28 U.S.C s. 1915 by a federal court more than twice in the 3 years preceding the filing of this action. (If the affiant has been so adjudicated, affiant must seek leave of court to pursue a new suit).

9. I am presently unable to pay court costs and fees.

10. I have attached a photocopy of my prisoner's trust account record for the preceding 6 months or for the length of my incarceration, whichever period is shorter.

Affiant _____

This Affidavit of Indigence was sworn to and subscribed before me on September 9th 20 25 by Albert T. Owens Jr. _____ who is personally known to me or who produced Inmate ID _____ as identification and who did/( )did not take an oath.

(Seal)
My Commission Expires: 7/27/26

SCARLET GIBSON
Notary Public
State of Florida
Comm# HH294214
Expires 7/27/2026

Notary Public _____

☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | CIVIL ACTION SUMMONS (b) | CASE NUMBER |
|---|---|---|
| ☑ CIVIL<br>☐ DISTRICTS<br>☐ OTHERS | Form for Personal Services on a<br>Natural Person | 25 0 1 8 1 1 5 CA 01 |

| PLAINTIFF(S) | VS | DEFENDANT(S) | |
|---|---|---|---|
| ALBERT T. OWENS, JR | | ARIEL JORDAS | SERVED CLOCK IN 10-28-25<br>DATE _____<br>TIME 918 Am<br>BY _____<br>BADGE # _____<br>MIAMI-DADE POLICE DEPARTMENT<br>METROPOLITAN SHERIFF<br>COURT SERVICES BUREAU |

THE STATE OF FLORIDA:TO EACH SHERIFF OF THE STATE, YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on defendant: Ariel Jordas

| To Defendant(s): Ariel Jordas | Address: 9246 S.W. County, Florida<br>Miami, Florida 33189 |
|---|---|

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address for the courthouse, and branch locations are listed below for your convenience:

"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."

### MIAMI-DADE COUNTY COURT LOCATIONS

| ☑ **Dade County Courthouse** (05)<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | ☐ **Joseph Caleb Center Court** (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, FL 33142 | ☐ **Hialeah District Court** (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 | ☐ **North Dade Justice Center** (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, FL 33160 |
|---|---|---|---|
| ☐ **Coral Gables District Court** (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, Miami, FL 33134 | ☐ **South Dade Justice Center** (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | | **SERVICE** |

| Plaintiff/Plaintiff Attorney<br>Albert T. Owens, Jr<br>Florida Bar No. | Address: Apalachee C. I. East Unit<br>35 Apalachee Drive<br>Sneads, Florida 32460 |
|---|---|

| JUAN FERNANDEZ-BARQUIN<br>CLERK OF THE COURT AND COMPTROLLER<br>MIAMI-DADE COUNTY<br>CIRCUIT AND COUNTY COURTS | DATE ON:<br>SEP 16 2025 |
|---|---|

410255   DEPUTY CLERK

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave. Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

Clerk's web address: www.miamidadeclerk.gov

☐ EN LA CORTE DE CIRCUITO DEL UNDECIMO CIRCUITO JUDICIAL EN Y PARA EL CONDADO DE MIAMI-DADE, LA FLORIDA.

☐ EN EL TRIBUNAL DEL CONDADO EN Y PARA EL CONDADO MIAMI-DADE, LA FLORIDA.

| DIVISION<br>☐ CIVIL<br>☐ DISTRITO<br>☐ OTRA | EMPLAZAMIENTO DE ACCION CIVIL<br>(b) NOTIFICACION PERSONAL A PERSONA NATURAL | NUMERO DE CASO |
|---|---|---|
| DEMANDANTE(S) | VS.   DEMANDADO(S) | HORA |

EL ESTADO DE LA FLORIDA: A cada alguacil del Estado: Se le ordena que hagan entrega de esta notificación y una copia de la demanda en este pleito al demandado(s) mencionada arriba.

| A Demandado(s): | A Demandado(s): |
|---|---|

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal (Legal Aid Office) o un servicio de referencia de abogados (Attorney Referral Service) que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar en la mano una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante) y presentar su contestación a la demanda al Secretario del Juzgado. La ubicación central de la Oficina del Secretario está en el edificio de la Corte del Condado de Dade. La dirección de la Corte, y de las sucursales aparecen en la lista siguiente para su conveniencia:

"Para aquellas personas que no puedan pagar un abogado, la información sobre como solicitar asistencia legal gratuita se puede encontrar en www.dadecountyprobono.org."

### LOCALIDAD DE LOS TRIBUNALES DEL CONDADO DE MIAMI-DADE

☐ **Dade County Courthouse** (05)
Room 133
73 West Flagler Street
Miami, FL 33130

☐ **Joseph Caleb Center Court** (20)
Suite 103
5400 N.W. 22nd Avenue
Miami, FL 33142

☐ **Hialeah District Court** (21)
Room 100
11 East 6th Street
Hialeah, FL 33010

☐ **North Dade Justice Center** (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, FL 33160

☐ **Coral Gables District Court** (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, FL 33134

☐ **South Dade Justice Center** (26)
Room 1200
10710 SW 211 Street
Miami, FL 33189

| | SERVICIO |
|---|---|

| Demandante o Abogado del Demandante:<br><br>Número del Colegio de Abogados: | Dirección: |
|---|---|

| | FECHA |
|---|---|
| **JUAN FERNANDEZ-BARQUIN**<br>**Secretario del Tribunal y Contralor** | COMO SECRETARIO ADJUNTO |

## LEY PARA ESTADOUNIDENSES CON INCAPACIDADES

**"Si usted es una persona minusválida que necesita hacer arreglos para poder participar en este proceso, usted tiene derecho, sin gasto alguno, a que se le provea cierta ayuda. Por favor póngase en contacto con Aliean Simpkins, el Coordinador de ADA en el Onceavo Distrito Judicial ubicado en el Lawson E. Thomas Courthouse Center, 175 NW 1st Ave, Sala 2400, Miami FL 33128, Teléfonos (305)349-7175; TDD (305) 349-7174, Correo electrónico ADA@jud11.flcourts.org  or Fax (305) 349-7355 por lo menos siete (7) días antes de la cita fijada para su comparecencia en los tribunales; o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de siete (7) días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

CLK/CT. 070 Rev. 05/25

Clerk's web address: www.miamidadeclerk.gov

☐ AU TRIBUNAL DU ONZIEME ARRONDISSEMENT JUDICIAIRE DANS ET POUR MIAMI-DADE, FLORIDE.

☐ AU TRIBUNAL DE JUGEMENT ET POUR LE DEPARTENT DE MIAMI-DADE, FLORIDE.

| DIVIZYON<br>☐ CIVILE<br>☐ DISTRICT<br>☐ AUTRE | CONVOCARION D' ACTION CIVILE<br>(b) LIVRAI ON PERSONNELLE A UNE PERSONNE | NUMERO DE CASO |
|---|---|---|
| PLAINTE (S) | VS.   CONTRE ACCUSE(S) | HEURE IN |

L'TAT DE LA FLORIDE: A chaque sherif de l'etat vous etes oblige de presenter cette citation et une photocpie de la plainte de ce document sur l'accuse (e) ci-desus.

| A (AUX) ACCUSE(S): | A (AUX) ACCUSE(S): |
|---|---|

### IMPORTANT

Des poursuites judiciaires ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir a de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simole coup de telephone est insoffisant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nomnees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas aotre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintif/Plaintif's Attorney" (Plaignant ou a son avocat) nomme ci-dessous et enregistrer votre reponse au le Greffier du Tribunal. L'adresse centrale du bureau du Greffier est le Dade County Courthouse. L'adresse du tribunal,et l'adresse des succursales sont dans ci-dessous pour votre convenance

**"Pour ceux qui ne peuvent payer un avocat, des informations sur la façon de demander de l'aide juridique gratuite peut être trouvé à www.dadecountyprobono.org"**

### ADRESSES DES TRIBUNAUX EN MIAMI-DADE

☐ **Dade County Courthouse** (05)
Room 133
73 West Flagler Street
Miami, FL 33130

☐ **Joseph Caleb Center Court** (20)
Suite 103
5400 N.W. 22nd Avenue
Miami, FL 33142

☐ **Hialeah District Court** (21)
Room 100
11 East 6th Street
Hialeah, FL 33010

☐ **North Dade Justice Center** (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, FL 33160

☐ **Coral Gables District Court** (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, FL 33134

☐ **South Dade Justice Center** (26)
Room 1200
10710 SW 211 Street
Miami, FL 33189

**UN SERVICE**

| Plainte/Avocat du Plainte<br><br>Numero de barreau de la Floride:<br><br><br>**JUAN FERNANDEZ-BARQUIN**<br>**Greffier du Tribunal**<br>**et Contrôleur** | Adresse :<br><br><br><br><br><br>COMME GREFFIER ADJOINT | DATE: |
|---|---|---|

### ACT DE 1990 POUR AMERICAINS HANDICAPES
### AVIS DE l' ADA

" Si vous êtes une personne handicapée qui a besoin d'accommodement pour pouvoir participer à cette procédure, vous avez le droit, sans aucun coût, d'avoir de l'aide à votre disposition. S'il vous plaît contacter Alican Simpkins, le Coordinateur de l'ADA du Tribunal de l'Onzième Circuit Judiciaire, Lawson E. Thomas Courthouse Center, 175 NW 1ˢᵗ Ave. Suite 2400, Miami, FL. 33128, Téléphone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org or Fax (305) 349-7355 au moins sept (7) jours avant la date de comparation au tribunal, oubien immédiatement après avoir reçu cet avis si la date avant la comparution est moins de sept (7) jours; si vous avez une incapacité pour entendre ou parler, appelez le 711."

Clerk's web address: www.miamidadeclerk.gov

☐ NAN TRIBINAL ITINERAN NAN ONZYÈM.AWONDISMAN JIDISYÈ NAN E POU KONTE MIAMI-DADE, FLORIDA

☐ NAN TRIBINAL E POU TRIBINAL NAN MIAMI-DADE COUNTY, FLORIDA

| DIVIZYON<br>☐ SIVIL<br>☐ DISTRI<br>☐ LÒT | KONVOKASYON POU KA SIVIL<br>(b) DELIVRE PERSONELMAN BAY YON MOUN | NIMEWO KA |
|---|---|---|
| **PLENTIF (S)** | **VS.   KONT AKIZE(S)** | **LE** |

**ETA FLORIDA:** Pou Chak nan eta a yo odone ou pou bay akize a (yo), non l ekri anwo a, manda sa a ak yon kopi yo pote nan pwose sa a.:

| AKIZE: | ADRES:: |
|---|---|

## ENPOTAN

Yo entre yon aksyon kont oumeum. Ou genyen 20 jou kalandriye apres ou recevoi somasyon-an pou enregistre devan grefie tribunal-sa, yon reponce pa ecri attache avec plent-la. Yon apel pa telefon ka kapab protege-ou. Se yon repense pa ecri,fo ou m ete numero ka-a ki sou tet pagela avec nom moune-yo ki sou papie-sa oblige ecri si ou vle ke tribunal-la tende position-ou cou ka-a. Si ou pa enregistre reponce-ou a l'heure ou capab pedu ka-a san tribunal la pa anounce-ou en yen, ou capab pedu l'agen ou ak byen ou. Genyen lot demande. Ou ka besoin telefone yon avoka tout de suit. Si ou pa lonen yon avoka, ou ka rele sevis ki rekomande avoka, ou biro ede legal (ki nan lis liv telefone).

Si ou shoisi voye yon reponse pa ecri oumenm, ou suppose en mem tan poste en mem tan poste on pote on copi response pa ecri pou avoka pleyan ou pleyan-yo ke non-li ama-a et enregistre reponce-la nan tribunal-la ki localize nan avek Sekrete Tribinal. Adres santral biwo Sekrete a se Dade County Courthouse. Adres tribinal la, ak adres lot tribinal yo nan lis ki anba a pou ou ka jwenn yo alez:

"Pou moun ki pa an mezi peye pou pran yon avoka, yo kapab jwenn enfòmasyon sou kijan pou yo chèche jwenn assistans legal gratis nan www.dadecountyprobono.org."

### ADRESSES DES TRIBUNAUX EN MIAMI-DADE

☐ **Dade County Courthouse** (05)
Room 133
73 West Flagler Street
Miami, FL 33130

☐ **Joseph Caleb Center Court** (20)
Suite 103
5400 N.W. 22nd Avenue
Miami, FL 33142

☐ **Hialeah District Court** (21)
Room 100
11 East 6th Street
Hialeah, FL 33010

☐ **North Dade Justice Center** (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, FL 33160

☐ **Coral Gables District Court** (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, FL 33134

☐ **South Dade Justice Center** (26)
Room 1200
10710 SW 211 Street
Miami, FL 33189

UN SERVICE

| Plainte/Avocat du Plainte | Nimewo manm avoka a. |
|---|---|
| Numero de barreau de la Floride | Address: |
| JUAN FERNANDEZ-BARQUIN<br>Grefye Tribinal la ak Kontwolè | DATE: |
| | SEKRETE |

## LWA 1990 POU AMERIKEN KI ENFIM
## ANONS POU AMERIKEN KI ENFIM

**"Si ou se yon moun ki enfim e ou bezwen akomodasyon pou ou patisipe nan pwosedi sa a, ou gen dwa pou yo ba ou kèk èd san ou pa gen pou ou peye. Silvouplè kontakte Kowòdinatè Aliean Simpkins, ADA pou Tribinal Onzyèm Distrik Jidisyè a nan: Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, Fl 33128, Telefòn (305) 349-7175; TDD (305) 349-7174, Imèl ADA@jud11.flcourts.org; or Fax (305) 349-7355 omwen sèt (7) jou anvan ou gen randevou pou ou parèt nan tribunal la, oubyen imedyatman lè ou resevwa notifikasyon sa a si ou gen mwens ke sèt (7) jou pou ou parèt nan tribunal la; si ou gen difikilte pou ou tande oubyen pale, rele 711."**

Clerk's web address: www.miamidadeclerk.gov



**JUAN FERNANDEZ-BARQUIN**
**CLERK OF THE COURT AND COMPTROLLER**
**MIAMI-DADE COUNTY**

Date: _____11/13/2025_____

**Civil Division**
Room 135
73 West Flagler Street
Miami, Florida 33130
(305) 349-7449

ALBERT T. OWENS DC# 193166

APALACHEE CORRECTIONAL I. EAST

35 APALACHEE DR NEADS FL 32460

RE: _____

**Dear MR(S).**

**OUR OFFICE WOULD LIKE TO PROVIDE YOU WITH PROMPT AND EFFICIENT SERVICE. HOWEVER, WE REGRET WE MUST RETURN YOUR DOCUMENT(S) FOR THE FOLLOWING REASON(S).**

[  ]   ENCLOSED CHECK IS NOT SIGNED
[  ]   NO FILING FEE ENCLOSED
[  ]   COMPLAINT IS NOT SIGNED
[  ]   INCORRECT SUMMONS
[  ]   ADDITIONAL FILING FEE OF $ _____ IS REQUIRED
         PAYABLE TO: CLERK OF COURTS
[  ]   DOCUMENT MUST BE NOTARIZED
[  ]   NEED AN ORIGINAL COMPLAINT AND [     ] COPIES
[  ]   EACH PRE-TRIAL MUST BE FILLED OUT (FRONT AND BACK)
[  ]   RECORDING FEE NOT PAID
[×]   OTHER:
         Case summary previously  sent out._____

_____

_____

**YOU MAY MAKE THE NECESARRY CORRECTION(S) AND RE-SUBMIT YOUR DOCUMENT(S). TO ENSURE PROMPT HANDLING OF THIS MATTER, PLEASE MAIL THE DOCUMENTS TO THE ADDRESS SHOWN ABOVE AND TO THE ATTENTION OF THE UNDERSIGNED DEPUTY CLERK. THANK YOU.**

**JUAN FERNANDEZ-BARQUIN**
**CLERK OF THE COURT AND COMPTROLLER**
**MIAMI-DADE COUNTY**
**CIRCUIT AND COUNTY COURTS**

BY: _____EMMA ABELLARD_____
**DEPUTY CLERK**

CLK/CT 883 Rev. 06/24                                        Clerk's web address: www.miamidadeclerk.gov

PROVIDED TO APALACHEE
C.I. ON 11/4 or 5/25
FOR MAILING

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ALBERT T. OWENS, JR.,
        Plaintiff,

v.                                CASE No.: 2025-018115-CA-01

ARIEL ROJAS,
        Defendant.

        NOTICE OF INQUIRY

        NOTICE IS HEREBY GIVEN that Plaintiff Albert
T. Owens, Jr, pro se, hereby seeks information
on this Court receipt and disposition of summons
that were forwarded/mailed to this Court on or
about ~~Sep~~ October 29, 2025.

                Respectfully submitted,
                /s/
                Albert T. Owens, Jr #193166
                Apalachee C.I. East Unit
                35 Apalachee Drive
                Sneads, Florida 32460

                Dated: 11/3/2025

CIRCUIT CIVIL

# CASE SUMMARY
### CASE NO. 2025-018115-CA-01

| ALBERT T OWENS | | § | | |
|---|---|---|---|---|
| vs | | § | Location: | **Circuit Civil** |
| ARIEL ROJAS | | § | Judicial Officer: | **Section, CA 08** |
| | | § | Magistrate: | **@CVGM03, CVGM03** |
| | | § | Filed on: | **09/16/2025** |
| | | | State Case Number: | **132025CA018115O1GE01** |

---

### CASE INFORMATION

Case Type: **Other Civil Complaint**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | 2025-018115-CA-01 |
| Court | Circuit Civil |
| Date Assigned | 09/16/2025 |
| Judicial Officer | Section, CA 08 |
| Magistrate | @CVGM03, CVGM03 |

---

### PARTY INFORMATION

| Plaintiff | OWENS, ALBERT T |
|---|---|
| Defendant | ROJAS, ARIEL |

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 10/31/2025 | Service Returned<br>Service Date: 10/28/2025<br>Party: Defendant ROJAS, ARIEL | *Index # 15* |
| 10/10/2025 | Notice:<br>*NOTICE OF INQUERY* | *Index # 14* |
| 09/30/2025 | Motion:<br>*MOTION FOR ISSUANCE OF SUMMONS* | *Index # 13* |
| 09/29/2025 | Letter of Correspondence<br>*clerk* | *Index # 12* |
| 09/17/2025 | Receipt:<br>*Receipt#:2830009 Amt Paid:$10.00*<br>*Comment:*<br>*Allocation Code Quantity Unit Amount*<br>*3139-Summons Issue Fee 1 $10.00 $10.00*<br>*Tender Type:Indigent Tender Amt:$10.00*<br>*Receipt Date:09/17/2025*<br>*Register#:283 Cashier:SFlower* | *Index # 11* |
| 09/17/2025 | Receipt:<br>*Receipt#:2830008 Amt Paid:($411.00)*<br>*Comment:*<br>*Allocation Code Quantity Unit Amount*<br>*3100-Circuit Filing Fee 1 ($401.00) ($401.00)*<br>*3139-Summons Issue Fee 1 ($10.00) ($10.00)*<br>*Tender Type:Indigent Tender Amt:($411.00)*<br>*Receipt Date:09/17/2025* | *Index # 10* |

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

# CASE SUMMARY
## CASE No. 2025-018115-CA-01

|  |  |  |
|---|---|---|
|  | *Register#:283 Cashier:SFlower* |  |
| 09/17/2025 | Receipt:<br>*Receipt#:2830005 Amt Paid:$411.00*<br>*Comment:*<br>*Allocation Code Quantity Unit Amount*<br>*3100-Circuit Filing Fee 1 $401.00 $401.00*<br>*3139-Summons Issue Fee 1 $10.00 $10.00*<br>*Tender Type:Indigent Tender Amt:$411.00*<br>*Receipt Date:09/17/2025*<br>*Register#:283 Cashier:SFlower* | *Index # 9* |
| 09/16/2025 | **20 Day Summons Issued**<br>ROJAS, ARIEL<br>Unserved |  |
| 09/16/2025 | 20 Day Summons Issued | *Index # 6* |
| 09/16/2025 | Certificate of Indigency / Insolvency<br>Party:  Plaintiff  OWENS, ALBERT T | *Index # 5* |
| 09/16/2025 | Affidavit of Indigency | *Index # 4* |
| 09/16/2025 | Receipt:<br>*Receipt#:2650022 Amt Paid:$401.00*<br>*Comment:*<br>*Allocation Code Quantity Unit Amount*<br>*3100-Circuit Filing Fee 1 $401.00 $401.00*<br>*Tender Type:Indigent Tender Amt:$401.00*<br>*Receipt Date:09/16/2025*<br>*Register#:265 Cashier:SFlower* | *Index # 7* |
| 09/15/2025 | Filed at Dade County Courthouse | *Index # 3* |
| 09/15/2025 | Complaint | *Index # 2* |
| 09/15/2025 | Civil Cover Sheet - Claim Amount<br>        Amount: 0.00 | *Index # 1* |

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: <u>2025-018115-CA-01</u>
SECTION: <u>CA08</u>
JUDGE: <u>Robert T. Watson</u>

**ALBERT T OWENS**

Plaintiff(s)

vs.

**ARIEL ROJAS**

Defendant(s)

_____ /

## CASE MANAGEMENT ORDER
## (GENERAL PATHWAY)

    **THIS CAUSE** came before the Court on case management review. Based on the review of the file, and pursuant to Florida Rule of Civil Procedure 1.200, as well as Florida Rule of General Practice and Judicial Administration 2.545, the Court has established Case Management Deadlines, and it is hereby:

    **ORDERED** that:

1. The parties must strictly comply with the deadlines established in this order, which will be strictly enforced unless changed by Court order. Parties should expect that the case will be tried during the projected trial period specified, without continuances. The parties cannot agree to extend the deadlines except as specified in Florida Rule of Civil Procedure 1.200(e), and cannot agree to waive any portion of the provisions of this order. Failing to request an extension of service or effectuate service of process by the deadlines set forth in this order may result in dismissal pursuant to Rule 1.070(j).

2. **Procedural Requirements**: In addition to strict adherence to the Florida Rules of Civil Procedure and the Administrative Orders of the Court, the parties must comply with the Case Management Procedures in this order. The parties may not unilaterally extend any of the deadlines contained in the Case Management Procedures. Deadlines may be altered by the Court where the interests of justice so require, upon prompt motion, notice, and hearing.

| CASE MANAGEMENT DEADLINES | |
| --- | --- |
| **The parties must strictly comply with these Case Management Deadlines unless changed by Court order** | |
| **Deadline for Service of Complaint:** | **01-14-2026** |

| | |
|---|---|
| **Deadline for Service Under Extensions:** | **03-15-2026** |
| **Deadline for Rule 1.280(a) Initial Discovery Disclosures:** | **03-15-2026** |
| **Deadline for Filing and Resolution of All Objections to Pleadings:** | **03-15-2026** |
| **Deadline for Filing and Resolution of All Pretrial Motions:** | **03-15-2026** |
| **Deadline for Propounding Requests for Production, Requests to Admit and Interrogatories:** | **04-04-2026** |
| **Deadline for Initial Scheduling and Setting Depositions:** | **04-04-2026** |
| **Deadline for Adding Parties:** | **04-19-2026** |
| **Deadline for Witness and Exhibit List:** | **05-04-2026** |
| **Deadline for Inspections/Examinations:** | **05-04-2026** |
| **Deadline for Fact Discovery Completion (Including Depositions):** | **05-24-2026** |
| **Deadline for Expert Disclosure:** | **06-03-2026** |
| **Deadline for Expert Discovery Completion:** | **07-18-2026** |
| **Deadline for Filing and Service of Motions for Summary Judgment:** | **08-12-2026** |
| **Deadline for Dispositive Motions:** | **08-12-2026** |
| **Deadline for Resolution of all Pretrial Motions (Motions in Limine and Daubert) and Jury Instructions:** | **08-12-2026** |
| **Deadline for ADR/Mediation:** | **08-12-2026** |
| **Projected Trial Date:** | **11-10-2026** |

## CASE MANAGEMENT PROCEDURES
### Motion Practice

1. **Duty to Communicate**: In accordance with Florida Rule of Civil Procedure 1.202(a), before filing a non-dispositive motion, except for those motions exempted by Rule 1.202(c), the movant must confer with the opposing party in a good-faith effort to resolve the issues raised in the motion. If the parties are represented by counsel, such conferral must be between counsel, not through staff. "Good faith" includes being professional and temperate in communications, returning phone calls and emails in a timely manner, and not setting unreasonable deadlines for responses. The movant must file a certificate of conferral substantially in the form provided by Florida Rule of Civil Procedure 1.202(b), either certifying that conferral occurred or certifying that conferral is not required under Rule 1.202. Failure to comply with the requirements of Rule 1.202 may result in an appropriate sanction, including denial of a motion without prejudice. The purposeful evasion of

communication under Rule 1.202 may result in an appropriate sanction.

2. **Scheduling of Hearings**: Motions filed (other than dispositive motions or those requiring testimony) must be noticed for hearing on the first available motion calendar. Motions not promptly set for hearing, and motions that do not require a hearing pursuant to the rules, may be ruled upon by the Court on the papers.

3. **Compelling Discovery where there has been no response**: The parties are to comply with Administrative Order 06-09 when moving to compel production of propounded discovery. These motions must be submitted via courtMAP with supporting documents and may not be placed on motion calendar.

4. **Motions for Protective Order**: Motions for protective order must be filed as soon as the grounds are known. Counsel should be coordinating deposition dates for specific parties/witnesses and have a duty to confer regarding any issues that would be the subject of a motion for protective order prior to scheduling the deposition. The filing of the motion must not be delayed until immediately prior to the scheduled deposition. A motion for protective order does not automatically stay the deposition and the deposition will proceed unless an order granting the motion is entered by the Court.

5. **Motions for Extension**: Any motion to extend a deadline, amend a case management order, or alter a projected trial period must specify:

   A. the basis of the need for the extension, including when the basis became known to the movant;

   B. whether the motion is opposed;

   C. the specific date to which the movant is requesting the deadline or projected trial period be extended, and whether that date is agreed by all parties; and

   D. the action and specific dates for the action that will enable the movant to meet the proposed new deadline or projected trial period, including, but not limited to, confirming the specific date any required participants such as third-party witnesses or experts are available.

   <u>If extending an individual case management deadline may affect a subsequent deadline in the case management order, parties must seek an amendment of the case management order, rather than submitting a motion for extension of an individual deadline</u>.

   The Court may rule upon submission of a motion for extension of time without a hearing. Any motion for extension of time must be preceded by a meet and confer with opposing counsel and absent agreement, be set for hearing immediately upon filing. Counsel should be prepared to respond promptly in the event the motion is denied.

6. **Dispositive Motions**: Motions which may dispose of specific issues, portions of the case or the entire case should be filed and set within the time set forth in the case management order.  Parties wishing to pursue a dispositive motion should target the essential discovery promptly.

7. **Amendment of Pleadings**: Motions to amend should be filed so as not to affect the date of trial. Although the Court recognizes the rule of liberality with regard to amendment of

pleadings, liberality declines with an approaching trial date unless the amendment involves newly discovered information not previously available. Review your pleadings for necessary amendment(s) early, not as part of last-minute trial preparation.

### Discovery

8. **Initial Discovery Disclosure**: Except as exempted by Florida Rule of Civil Procedure 1.280(a)(2) or as otherwise ordered by the Court, a party must, without awaiting a discovery request, within 60 days after the service of the complaint provide to the other parties the following initial discovery disclosures unless privileged or protected from disclosure:

   A. the name and, if known, the address, telephone number, and e-mail address of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

   B. a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control (or, if not in the disclosing party's possession, custody, or control, a description by category and location of such information) and may use to support its claims or defenses, unless the use would be solely for impeachment;

   C. a computation for each category of damages claimed by the disclosing party and a copy of the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; provided that a party is not required to provide computations as to noneconomic damages, but the party must identify categories of damages claimed and provide supporting documents; and

   D. a copy of any insurance policy or agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

 If a party fails to make a disclosure required by rule 1.280(a), any other party may move to compel disclosure and for appropriate sanctions.

9. **Written Discovery must be propounded promptly**:

   a. **Scope of Discovery**:  Parties may obtain discovery in accordance with Florida Rule of Civil Procedure 1.280(c)(1).

   b. **Objections**: If objections to written discovery involve the phrasing of the request or time frame of any discovery request, these objections may not be extended (even if the parties agree) and are due at the time the initial response is due. Failure to timely make these objections constitutes a waiver. Parties must comply with the "Duty to Communicate" above, prior to setting timely made objections for hearing.

   c. **Documents made available for inspection and copying**: If discovery responses provide that the documents are available for inspection and copying at a mutually convenient time and place, the responding party must immediately (within 48 hours)

provide three alternative dates and times that the documents are available for inspection and copying. All of the dates must be within ten (10) days. Failure to provide the dates and times constitutes a failure to respond to discovery. Review must occur within fifteen (15) days of the response, absent extraordinary circumstances. Examples of "extraordinary circumstances" include a sole practitioner in trial on another case, a medical emergency, prepaid vacation, and a death in the family.

d. **Privilege Logs**: Privilege logs are due at the time of the response and may not be reserved to be provided later. Privilege logs must specifically identify the document in accordance with Florida Rule of Civil Procedure 1.280(c)(6).

Failure to timely provide the privilege log may result in the waiver of the privilege. This procedure requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product <u>except</u> the following: written and oral communications between a party and their counsel after commencement of the action and work product material created after commencement of the action.

Parties are instructed that where they believe that the divulgence of the logging information would necessarily cause disclosure of the allegedly privileged information, they must identify that the item exists and that *in camera* review by the Court will be sought. The item may be described generically. However, if the Court determines that there is nothing inherent in the divulgence of the existence of the document or the logging information required that would violate privilege, the Court will impose sanctions for any *in camera* request determined to be frivolous. *In camera* requests by the party claiming the privilege must be signed by both the requesting attorney and the client, so as to assure that all are aware of the request and the consequences.

e. **Expert Disclosure**: Parties should furnish opposing counsel with the names and addresses of all expert witness under Florida Rule of Civil Procedure 1.390(a) to be called at trial and all information regarding expert testimony that is required by Florida Rule of Civil Procedure 1.280(c)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed.

10. **Depositions**: The parties are ordered to block time now for necessary depositions to be set in this case. Expert deposition time should be coordinated and blocked as soon as experts are known to ensure compliance with this schedule. Depositions may commence at any time. Refer to Paragraph 4 above regarding motions for protective order.

11. **Duty to Supplement and Correct**: A party who has made a disclosure or who has responded to an interrogatory, a request for production, or a request for admission must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

### Witness and Exhibits Lists

12. **Witness and Exhibit Lists**: The parties must timely exchange their witness and exhibit lists. The lists must include complete proper names and addresses. If counsel chooses to list their bar address as the witness' address, counsel is deemed to have agreed to produce the witness voluntarily as they have withheld the information necessary for a witness subpoena, and counsel will be responsible for assuring that witness' presence at trial.

## Mediation

13. **Mediation**: Parties must mediate by the Court's deadline. The parties are responsible for assuring that they have all the necessary information to value their position prior to mediation. If the parties fail to mediate before the mediation deadline, sanctions shall be imposed by the Court. Failure to timely mediate does not constitute just cause for a trial continuance.

## Setting Trial

14. **Trial Order**: At least 45 days before the projected trial period set forth in the case management order the Court will issue a trial order fixing the trial period. Should the Court fail to issue a trial order at least 45 days prior to the projected trial period, Plaintiff must notify the Court to schedule a case management conference.

15. **Motions to Continue Trial**: Motions to continue trial are disfavored and will rarely be granted, and then only upon good cause shown. Successive continuances are highly disfavored. Lack of due diligence in preparing for trial is not grounds to continue the case. Motions for continuance based on parental leave are governed by Florida Rule of General Practice and Judicial Administration 2.570. A motion to continue trial must be in writing unless made at a trial and, except for good cause shown, must be signed by the named party requesting the continuance.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 15<u>th</u> day of <u>November, 2025</u>.

<u>2025-018115-CA-01 11-15-2025 10:00 PM</u>
Hon. Robert T. Watson

**CIRCUIT COURT JUDGE**
Electronically Signed

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355, Email: ADA@jud11.flcourts.org at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.**

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 25-18115 CA-01 (08)

ALBERT OWENS, JR.,

      Plaintiff,

vs.

ARIEL ROJAS,

      Defendant.

_____/

## CITY OF MIAMI'S NOTICE OF APPEARANCE AND DESIGNATION OF E-MAIL ADDRESSES PURSUANT TO RULE 2.516

**PLEASE TAKE NOTICE** that the undersigned hereby appears as counsel of record for the Defendant, ARIEL ROJAS. All parties are hereby requested to direct all correspondence and pleadings regarding the above-styled cause to the e-mail addresses indicated below.

Pursuant to Rule 2.516, Fla. R. Jud. Admin., undersigned counsel hereby designates the primary and secondary e-mail addresses for purposes of e-mail service as follows:

      **Primary Email: BFernandez@miamigov.com**

      **Secondary Email:  SMFernandez@miamigov.com**

GEORGE K. WYSONG, III, City Attorney
BRANDON  L. FERNANDEZ,
Assistant City Attorney
Attorneys for **City of Miami**
444 S.W. 2nd Avenue, Suite 945
Miami, FL  33130-1910
Tel.: (305) 416-1800
Fax: (305) 400-5071
Email:  BFernandez@miamigov.com
Secondary Email:  SMFernandez@miamigov.com

By: */s/ Brandon L. Fernandez*
    Brandon L. Fernandez
    Assistant City Attorney
    Florida Bar No. 1002969

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to those individuals on the attached Service List by e-mail generated by My Florida Courts E-Filing Portal this 20th day of November, 2025.

By: */s/ Brandon L. Fernandez*
Brandon L. Fernandez
Assistant City Attorney
Florida Bar No. 1002969

## <u>SERVICE LIST</u>

Albert T. Owens, Jr. #193166
Apalachee Correctional Institution, East Unit
35 Apalachee Drive
Sneads, FL 32460-4166
***Plaintiff, Pro Se***

2566872